Daniel L. Steele (6336)
Grant M. Sumsion (6445)
Attorneys for Plaintiffs
SUMSION STEELE & CRANDALL
545 E, University Parkway, Suite 200
Orem, UT 84097
Telephone: (801) 426-6888
Email: dan@sumsionsteele.com
         grant@sumsionsteele.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN and ATOATASI FOX, <br><br> Plaintiffs, <br><br> vs. <br><br> BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER, individually; JUSTIN ZILLES, individually; STEVEN BERRY, individually; Z. MOORE, individually; SHANE NEBEKER, individually; L. MAUGHAN, individually; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD, individually; DETECTIVE PATSY SHERMAN, individually; and JOHN and JANE DOES I-X, individually, <br><br> Defendants. | Case No.   1:18-cv-00156-EJF <br><br><br> **COMPLAINT** <br><br> **JURY DEMANDED** <br><br><br> Magistrate Judge  Evelyn J. Furse |

Plaintiffs Nehemiah McFarlin and Atoatasi Fox, through their attorneys of record,

Sumsion, Steele & Crandall, hereby file this Complaint against Defendants as follows:

## JURISDICTION AND PARTIES

1.   This Court has jurisdiction over this action under the laws of the State of Utah and the United States, including 42 U.S.C. §§1983 and 1988.

2.   At all times relevant to this matter, Plaintiffs Nehemiah McFarlin and Atoatasi Fox ("McFarlin and "Fox," respectively) were residents of the State of Idaho.

3.   Plaintiffs were improperly arrested in Utah, and subjected to inappropriate treatment, including discrimination, while they were physically located in Utah, and Utah has jurisdiction over the claims in this Complaint.

4.   Defendant Box Elder County was and is a political subdivision of the State of Utah.

5.   To the best of Plaintiffs' knowledge and belief, at all times relevant to this action Defendants Adam Walker, Justin Zilles, Steven Berry, Z. Moore, Shane Nebeker, L. Maughan and John and Jane Does I-V were residents of Box Elder County, State of Utah ("Utah Defendants").

6.   Upon information and belief, Defendants Adam Walker, Justin Zilles, and Shane Nebeker were employed by the Utah Highway Patrol at all times relevant.

7.   Upon information and belief, Defendants Steven Berry, Z. Moore, and L. Maughan were employed by the Box Elder Sheriff's Office at all times relevant.

8.   Defendants Adam Walker, Justin Zilles, Steven Berry, Z. Moore, Shane Nebeker and L. Maughan are sued in their individual capacities, pursuant to 42 U.S.C. §1983.

9.   Defendants John and Jane Does I-V are sued in their individual capacities and consist of individuals who subjected Plaintiffs to wrongful arrest and other illegal

and inappropriate actions arising out of or associated with the wrongful arrest, including discrimination; whose full names are not known at this time.

10.     Defendant Oneida County was and is a political subdivision of the State of Idaho.

11.     To the best of Plaintiffs' knowledge and belief, at all times relevant to this action Defendants Sheriff Jeff Semrad, Detective Patsy Sherman and John and Jane Does VI-X were residents of Oneida County, State of Idaho ("Idaho Defendants").

12.     Upon information and belief, Defendants Patsy Sherman and Jeff Semrad were employed by the Oneida County Sheriff's Office at all times relevant.

13.     Defendants Sheriff Jeff Semrad, Detective Patsy Sherman and John and Jane Does VI-X are sued in their individual capacities, pursuant to 42 U.S.C. §1983.

14.     Defendants John and Jane Does VI-X are sued in their individual capacities and consist of individuals who subjected Plaintiffs to wrongful arrest and other illegal and inappropriate actions arising out of or associated with the wrongful arrest, including discrimination; whose full names are not known at this time.

15.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988.

16.     Plaintiffs are entitled to attorney fees and costs pursuant to 42 U.S.C. §1988.

17.     Venue is appropriate in the District Court of the Utah Federal Court, in Salt Lake City, Utah, as at least one Defendant resides in Box Elder County, State of Utah, and the acts giving rise to the complaint in this case generally occurred in Utah.

## FACTS

18.     The preceding paragraphs are fully incorporated herein by this reference.

19.   On or about December 14, 2016, Plaintiffs McFarlin and Fox had finished a semester of school at Idaho State University and were on their way home to enjoy the holidays with their families.

