R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
Jasmine A. Fierro-Maciel (16046)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com
jfierro-maciel@djplaw.com

ATTORNEYS FOR BOX ELDER COUNTY DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN, and ATOATASI FOX,<br><br>Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER; JUSTIN ZILLES; SHANE NEBEKER; STEVEN BERRY; Z. MOORE; L. MAUGHAN; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD; DETECTIVE PATSY SHERMAN; JOHN AND JANE DOES I-X,<br><br>Defendants. | **ANSWER**<br><br>(Jury Demand)<br><br><br>Civil No.: 1:18-cv-00156-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Defendants Box Elder County, Box Elder County Sheriff's Office, Sergeant Steven Berry ("Sgt. Berry"), Detective Z. Moore ("Det. Moore"), and Deputy L. Maughan ("Deputy

Maughan") (collectively "Box Elder County Defendants"), by and through undersigned counsel, and in response to Plaintiffs' Complaint, hereby answer, allege, and defend as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Box Elder County Defendants.

## SECOND DEFENSE

Answering the allegations contained the numbered paragraphs in the Complaint, Box Elder County Defendants admit, deny, and allege as follows:

## JURISDICTION AND PARTIES

1. Answering paragraph 1, Box Elder County Defendants admit that this Court has jurisdiction, but deny the remaining allegations in paragraph 1.

2. Answering paragraph 2, Box Elder County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in paragraph 2.

3. Answering paragraph 3, Box Elder County Defendants admit that this Court has jurisdiction, but deny the remaining allegations in paragraph 3.

4. Answering paragraph 4, Box Elder County Defendants admit the allegations in paragraph 4.

5. Answering paragraphs 5 and 6, Box Elder County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 5 and 6.

6. Answering paragraph 7, Box Elder County Defendants admit that during the relevant time period, Sgt. Berry, Det. Moore, and Deputy Maughan were employed by Box Elder County Sheriff's Office.

7. Answering paragraphs 8 and 9, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 8 and 9.

8. Answering paragraph 10, Box Elder County Defendants admit the allegations in paragraph 10.

9. Answering paragraphs 11 and 12, Box Elder County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 11 and 12.

10. Answering paragraphs 13, 14, and 15, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 13, 14, and 15.

11. Answering paragraph 16, Box Elder County Defendants deny the allegations in paragraph 16.

12. Answering paragraph 17, Box Elder County Defendants admit that venue is proper, but deny the remaining allegations in paragraph 17.

## FACTS

13. Answering paragraph 18, Box Elder County Defendants incorporate by reference their previous responses to paragraphs 1 through 17.

14. Answering paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39, Box Elder County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39.

15. Answering paragraphs 40 and 41, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 40 and 41.

16. Answering paragraphs 42 and 43, are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 42 and 43.

17. Answering paragraph 44, Box Elder County Defendants object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraph 44.

18. Answering paragraphs 45, 46, and 47, Box Elder County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 45, 46, and 47.

19. Answering paragraphs 48 and 49, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 48 and 49.

20. Answering paragraphs 50, 51, 52, 53, and 54, Box Elder County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 50, 51, 52, 53, and 54.

21. Answering paragraphs 55, 56, 57, 58, 59, 60, and 61, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 55, 56, 57, 58, 59, 60, and 61.

22. Answering paragraph 62, Box Elder County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations in paragraph 62.

23. Answering paragraphs 63 and 64, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 63 and 64.

24. Answering paragraphs 65 and 66, Box Elder County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, and therefore deny the allegations in paragraphs 65 and 66.

25. Answering paragraphs 67, 68, 69, 70, 71, 72, and 73, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 67, 68, 69, 70, 71, 72, and 73.

26. Answering paragraphs 74 and 75, Defendants deny the allegations in paragraphs 74 and 75.

## FIRST CAUSE OF ACTION
### (Fourth Amendment Violations against All Defendants)

27. Answering paragraph 76, Box Elder County Defendants incorporate by reference their previous responses to paragraphs 1 through 75.

28. Answering paragraphs 77, 78, 79, 80, 81, and 82, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 77, 78, 79, 80, 81, and 82.

29. Answering paragraph 83, Box Elder County Defendants deny the allegations in paragraph 83.

## SECOND CAUSE OF ACTION
### (Fourth Amendment Violations against Utah Defendants)

30. Answering paragraph 84, Box Elder County Defendants incorporate by reference their previous responses to paragraphs 1 through 83.

31. Answering paragraphs 85, 86, 87, and 88, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do

not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 85, 86, 87, and 88.

