BLAKE G. HALL, ESQ. (*Admitted pro hac vice*)
SAM L. ANGELL, ESQ. (*Admitted pro hac vice*)
HALL ANGELL & ASSOCIATES, LLP
1075 S Utah Avenue, Suite 150
Idaho Falls, Idaho 83402
Telephone (208) 522-3003
Fax (208) 621-3008
*ISB Nos. 2434 and 7012*
bgh@hasattorneys.com
sla@hasattorneys.com

Stephen F. Noel, Esq.
SMITH KNOWLES PC
2225 Washington Blvd, Ste 200
Ogden, UT 84401
Email: snoel@smithknowles.com

Attorneys for Defendants Oneida County, Oneida County Sheriff's Office, Sheriff Jeff Semrad, and Detective Patsy Sherman

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN and ATOATASI FOX,<br><br>Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER, individually; JUSTIN ZILLES, individually; STEVEN BERRY, individually; Z. MOORE, individually; SHANE NEBEKER, individually; L. MAUGHAN, individually; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD, individually; DETECTIVE PATSY SHERMAN, individually; and JOHN and JANE DOES I-X, individually,<br><br>Defendants. | Case No. 1:18-cv-00156-EJF<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

ANSWER AND DEMAND FOR JURY TRIAL - 1

By and through counsel of record, Defendants, Oneida County, Oneida County Sheriff's Office, Sheriff Jeff Semrad, and Detective Patsy Sherman, submit the following as an Answer to Plaintiff's Complaint and Demand for Jury Trial (hereinafter "Complaint").

In answering this Complaint, Defendants expressly reserve, in addition to the defenses set forth below, all defenses provided for or authorized by Fed. R. Civ. P. 12 and all other defenses provided by law. Moreover, Defendants state that their investigation of this matter is continuing and as such, certain averments, statements and defenses may change in the future in light of additional or newly discovered information.

## **GENERAL DENIAL**

Defendants deny any and all allegations in Plaintiff's Complaint not expressly admitted herein.

