R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
Jasmine A. Fierro-Maciel (16046)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com
jfierro-maciel@djplaw.com

ATTORNEYS FOR BOX ELDER COUNTY DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN, and ATOATASI FOX,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER; JUSTIN ZILLES; SHANE NEBEKER; STEVEN BERRY; Z. MOORE; L. MAUGHAN; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD; DETECTIVE PATSY SHERMAN; JOHN AND JANE DOES I-X,<br><br>　　　　　　　Defendants. | **BOX ELDER COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Civil No.: 1:18-cv-00156-DAK<br><br>Judge Dale A. Kimball |

　　　　Defendants Box Elder County, Box Elder County Sheriff's Office, Sergeant Steven Berry, Detective Zachary Moore, and Lawrence Maughan (collectively "Box Elder County Defendants"), by and through undersigned counsel, and in response to Plaintiffs' Complaint,

hereby move this Court for judgment on the pleadings. For the reasons set forth below, Plaintiffs have failed to sufficiently plead and state a claim for which relief can be granted, and therefore the First, Second, and Fourth Causes of Action[1] should be dismissed with prejudice as against Box Elder County Defendants.

## INTRODUCTION

Plaintiffs' claims arise out of their arrest on December 14, 2016 and subsequent booking into jail. Plaintiffs filed their Complaint on December 5, 2018 against various police officers and municipalities, asserting claims of federal constitutional violations. Box Elder County Defendants seek judgment on the pleadings on the grounds that Box Elder County Sheriff's Office ("BESO") is a non-jural entity, Plaintiffs' claims against Box Elder County are inadequately pled, and Plaintiffs have failed to state a claim against Defendants Berry, Moore, and Maughan. Therefore, Box Elder County Defendants request that this Court dismiss BESO, as well as the above-referenced causes of action, with prejudice.

## ARGUMENT

**I.      RULE 12(C) STANDARD.**

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(c) specifically provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *Id.* at R. 12(c). A Motion for Judgment on the Pleadings is reviewed under the same standard as a Rule 12(b)(6) Motion to

---

[1] The Third and Fifth Causes of action are not against Box Elder County Defendants and therefore are not the subject of this Motion.

2

Dismiss. *Swasey v. W. Valley City*, No. 2:13-CV-00768-DN, 2015 WL 500870, at *1 (D. Utah Feb. 5, 2015) (unpublished). A complaint is subject to dismissal under Rule 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To state a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). While Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). The complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). At a minimum, the facts pled must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. at 563; *see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

While this Court must accept reasonable inferences derived from well-pleaded facts, it need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 663, or "legal conclusions couched as factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *GRR Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). In addition, if a plaintiff fails to allege an essential element of his

or her claim, the complaint does not sufficiently state a claim upon which relief may be granted and may be dismissed. *See Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). For the reasons below, Plaintiffs have failed to adequately plead their claims against Box Elder County Defendants. Accordingly, this Court should grant Box Elder County Defendants' Motion for Judgment on the Pleadings.

## II. BOX ELDER COUNTY SHERIFF'S OFFICE IS A NON-JURAL ENTITY.

Plaintiffs improperly name BESO as a defendant in this matter under their First and Fourth Causes of Action. Complaint ¶¶ 76–83, 99–104. However, BESO is a sub-governmental entity of Box Elder County and is incapable of suing or being sued. *See McKell v. Utah*, No. 2:10-CV-1011-TC, 2011 WL 1434583, at *2 (D. Utah Apr. 14, 2011) (unpublished) ("[S]heriff's departments . . . are not usually considered legal entities subject to suit."); *Redmond v. Salt Lake Cty. Jail*, No. 2:12-CV-74, 2012 WL 1658715, at *1 (D. Utah May 11, 2012) (unpublished) (holding the complaint "improperly name[d] Salt Lake County Jail, jail medical department, and health services department as defendants, though they are not independent legal entities that can sue or be sued"); *see also Lindsey v. Thomson*, No. 06-7114, 2007 WL 2693970, 275 Fed. App'x 744, 747 (10th Cir. Sept. 10, 2007) (unpublished) (noting that the police departments and sheriff departments "are not legally suable entities") (unpublished). Therefore, this Court should dismiss BESO as a party with prejudice.

## III. PLAINTIFFS' CLAIMS AGAINST BOX ELDER COUNTY ARE INADEQUATELY PLED AND SHOULD BE DISMISSED.

Plaintiffs' First and Fourth Causes of Action are also brought against Box Elder County. The Supreme Court has determined that municipalities cannot be held liable for civil rights

4

violations under a theory of *respondeat superior*, but rather may only be held liable upon a showing that the "execution of a government's policy or custom . . . inflicts the injury that the government as an entity may be responsible for under § 1983." *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Thus, a successful § 1983 claim against a municipality must plead three elements: (1) the existence of an official policy or custom, (2) causation, and (3) "deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 768, 769 (10th Cir. 2013). Plaintiffs have failed to adequately address any of these elements in their Complaint.

First, Plaintiffs make only a threadbare attempt to plead a policy or custom of Box Elder County regarding searches and seizures. Plaintiffs make multiple references to "policies and customs of the . . . named Defendants," but fail to include any factual allegations identifying any specific policy belonging to any particular Defendant. Compl. ¶¶ 81, 102. The only allegation against Box Elder County is a single reference to its alleged "policy of allowing and not correcting . . . an illegal arrest." *Id.* ¶¶ 72. These vague, conclusory allegations are insufficient to plead this element.

