BLAKE G. HALL, ESQ. (*Admitted pro hac vice*)
SAM L. ANGELL, ESQ. (*Admitted pro hac vice*)
HALL ANGELL & ASSOCIATES, LLP
1075 S Utah Avenue, Suite 150
Idaho Falls, Idaho 83402
Telephone (208) 522-3003
Fax (208) 621-3008
*ISB Nos. 2434 and 7012*
bgh@hasattorneys.com
sla@hasattorneys.com

Stephen F. Noel, Esq.
SMITH KNOWLES PC
2225 Washington Blvd, Ste 200
Ogden, UT 84401
Email: snoel@smithknowles.com

Attorneys for Defendants Oneida County, Oneida County Sheriff's Office, Sheriff Jeff Semrad, and Detective Patsy Sherman

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN and ATOATASI FOX,<br><br>Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER, individually; JUSTIN ZILLES, individually; STEVEN BERRY, individually; Z. MOORE, individually; SHANE NEBEKER, individually; L. MAUGHAN, individually; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD, individually; DETECTIVE PATSY SHERMAN, individually; and JOHN and JANE DOES I-X, individually,<br><br>Defendants. | Case No. 1:18-cv-00156-DAK-CMR<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 1

COME NOW Defendants Oneida County, Oneida County Sheriff's Office, Sheriff Jeff Semrad and Detective Patsy Sherman (hereinafter the "Oneida County defendants"), by and through counsel of record, and hereby submit their Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint.

## ARGUMENT

### I. MCFARLIN'S MOTION SHOULD BE DENIED AS PERTAINING TO ONEIDA COUNTY DEFENDANTS BECAUSE AMENDMENT WOULD BE FUTILE.

As pertaining to the Oneida County defendants, McFarlin should not be granted leave to amend his complaint because the proposed amendment would be futile. McFarlin has submitted his proposed amended complaint identifying proposed changes. (Dkt. 33-1.) In their reply memorandum in support of their motion for judgment on the pleadings, the Oneida County defendants analyzed McFarlin's new proposed facts and allegations, and they still fail to state any plausible claims against Oneida County defendants.[1] While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a party's complaint "shall be freely given when justice so requires," there remains a clear limitation to this principle: "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991)).

A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile. *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1126 (10th Cir.1997). "A proposed amendment is futile if the complaint, as amended,

---

[1] Oneida County defendants incorporate by reference their Reply Memorandum in Support of Motion for Judgment on the Pleadings as if fully set forth herein.

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 2

would be subject to dismissal." *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir.2007) (quoting *Lind v. Aetna Health, Inc.,* 466 F.3d 1195, 1199 (10th Cir.2006)). "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

In this case, McFarlin's proposed amended complaint fails to state plausible claims against the Oneida County defendants. McFarlin asserts five claims in his proposed amended complaint: (1) unlawful arrest; (2) unreasonable search and seizure of his vehicle; (3) excessive force; (4) racial profiling; and (5) use of an unduly suggestive photo array. McFarlin has not alleged sufficient facts to show that the Oneida County defendants could plausibly be held liable on any of his claims. First, McFarlin's factual allegations affirmatively show none of the Oneida County defendants were present at the time of McFarlin's arrest and when excessive force is alleged to have been used. Second, McFarlin has not alleged that the Oneida County defendants searched and/or seized his vehicle. Third, because Oneida County defendants were not present at the time of McFarlin's arrest, they could not have racially profiled McFarlin. Lastly, McFarlin cannot state a plausible claim regarding the use of a suggestive photo array because he simply does not have a constitutional right to be free from such photo array.

As set forth fully in the Oneida County defendants' Reply Memorandum in Support of Motion for Judgment on the Pleadings, McFarlin's naked assertions that Oneida County defendants "actively participated in continuing Plaintiffs arrest" cannot survive a motion for judgment on the pleadings when no facts are alleged to support such an assertion. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. McFarlin's assertions against

Oneida County defendants are devoid of any factual enhancement to explain how the Oneida County defendants were supposedly involved in McFarlin's arrest, racial profiling, or the search and seizure of his vehicle. Because McFarlin's proposed amendment would be futile, there is no need to prolong this litigation by allowing him to amend his complaint. Consequently, the Court should deny McFarlin's motion due to futility as pertaining to Oneida County defendants and dismiss the Oneida County defendants from the case.

## CONCLUSION

Based upon the foregoing, the Oneida County defendants respectfully request that this Court deny Plaintiff's Motion for Leave to Amend Complaint.

Dated this 2nd day of July, 2019.

HALL ANGELL & ASSOCIATES, LLP

___/S/ Blake G. Hall_____
BLAKE G. HALL, Attorneys for Defendants


SMITH KNOWLES, P.C.

_/s/ Stephen F. Noel_____
STEPHEN F. NOEL, Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing document upon the following this 2nd day of July, 2019, by electronically filing with the Clerk of the Court using CM/ECF system with a Notice of Electronic Filing to the following persons:

Daniel L. Steele, Esq.
Grant M. Sumsion, Esq.
SUMSION STEELE & CRANDALL
545 E University Parkway, Suite 220
Orem, UT 84097
Email: dan@sumsionsteele.com
Email: grant@sumsionsteele.com

Bron Rammell, Esq.
*Admitted pro hac vice*
MAY RAMMELL & THOMPSON
216 W Whitman
Pocatello, ID 83204
Email: bron@mrtlaw.net

R. Blake Hamilton, Esq.
Ashley M. Gregson, Esq.
DURHAM JONES &PINEGAR, P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Email: bhamilton@djplaw.com
Email: agregson@djplaw.com

                          ___/S/_____
                          BLAKE G. HALL