20.   McFarlin was driving and Fox was a passenger in McFarlin's new 2017, 2 door Chevy Camaro.

21.   Their route home led them through Oneida County Idaho and Box Elder County Utah as they travelled along Interstate Freeway 15 (I-15).

22.   The roads were slick in spots and about an hour into the drive they hit a slick patch, causing McFarlin to briefly lose control of the Camaro and hit something in the median of I-15 between Malad Idaho and the Portage exit in Box Elder County.

23.   They pulled over, assessed the damage to the front of the Camaro, and decided to continue on their journey.

24.   After traveling a few more miles they heard scraping noises and pulled over at the "portage exit" in Box Elder County Utah.

25.   This time they decided to call AAA to come and look at and possibly retrieve the car because they weren't sure of the extent of the damage to the vehicle.

26.   They safely pulled off the road at the exit, to wait for AAA to arrive.

27.   Fox, who had been visiting with his mother and girlfriend while on the trip was in the middle of Face-Timing his girlfriend when they were suddenly and unceremoniously confronted by and ordered out of the Camaro at gunpoint by several police officers.

28.   Earlier that day, the Oneida County Sheriff's office had broadcast that an armed robbery had occurred at the US Bank in Malad, Idaho around 3:00 pm.

29.   The suspect was described as a black male, driving a 4 door white Toyota passenger car with no window tinting, 3 missing hubcaps, no license plate and front end damage.

30.   The suspect was described as wearing a hooded sweatshirt and sunglasses.

31.   The Oneida County Sheriff's department broadcast an attempt to locate ("ATL") on a white passenger car with no license plate, driven by a black male.

32.   Box Elder County Sheriff's office received the ATL.

33.   While Plaintiffs were waiting for AAA, a citizen allegedly called the Box Elder County dispatch, reporting that a white car was off the "portage exit" and that two black males were in the car.

34.   Defendants Walker and Zilles initiated contact with Plaintiffs.

35.   Defendants Walker and Zilles drew their weapons and ordered Plaintiff's out of the car.

36.   Defendants searched and handcuffed Plaintiffs and informed them they were under arrest for robbing a bank in Malad, Idaho.

37.   Neither McFarlin nor Fox was a participant in the robbery.

38.   Neither McFarlin nor Fox was in the immediate Malad area at the time of the robbery.

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 5

39.     Plaintiffs tried to explain to Defendants why they were there and offered proof that they could not have been involved in the robbery of the US Bank in Malad that afternoon.

40.     The Defendants knew, or shortly after initiating contact with Plaintiffs should have known, that Plaintiffs did not, and could not have participated in the bank robbery.

41.     Both provided voluntary statements containing alibis that accounted for their whereabouts and activities during the time of the robbery.

42.     Additional Policemen arrived and began threatening Plaintiffs and telling them they were going to prison.

43.     Other than being "black," neither McFarlin nor Fox matched the description of the robbery participant.

44.     McFarlin and Fox both had clear alibis and tried to convey their alibis to the defendants, but defendants responded by calling them liars and told them they would be going to prison for a long time.

45.     McFarlin's Camaro did not match the vehicle described to have been a part of the robbery.

46.     The Idaho Defendants arrived at the scene where McFarlin and Fox had been seized and arrested.

47.     Both McFarlin and Fox offered evidence of their prior auto accident, calls to AAA, and other information clearly showing that they could not have been the robbers of the Malad bank.

48.     Defendants disregarded the information and evidence that McFarlin and Fox offered, and arrested McFarlin and Fox without probable cause.

49.     The Idaho Defendants participated in the unlawful arrest in violation of the Fourth Amendment of the United States Constitution.

50.     McFarlin and Fox were transported in handcuffs to the Box Elder County jail.

51.     McFarlin and Fox were both booked into the jail and were told they would eventually be extradited to Idaho.

52.     Throughout the ordeal, McFarlin and Fox were coerced, berated and threatened, and informed that they were going to prison for a very long time.

53.     McFarlin and Fox were denied any communication with family for several hours.

54.     Both McFarlin and Fox steadfastly denied their involvement in addition to their attempts to explain that they were not and could not have been the Malad bank robbers.