32. Answering paragraph 89, Box Elder County Defendants admit that they were acting under color of state law, but deny the remaining allegations in paragraph 89.

33. Answering paragraph 90, Box Elder County Defendants object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraph 90.

34. Answering paragraph 91, Box Elder County Defendants deny the allegations in paragraph 91.

### THIRD CAUSE OF ACTION
### (Fourth Amendment Violations against Utah Defendants)

35. Answering paragraph 92, Box Elder County Defendants incorporate by reference their previous responses to paragraphs 1 through 91.

36. Answering paragraphs 93, 94, 95, 96, and 97, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 93, 94, 95, 96, and 97.

37. Answering paragraph 98, Box Elder County Defendants deny the allegations in paragraph 98.

## FOURTH CAUSE OF ACTION
### (Fourteenth Amendment Violations against All Defendants)

38. Answering paragraph 99, Box Elder County Defendants incorporate by reference their previous responses to paragraphs 1 through 98.

39. Answering paragraphs 100, 101, 102, and 103, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 100, 101, 102, and 103.

40. Answering paragraph 104, Box Elder County Defendants deny the allegations in paragraph 104.

## FIFTH CAUSE OF ACTION
### (Fourteenth Amendment Violations against Idaho Defendants)

41. Answering paragraph 105, Box Elder County Defendants incorporate by reference their previous responses to paragraphs 1 through 104.

42. Answering paragraphs 106, 107, 108, and 109, Box Elder County Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Box Elder County Defendants deny the allegations in paragraphs 106, 107, 108, and 109.

43. Answering paragraph 110, Box Elder County Defendants deny the allegations in paragraph 110.

44. Box Elder County Defendants deny Plaintiffs' prayer for relief in its entirety as well as denying any demand or prayer for judgment or relief contained elsewhere in the Complaint, and further affirmatively assert and allege that Plaintiffs are not entitled to any award

of relief or damages from Box Elder County Defendants or the entry of a judgment against Box Elder County Defendants in any form.

    45.    Box Elder County Defendants deny any remaining allegations not explicitly answered herein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' Causes of Action, Box Elder County Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part, as Box Elder County Defendants did not violate a constitutional, statutory or common law right, privilege or immunity of Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part as any and all actions or inactions on the part of Box Elder County Defendants do not violate clearly established law, were objectively reasonable, and therefore Box Elder County Defendants have qualified immunity from suit.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Box Elder County Defendants are barred in whole or in part as Box Elder County Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Box Elder County Defendants are barred in whole or in part because Plaintiffs have suffered no compensable injury or damage as a result of Box Elder County Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs failed to mitigate their damages, if any, any potential recovery under such claims advanced by Plaintiffs' Complaint should be barred or appropriately reduced.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any damages sustained as alleged in the Complaint were caused, in whole or in part, by the acts or omissions of Plaintiffs and/or third parties over whom Box Elder County Defendants had no control or right of control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Box Elder County Defendants acted in good faith, without malice and without the intent to violate Plaintiffs' civil rights.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of sovereign immunity, governmental immunity, qualified immunity, and prosecutorial immunity.

## NINTH AFFIRMATIVE DEFENSE

Box Elder County Defendants are entitled to an award of costs and attorneys' fees in defense of this action pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to provide Box Elder County Defendants with proper service of process.

SLC_3991124.1

## TWELFTH AFFIRMATIVE DEFENSE

Box Elder County Defendants state that they have, or may have, further and additional affirmative defenses that are not yet known, which may become known through future discovery. Box Elder County Defendants assert each and every affirmative defense as it may be ascertained through future discovery in this matter.

## JURY DEMAND

Box Elder County Defendants demand a jury trial in this matter.

WHEREFORE, having fully answered Plaintiffs' Complaint, Box Elder County Defendants pray that the same be dismissed, that there be no cause of action, and that they be awarded their costs herein, including attorneys' fees allowed by law, and such other relief as this Court deems appropriate.

DATED this 11th day of January, 2019.

**DURHAM JONES & PINEGAR, P.C.**

/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
Jasmine A. Fierro-Maciel
ATTORNEYS FOR BOX ELDER
COUNTY DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing document was served this 11th day of January, 2019, via electronic filing upon the following:

Daniel L. Steel (6336)
Grant M. Sumsion (6445)
SUMSION STEELE & CRANDALL
545 E. University Parkway, Suite 200
Orem, Utah 84097
Telephone: (801) 426-6888
Email:  dan@sumsionsteele.com
         grant@sumsionsteele.com

         /s/ Shannen Breen
         Legal Secretary