## **JURISDICTION AND PARTIES**

1. With regard to Paragraph 1, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

2. With regard to Paragraph 2, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

3. With regard to Paragraph 3, Defendants deny the same.

4. With regard to Paragraph 4, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

5. With regard to Paragraph 5, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

6. With regard to Paragraph 6, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

7. With regard to Paragraph 7, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

8. With regard to Paragraph 8, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

9. With regard to Paragraph 9, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

10. With regard to Paragraph 10, Defendants admit the same.

11. With regard to Paragraph 11, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

12. With regard to Paragraph 12, Defendants deny the same.

13. With regard to Paragraph 13, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

14. With regard to Paragraph 14, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

15. With regard to Paragraph 15, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

16. With regard to Paragraph 16, Defendants deny the same.

17. With regard to Paragraph 17, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

**FACTS**

18. With regard to Paragraph 18,

19. With regard to Paragraph 19, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

20. With regard to Paragraph 20, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

21. With regard to Paragraph 21, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

22. With regard to Paragraph 22, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

23. With regard to Paragraph 23, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

24. With regard to Paragraph 24, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

25. With regard to Paragraph 25, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

26. With regard to Paragraph 26, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

27. With regard to Paragraph 27, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

28. With regard to Paragraph 28, Defendants deny the same.

29. With regard to Paragraph 29, Defendants deny the same.

30. With regard to Paragraph 30, Defendants deny the same.

31. With regard to Paragraph 31, Defendants deny the same.

32. With regard to Paragraph 32, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

33. With regard to Paragraph 33, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

34. With regard to Paragraph 34, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

35. With regard to Paragraph 35, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

36. With regard to Paragraph 36, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

37. With regard to Paragraph 37, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

38. With regard to Paragraph 38, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

39. With regard to Paragraph 39, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

40. With regard to Paragraph 40, Defendants deny the same.

41. With regard to Paragraph 41, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

42. With regard to Paragraph 42, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

43. With regard to Paragraph 43, Defendants deny the same.

44. With regard to Paragraph 44, Defendants deny the same.

45. With regard to Paragraph 45, Defendants deny the same.

46. With regard to Paragraph 46, Defendants deny the same.

47. With regard to Paragraph 47, Defendants deny the same.

48. With regard to Paragraph 48, Defendants deny the same.

49. With regard to Paragraph 49, Defendants deny the same.

50. With regard to Paragraph 50, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

51. With regard to Paragraph 51, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

52. With regard to Paragraph 52, Defendants deny the same.

53. With regard to Paragraph 53, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

54. With regard to Paragraph 54, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

55. With regard to Paragraph 55, Defendants deny the same.

56. With regard to Paragraph 56, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

57. With regard to Paragraph 57, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

58. With regard to Paragraph 58, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

59. With regard to Paragraph 59, Defendants deny the same.

60. With regard to Paragraph 60, Defendants deny the same.

61. With regard to Paragraph 61, Defendants deny the same.

62. With regard to Paragraph 62, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

63. With regard to Paragraph 63, Defendants deny the same.

64. With regard to Paragraph 64, Defendants deny the same.

65. With regard to Paragraph 65, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

66. With regard to Paragraph 66, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

67. With regard to Paragraph 67, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

68. With regard to Paragraph 68, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

69. With regard to Paragraph 69, Defendants deny the same.

70. With regard to Paragraph 70, Defendants deny the same.

71. With regard to Paragraph 71, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

72. With regard to Paragraph 72, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

73. With regard to Paragraph 73, Defendants deny the same.

74. With regard to Paragraph 74, Defendants deny the same.

75. With regard to Paragraph 75, Defendants deny the same.

## FIRST CAUSE OF ACTION

### (Fourth Amendment Violations Against All Defendants)

76. With regard to Paragraph 76, this paragraph contains no allegations of fact, and therefore, Defendants deny the same. Defendants' preceding answers are fully incorporated herein by this reference.

77. With regard to Paragraph 77, Defendants deny the same.

78. With regard to Paragraph 78, Defendants deny the same.

79. With regard to Paragraph 79, Defendants deny the same.

80. With regard to Paragraph 80, Defendants deny the same.

81. With regard to Paragraph 81, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

82. With regard to Paragraph 82, Defendants deny the same.

83. With regard to Paragraph 83, Defendants deny the same.

## SECOND CAUSE OF ACTION

### (Fourth Amendment Violations Against Utah Defendants)

84. With regard to Paragraph 84, this paragraph contains no allegations of fact, and therefore, Defendants deny the same. Defendants' preceding answers are fully incorporated herein by this reference.

85. With regard to Paragraph 85, Defendants deny the same.

86. With regard to Paragraph 86, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

87. With regard to Paragraph 87, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

88. With regard to Paragraph 88, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

89. With regard to Paragraph 89, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

90. With regard to Paragraph 90, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

91. With regard to Paragraph 91, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

## THIRD CAUSE OF ACTION

### (Fourth Amendment Violations Against Idaho Defendants)

92. With regard to Paragraph 92, this paragraph contains no allegations of fact, and therefore, Defendants deny the same. Defendants' preceding answers are fully incorporated herein by this reference.

93. With regard to Paragraph 93, Defendants deny the same.

94. With regard to Paragraph 94, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

95. With regard to Paragraph 95, Defendants deny the same.

96. With regard to Paragraph 96, Defendants deny the same.

97. With regard to Paragraph 97, Defendants deny the same.

98. With regard to Paragraph 98, Defendants deny the same.

## FOURTH CAUSE OF ACTION

### (Fourteenth Amendment Violations Against All Defendants)

99. With regard to Paragraph 99, this paragraph contains no allegations of fact, and therefore, Defendants deny the same. Defendants' preceding answers are fully incorporated herein by this reference.

100. With regard to Paragraph 100, Defendants deny the same.

101. With regard to Paragraph 101, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

102. With regard to Paragraph 102, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

103. With regard to Paragraph 103, Defendants are without information sufficient to either admit or deny, and therefore, deny the same.

104. With regard to Paragraph 104, Defendants deny the same.

## FIFTH CAUSE OF ACTION

### (Fourteenth Amendment Violations Against the Idaho Defendants)

105. With regard to Paragraph 105, this paragraph contains no allegations of fact, and therefore, Defendants deny the same. Defendants' preceding answers are fully incorporated herein by this reference.