Second, with respect to the causation element of Plaintiffs' *Monell* claim, the Complaint again fails to adequately plead facts. The causation element requires that "the challenged policy or practice must be closely related to the violation of the plaintiff's federally protected right" and "is satisfied if the plaintiff shows that the municipality was the moving force behind the injury alleged." *Schnieder*, 717 F.3d at 770 (internal quotations omitted). Aside from using the phrase "proximately caused," Plaintiffs make no attempt to plead facts establishing causation. Compl. ¶¶ 82, 103.

Finally, a *Monell* claim must show that "the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Schnieder*, 717 F.3d at 770 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)). This standard can be "satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). Plaintiffs have made no attempt to plead deliberate indifference on the part of Box Elder County.

The Court need not accept Plaintiffs' "threadbare recitals of [this] cause of action's elements, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 663. Unfortunately for Plaintiffs, conclusory allegations are all they have pled against Box Elder County. For these reasons, Plaintiffs have failed to adequately plead a claim of municipal liability, and this Court should dismiss all claims against Box Elder County.

### IV. PLAINTIFFS' FIRST, SECOND, AND FOURTH CAUSES OF ACTION FAIL TO STATE A CLAIM AGAINST DEFENDANTS BERRY, MOORE, AND MAUGHAN AND SHOULD BE DISMISSED.

Plaintiffs' First and Fourth Causes of Action are brought against all Defendants, but only identify conduct by Defendants Walker and Zilles.[2] The First Cause of Action claims that Defendants Walker and Zilles "arrested Plaintiffs without a warrant or probable cause" in violation of the Fourth Amendment. Compl. ¶¶ 78, 81. Similarly, the Fourth Cause of Action claims that Defendants Walker and Zilles "detained and arrested [Plaintiffs] merely because they

---

[2] For the reasons set forth in sections II and III, *infra*, these causes of action also fail to state a claim against Box Elder County and Box Elder County Sheriff's Office ("BESO").

SLC_4271025.1

appeared to be 'black'" in violation of the Fourteenth Amendment. *Id.* ¶ 101. Meanwhile, Plaintiffs' Second Cause of Action is brought against "Utah Defendants," which is defined as including all of the officer Defendants employed by either Utah Highway Patrol or Box Elder County.[3] *Id.* ¶ 5. Without identifying any specific conduct by a particular Defendant, the Second Cause of Action claims that Defendants "unlawfully seized and searched McFarlin's vehicle" and "unlawfully retained possession of Plaintiff's property" in violation of the Fourth Amendment. *Id.* ¶¶ 86, 88.

None of these causes of action alleges any conduct on the part of Defendants Berry, Moore, or Maughan involving Plaintiffs' arrest or the search and seizure of Plaintiffs' property. In fact, there is no mention of any specific conduct by these Defendants in the entire Complaint. Therefore, from the face of the Complaint, Defendants Berry, Moore, and Maughan were not personally involved in these alleged constitutional violations. *See Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) ("[I]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation[.]" (citation and internal quotations omitted)). Moreover, the Tenth Circuit has made clear that "plaintiffs under the *Twombly* standard must do

---

[3] Despite the Complaint's attempt to group these officers together as "Utah Defendants," they are employed by two distinct entities. As acknowledged in the Complaint, Defendants Walker, Zilles, and Nebeker are employed by Utah Highway Patrol, while Defendants Berry, Moore, and Maughan are employed by BESO. Compl. ¶¶ 6, 7. Counsel for Box Elder County Defendants thus does not represent the Utah Highway Patrol officers. The docket indicates that Defendants Walker, Zilles, and Nebeker currently lack representation and have not yet been served with the Complaint. Given that the 90-day time limit for service of the Complaint has long passed, it appears that these Defendants should be dismissed from this case. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

more than generally use the collective term 'defendants.'" *See VanZandt v. Oklahoma Dept. of Human Services*, No. 06-6877, 2008 WL 1945344, 276 Fed. App'x 843, 849 (10th Cir. May 5, 2008) (unpublished). When, as here, "a plaintiff 'fails to isolate the allegedly unconstitutional acts of each defendant,' adequate notice is not provided to each defendant." *See id.* (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008)). Due to the Complaint's failure to allege personal involvement or individual misconduct by Defendants Berry, Moore, and Maughan, Plaintiffs' First, Second, and Fourth Causes of Action fail to state a claim against them, and these claims should be dismissed with prejudice as against them.

## CONCLUSION

For the foregoing reasons, this Court should dismiss BESO as a defendant, and the First, Second, and Fourth Causes of Action as against Box Elder County Defendants.

DATED this 22nd day of May, 2019.

**DURHAM JONES & PINEGAR, P.C.**

/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
Jasmine A. Fierro-Maciel
ATTORNEYS FOR BOX ELDER
COUNTY DEFENDANTS

SLC_4271025.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served this 22nd day of May, 2019, via electronic filing upon the following:

Daniel L. Steel (6336)
Grant M. Sumsion (6445)
SUMSION STEELE & CRANDALL
545 E. University Parkway, Suite 200
Orem, Utah 84097
Telephone: (801) 426-6888
dan@sumsionsteele.com
grant@sumsionsteele.com

Blake G. Hall
Sam L. Angell
HALL ANGELL & ASSOCIATES, LLP
1075 S. Utah Ave., Suite 150
Idaho Falls, Idaho 83402
bgh@hasattorneys.com
sla@hasattorneys.com

Stephen F. Noel
SMITH KNOWLES PC
2225 Washington Blvd., Ste. 200
Ogden, Utah 84401
snoel@smithknowles.com

Bron Rammell
MAY RAMMELL & WELLS
216 W. Whitman St.
Pocatello, ID 83204
bron@mrtlaw.net

/s/ Peri Brimley
Legal Secretary

SLC_4271025.1