55.     The Defendants ignored obvious and compelling information and evidence and participated in conjuring up information and evidence that was inaccurate, unreliable, untrustworthy and untrue in order to continue their arrest and seizure of McFarlin and Fox.

56.     McFarlin's Camaro was seized at the scene.

57.     McFarlin's Camaro was searched, inventoried and towed.

58.     No evidence of the robbery was found, further corroborating McFarlin and Fox's information.

59.     Some of the information and untrustworthy evidence conjured by Defendants includes Defendant Patsy Sherman's presentation of a single photograph of each Plaintiff to two bank tellers who witnessed the robbery and asking the witnesses to identify either Plaintiff as the man who had robbed the bank.

60.     The procedure used, to show Plaintiffs' photographs to potential witnesses, was conducive to an irreparable mistaken identification.

61.     Defendants also misled and misrepresented facts to the prosecutor, to Plaintiffs and to a judge in order to obtain a warrant and or to justify their improper and illegal acts.

62.     Plaintiff's family continued to try to communicate the fact that neither McFarlin nor Fox could have been the robbers to both Box Elder County and Oneida County.

63.     Finally, and only after Oneida County Sheriff, Semrad, finally listened to and examined a few of the obvious and apparent facts did the Defendants question whether they had improperly arrested Plaintiffs.

64.     Finally recognizing that there was no probable cause to arrest McFarlin or Fox, they were released.

65.     McFarlin and Fox were held, arrested and threatened until their release at approximately 6:00 pm the next day, however.

66.     Box Elder County and the Utah Defendants only released McFarlin and Fox upon Oneida County's request.

67.     Though the Utah Defendants made the arrest without probable cause, they continued to seize and keep possession of McFarlin and Fox and their property.

68.     Box Elder County and the Utah Defendants' actions violated McFarlin and Fox's constitutional rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

69.     Oneida County and the Idaho Defendants' actions violated McFarlin and Fox's constitutional rights by encouraging and participating in the arrest without probable cause and the unlawful continued seizure of Plaintiffs and their property pursuant to the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

70.     As a result of Defendants' actions, both McFarlin and Fox were damaged by having their persons and property arrested and/or seized without probable cause.

71.     Box Elder County condoned the illegal actions of its officers and the wrongful arrest of McFarlin and Fox.

72.     Box Elder County's actions violated McFarlin and Fox's civil rights through its policy of allowing and not correcting such an illegal arrest.

73.     Oneida County's actions violated McFarlin and Fox's civil rights by condoning the illegal arrest and by its failure to train and/or allowing procedures that fabricate and conjure untrustworthy and unreliable evidence against persons like McFarlin and Fox in violation of their Fourth, Fifth, and Fourteenth Amendment rights.

74.     As a result of the Defendants' actions, Plaintiffs have been damaged.

75.     Pursuant to 42 U.S.C. §1988, Plaintiffs McFarlin and Fox are entitled to attorney fees and costs associated with the violation and deprivation of their civil rights, and any and all damages associated therewith.

## FIRST CAUSE OF ACTION

**(Fourth Amendment Violations Against all Defendants)**

76.     The preceding paragraphs are fully incorporated herein by this reference.

77.     The Fourth Amendment of the United States Constitution guarantees McFarlin's and Fox's right to be secure in their persons and property and protects them from unreasonable searches and seizures.

78.     Defendants Walker and Zilles violated Plaintiffs' Fourth Amendment rights when they arrested McFarlin and Fox without a warrant or probable cause that either had committed a crime.

79.     The only cognizable facts that linked plaintiffs to the robbery were the facts that Plaintiffs appeared to be "black."

80.     Plaintiffs' reasonable explanation and alibis were sufficient to remove any reasonable suspicion the arresting officers may have held.

81.     When Officers Walker and Zilles arrested Plaintiffs without a warrant or probable cause, they acted under the color of state law, as well as the policies and customs of the other named Defendants.

82.     Defendants' conduct proximately caused the violation of McFarlin's and Fox's Fourth Amendment rights.

83.     Plaintiffs are entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

### (Fourth Amendment Violations Against Utah Defendants)

84.    The preceding paragraphs are fully incorporated herein by this reference.

85.    The Fourth Amendment of the United States Constitution guarantees McFarlin's and Fox's right to be secure in their persons and property and protects them from unreasonable searches and seizures.