106. With regard to Paragraph 106, Defendants deny the same.

107. With regard to Paragraph 107, Defendants deny the same.

108. With regard to Paragraph 108, Defendants deny the same.

109. With regard to Paragraph 109, Defendants deny the same.

110. With regard to Paragraph 110, Defendants deny the same.

## PRAYER FOR RELIEF

Defendants deny Plaintiffs' Request for Relief generally, and paragraphs 1-4 of the request, specifically.

## **AFFIRMATIVE DEFENSES:**

1. Plaintiffs' Complaint, and each and every allegation contained therein, fails to state a claim against these Defendants upon which relief can be granted.

2. Plaintiffs have failed to comply with requirements of the Idaho Tort Claims Act.

3. Plaintiffs' claims are barred by the provisions and immunities of the Idaho Tort Claims Act.

4. Plaintiffs have failed to comply with the requirements of the Governmental Immunity Act of Utah.

5. Defendants are absolutely immune from any claims and those claims are barred by the Governmental Immunity Act of Utah, including, but not limited to, Utah Code Ann. §§ 63G-7-101, et seq., including 201, 202, 301, 401, 402, 501, 601, 603, 604 and 702, and further by Plaintiff's failure to comply with the appropriate provisions of that Act, including but not limited to Utah Code Ann. §§ 63G-7-401, 402, 403 and 601, and the notice provisions. Accordingly, the Court lacks personal jurisdiction over Defendants with respect to any state law claims.

6. The Defendants' actions and responses were lawful, measured and reasonable, and any injury alleged by Plaintiffs, while unfortunate, was not intended, and certainly does not render the Defendants' conduct inappropriate or otherwise actionable. Accordingly, Defendants acted in good faith, at all relevant times acted without malice, fraud or willful misconduct, and their acts were justified and reasonable under the circumstances, providing

ANSWER AND DEMAND FOR JURY TRIAL - 11

Defendants with immunity and or qualified immunity generally, and under U.C.A. § 63G-7-202(3) and (4) specifically.

7. Defendants' potential liability for any Utah state law claims is limited to the maximum sum provided by § 63G-7-604 of the Governmental Immunity Act of Utah.

8. Any injury or damage Plaintiff sustained was solely caused or contributed to by the fault of third persons not presently parties to this action and fault should be allocated to each generally, and under Utah Code Ann. § 78B-5-817 through 78B-5-823 specifically. Each such defendant should be required to answer for their or its own actions independently and even if they gave rise to or were alleged to have been committed in concert with these answering Defendants.

9. Defendants hereby incorporate all other affirmative defenses that may be alleged by any other parties to this lawsuit to the extent that said affirmative defenses do not create or increase liability to these Defendants, or waive rights enjoyed by these Defendants.

10. Any claim for punitive damages against Defendants is barred generally, and specifically by, *inter alia*, the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, federal common law, Article I, Sections 7 and 10 of the Utah Constitution and the Governmental Immunity Act of Utah § 63G -7-603. See also Sixth Aff. Def.

11. Plaintiffs' claims are barred by the statute of limitations, Utah Code Ann. § 78B-2-307 and Utah Code Ann. § 63G-7-403.

12. Plaintiffs' claims are barred by the doctrine of *in pari delicto,* and the public duty doctrine and/or U.C.A. 6G-7-202(5).

13. Plaintiffs failed to file an undertaking as required by Utah's Governmental Immunity Act, § 63-7-601.

14. Plaintiff has failed to plead his allegations with sufficient particularity, and the same should be dismissed.

15. Plaintiffs' claims against these Defendants are barred by Idaho Code § 6-610 and Plaintiffs' failure to file a written undertaking.

16. These Defendants are immune from liability pursuant to the absolute and qualified immunity doctrines.

17. Plaintiffs' Complaint and the averments contained therein fail sufficiently to allege the times and places at which certain material events described in the complaint allegedly occurred, and such claims therefore is barred and/or subject to dismissal pursuant to Rule 9 of the Federal Rules of Civil Procedure.

18. Plaintiffs have failed to exhaust administrative remedies with regard to some or all of the claims asserted for which exhaustion is required under applicable law.