86.    Defendants violated McFarlin's Fourth Amendment rights when they unlawfully seized and searched McFarlin's vehicle.

87.    After speaking with Plaintiffs at the time of arrest, Defendants had no probable cause, nor reasonable suspicion to believe, that evidence from the robbery would be found in McFarlin's vehicle.

88.    McFarlin's Fourth Amendment rights were further violated when Defendants unlawfully retained possession of Plaintiffs' property after they had been released from custody.

89.    The individual Utah Defendants who effectuated, or participated, in the unlawful search and seizure of McFarlin's vehicle operated under the color of state law, as well as the policies and customs of the other named Utah Defendants.

90.    The Utah Defendants' conduct proximately caused the violation of McFarlin's and Fox's Fourth Amendment rights.

91.    Plaintiffs are entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. §1988.

## THIRD CAUSE OF ACTION

### (Fourth Amendment Violations Against Idaho Defendants)

92.  The preceding paragraphs are fully incorporated herein by this reference.

93.  The Fourth Amendment of the United States Constitution guarantees McFarlin's and Fox's right to be secure in their persons and property and protects them from unreasonable searches and seizures.

94.  When Defendants Walker and Zilles ordered Plaintiffs out of McFarlin's car at gunpoint and then subsequently arrested the men, the amount of force they used under the circumstances was unreasonable.

95.  At the time of their initial contact with Officers Walker and Zilles, there was no facts to suggest that either Plaintiff posed a threat to the officers' safety or would attempt to evade arrest.

96.  When Officers Walker and Zilles used an unreasonable amount of force to arrest Plaintiffs, they operated under the color of state law, as well as the policies and customs of the other named Idaho Defendants.

97.  The Idaho Defendants' conduct proximately caused the violation of McFarlin's and Fox's Fourth Amendment rights.

98.  Plaintiffs are entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. §1988

## FOURTH CAUSE OF ACTION

### (Fourteenth Amendment Violations Against all Defendants)

99.  The preceding paragraphs are fully incorporated herein by this reference.

100.   The Fourteenth Amendment of the United States Constitution protects McFarlin and Fox from the deprivation of their life, liberty, or property without due process, and guarantees them equal protection of the law.

101.   Officers Walker and Zilles detained and arrested McFarlin and Fox merely because they appeared to be "black," and thereby violated their Fourteenth Amendment right to equal protection of the law.

102.   Officers Walker and Zilles acted under the color of state law, as well as the policies and customs of the other named Defendants.

103.   Defendants' conduct proximately caused the violation of McFarlin's and Fox's Fourteenth Amendment rights.

104.   Plaintiffs are entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION

### (Fourteenth Amendment Violations Against the Idaho Defendants)

105.   The preceding paragraphs are fully incorporated herein by this reference.

106.   The Fourteenth Amendment of the United States Constitution protects McFarlin and Fox from the deprivation of their life, liberty, or property without due process, and guarantees them equal protection of the law.

107.   Defendant Patsy Sherman violated McFarlin's and Fox's Fourteenth Amendment rights to due process when she presented photos of the plaintiffs to witnesses of the robbery, Amber Bingham and Lacey Montgomery, in a manner that was unnecessarily suggestive.

108.    When Detective Sherman conducted the unnecessarily suggestive photo identification, she acted under the color of state law, as well as the policies and customs of the other named Idaho Defendants.

109.    Defendants' conduct proximately caused the violation of McFarlin's and Fox's Fourteenth Amendment rights.

110.    Plaintiffs are entitled to attorney fees and costs for the maintenance of this action pursuant to 42 U.S.C. §1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendants as follows:

1.    For recovery of all special and general damages sustained as a direct and proximate result of the illegal actions, violations of constitutional duties and any other wrongful acts of the Defendants, in a sum exceeding $10,000;

2.    For the recovery of all reasonable costs and attorney fees pursuant to Federal law, including, but not limited to, 42 U.S.C. §1988, and 15 U.S.C. §1681 *et seq.*;

3.    For any and all further relief this Court deems just and equitable;

4.    Plaintiffs demand a trial by jury in this matter.

DATED this 5th day of December, 2018.

SUMSION STEELE & CRANDALL

*s/ Daniel L. Steele*
DANIEL L. STEELE