19. Plaintiffs' damages, if any, are solely attributable to the conduct of Plaintiffs and/or were proximately caused in whole or in part by unforeseeable, independent, intervening, and/or superseding events and by the unforeseeable, acts and/or omissions of persons or entities other than Defendants.

20. Plaintiffs lack standing to pursue claims in this matter and/or Plaintiffs' claims are moot and/or not yet ripe.

21. Plaintiffs' claims are precluded by the doctrines of Waiver, Estoppel and/or Laches.

22. Plaintiffs' claims are precluded by the applicable Statutes of Limitation, including but not limited to, Idaho Code § 5-219.

23. Plaintiffs have failed to mitigate damages, if any.

24.     The acts or omissions of Plaintiffs and/or others constitute comparative negligence which, pursuant to Idaho Code § 6-801 *et seq*, or other applicable laws, bars or reduces Plaintiffs' recovery, if any, against Defendants.

25.     If Defendants have any liability to the Plaintiffs, which liability is denied, any award made to Plaintiff in this action must be reduced by the court, pursuant to Idaho Code §§ 6-1603, 6-1604 and 6-1606, and/or applicable federal law.

26.     Defendants allege that some or all of the injuries claimed by Plaintiffs pre-existed the incident alleged in the Complaint, or were the progression thereof, and were the result of medical factors and conditions, or other emotional or mental disorders, not proximately caused by any action of Defendants.

27.     The actions of Defendants were at all times carried out in good faith. Defendants had objectively reasonable belief that all conduct was lawful at all times stated in Plaintiffs' Complaint.

28.     Defendants have not engaged in any conduct that would violate or be contrary to public policy.

29.     The foregoing defenses are applicable, where appropriate, to any and all of Plaintiffs' claims for relief. In asserting these defenses, Defendants do not admit the burden of proving the allegations or denials contained in the defenses, but, to the contrary, assert that by reasons of the denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse to the allegations contained in many of the defenses is upon the Plaintiffs. Defendants do not admit, in asserting any defense, any responsibility or liability, but, to the contrary, specifically deny any and all allegations of responsibility and liability in Plaintiff's Complaint.

30.  Defendants may have additional defenses to Plaintiffs' Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity those defenses. Accordingly, Defendants reserve the right to supplement this Answer and add additional defenses as discovery in the case progresses.

## REQUEST FOR ATTORNEY FEES

Defendants have been required to retain the services of an attorney in order to defend against Plaintiffs' complaint and are entitled to reasonable attorney's fees and costs of suit pursuant to applicable 42 U.S.C. § 1988; Idaho Code § 6-918; § 12-117; and/or § 12-121; Rules 11 and 54, Federal Rules of Civil Procedure and other state and federal statutes which may be applicable.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Defendants request a trial of the issues of fact herein by a jury.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice, with Plaintiffs taking nothing thereunder;

2. Defendants be awarded costs and attorney fees necessarily incurred in defending this action;

3. For such other relief as the Court may deem just and proper.

Dated this 14th day of January, 2019.

HALL ANGELL & ASSOCIATES, LLP


    /S/ Blake G. Hall
BLAKE G. HALL, Attorneys for Defendants

ANSWER AND DEMAND FOR JURY TRIAL - 15

SMITH KNOWLES, P.C.

 /s/ Stephen F. Noel_____
STEPHEN F. NOEL, Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing document upon the following this 14th day of January, 2019, by electronically filing with the Clerk of the Court using CM/ECF system with a Notice of Electronic Filing to the following persons:

Daniel L. Steele, Esq.
Grant M. Sumsion, Esq.
SUMSION STEELE & CRANDALL
545 E University Parkway, Suite 220
Orem, UT 84097
Email: dan@sumsionsteele.com
Email: grant@sumsionsteele.com

Bron Rammell, Esq.
*Admitted pro hac vice*
MAY RAMMELL & THOMPSON
216 W Whitman
Pocatello, ID 83204
Email: bron@mrtlaw.net

R. Blake Hamilton, Esq.
Ashley M. Gregson, Esq.
Jasmine A. Fierro-Maciel, Esq.
DURHAM JONES &PINEGAR, P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Email: bhamilton@djplaw.com
Email: agregson@djplaw.com
Email: jfierro-maciel@djplaw.com

\_\_\_/S/_____
BLAKE G. HALL