BLAKE G. HALL, ESQ. (*Admitted pro hac vice*)
SAM L. ANGELL, ESQ. (*Admitted pro hac vice*)
HALL ANGELL & ASSOCIATES, LLP
1075 S Utah Avenue, Suite 150
Idaho Falls, Idaho 83402
Telephone (208) 522-3003
Fax (208) 621-3008
*ISB Nos. 2434 and 7012*
bgh@hasattorneys.com
sla@hasattorneys.com

Stephen F. Noel, Esq.
SMITH KNOWLES PC
2225 Washington Blvd, Ste 200
Ogden, UT 84401
Email: snoel@smithknowles.com

Attorneys for Defendants Oneida County, Oneida County Sheriff's Office, Sheriff Jeff Semrad, and Detective Patsy Sherman

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN and ATOATASI FOX,<br><br>        Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER, individually; JUSTIN ZILLES, individually; STEVEN BERRY, individually; Z. MOORE, individually; SHANE NEBEKER, individually; L. MAUGHAN, individually; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD, individually; DETECTIVE PATSY SHERMAN, individually; and JOHN and JANE DOES I-X, individually,<br><br>        Defendants. | Case No. 1:18-cv-00156-DAK-CMR<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |

COME NOW Defendants Oneida County, Oneida County Sheriff's Office, Sheriff Jeff Semrad and Detective Patsy Sherman (hereinafter the "Oneida County defendants"), by and through counsel of record, and hereby submit their Reply Memorandum in Support of their Motion for Judgment on the Pleadings.

## ARGUMENT

**I.   EVEN CONSIDERING HIS PROPOSED AMENDED COMPLAINT, MCFARLIN HAS FAILED TO PROPERLY STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST THE ONEIDA COUNTY DEFENDANTS.**

In his response to the Oneida County defendants' motion for judgment on the pleadings, McFarlin first argues that the motion should be treated as a summary judgment motion and that he should be afforded an opportunity to conduct discovery. McFarlin's argument fails because the Oneida County defendants have neither relied upon nor introduced any evidence outside the pleadings. While it is true that the Oneida County defendants provided an introduction to their motion, this was simply to provide the Court with basic context surrounding the case. The Oneida County defendants rely only upon what is contained in McFarlin's complaint. The Oneida County defendants did not submit any affidavit to the Court in connection with their motion for judgment on the pleadings. Rather, the Oneida County defendants have demonstrated that McFarlin's claims alleged against Oneida County defendants should be dismissed in their entirety for failure to state a claim upon which relief can be granted. This remains true even in light of McFarlin's request for leave to amend his complaint.

When considering McFarlin's proposed amended complaint, he has failed to plead facts that would entitle him to relief against Oneida County defendants. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the

Supreme Court's "plausibility" requirement, the plaintiff must supply sufficient detail necessary to present a story that holds together. *See, Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

In this case, both McFarlin's complaint and proposed amended complaint fail to satisfy *Iqbal's* "plausibility" requirement because he cannot show facts that the Oneida County defendants had any personal involvement in his actual arrest. While his original complaint fails to allege that the Oneida County defendants were present at the time of his arrest, his proposed amended complaint expressly concedes that the Oneida County defendants were not present until after McFarlin had already been arrested by Utah State Troopers. (Dkt. 31-1, ¶¶ 39–45.) Because Oneida County defendants are not alleged to have been personally involved in McFarlin's arrest, they cannot be subject to a § 1983 claim of unlawful arrest. *See e.g. Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). Consequently, both McFarlin's complaint and proposed amended complaint fail to meet the minimum pleading standard, and his claims should be dismissed as against the Oneida County defendants.

### a. First Cause of Action (Fourth Amendment Violations Against all Defendants).

In the First Cause of Action of McFarlin's proposed amended complaint, he alleges that "Defendants Berry, Walker and Zilles violated Plaintiffs' Fourth Amendment rights when they arrested McFarlin and Fox without a warrant or probable cause that either had committed a crime." (Dkt. 31-1, ¶ 128.) None of those defendants are employed by Oneida County. McFarlin

then alleges that other officers, including Sgt. Williams, later arrived at the scene. (Dkt. 31-1, ¶ 129.) While Sgt. Williams was an Oneida County deputy, McFarlin's allegations affirmatively show that neither Sgt. Williams nor any other Oneida County defendant was personally involved in the actual arrest. An officer cannot be held liable for a plaintiff's alleged deprivation of a constitutional right when the officer arrived on the scene after the violation occurred. *Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (quoting *Foote v. Spiegel*, 118 F.3d at 1423) (emphasis added). In *Fogarty*, the Tenth Circuit referenced *Jenkins*, stating:

> In *Jenkins,* 81 F.3d at 995, we found that the defendant bore no personal liability for alleged Fourth Amendment violations because he arrived on the scene *after* the alleged constitutional deprivations had occurred….

*Id*. at 1162. McFarlin alleges Sgt. Williams arrived at the scene *after* his arrest and that it was Box Elder County defendants who transported McFarlin to the Box Elder County Jail. (Dkt. 31-1, ¶¶ 54–55.) McFarlin makes no allegation of Sgt. Williams taking any kind of action to arrest him. Rather, McFarlin alleges only that Oneida County defendants violated his rights "by <u>condoning</u> the illegal arrest…." (Dkt. 31-1, ¶ 123.) (emphasis added). McFarlin cannot point to any authority to suggest an individual or entity may be held liable for "condoning" an arrest. The case law is clear that liability under § 1983 must be based on personal involvement.

     Even considering McFarlin's proposed amended complaint, he has failed to set forth facts that would support a claim against the Oneida County defendants based upon their personal involvement in some alleged violation under the Fourth Amendment. McFarlin's naked assertions that Oneida County defendants "actively participated in continuing Plaintiffs arrest" cannot survive a motion for judgment on the pleadings when no facts are alleged to support such

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 4

an assertion. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. McFarlin's assertions against Oneida County defendants remain devoid of any factual enhancement to explain how the Oneida County defendants were supposedly involved in McFarlin's arrest, and his claims therefore fail on the pleadings.

### b. Second Cause of Action (Fourth Amendment Violations Against All Defendants).

While McFarlin now adds "All Defendants" to the Second Cause of Action of his proposed amended complaint, he still does not allege any facts to support an allegation against Oneida County defendants. There remains no allegation of the Oneida County defendants being involved in any aspect of the search or seizure of McFarlin's vehicle. McFarlin alleges that Box Elder County defendant, Austin L. Bowcutt, obtained a warrant to search McFarlin's vehicle. (Dkt. 31-1, ¶¶ 95–101.) The only mention of Oneida County defendants in this section of McFarlin's proposed amended complaint is that Utah Defendants were in contact with the Oneida County defendants and Sheriff Semrad was made aware of what was happening. Such alleged facts do not state a plausible claim against Oneida County defendants. Because there are no allegations that Oneida County defendants searched or seized McFarlin's vehicle, the claim must fail on the pleadings as pertaining to Oneida County defendants.

### c. Third Cause of Action (Fourth Amendment Violations Against Defendants, Berry, Walker, Zilles, and Box Elder County).

McFarlin makes no mention of the Oneida County defendants in the "Third Cause of Action" of his original complaint or his proposed amended complaint regarding the alleged use of excessive force. Consequently, McFarlin has not stated a "plausible" claim for excessive force

against Oneida County defendants. Based upon McFarlin's response to Oneida County defendants' motion for judgment on the pleadings, it appears he does not intend to allege any claims against Oneida County for excessive force. (Dkt. 34, p. 17–18.) McFarlin expressly states, "Plaintiff believes that none of the Oneida County Defendants appeared to be present at the time of Plaintiff's initial seizure." (Dkt. 34, p. 17–18.) Accordingly, McFarlin has not alleged a claim against Oneida County defendants in his Third Cause of Action.

    d. **Fourth Cause of Action (Fourteenth Amendment Violations Against all Defendants).**

In the Fourth Cause of Action of his proposed amended complaint, McFarlin again attempts to make a racial profiling claim in violation of the Fourteenth Amendment. McFarlin specifically alleges that "Officers Berry, Walker and Zilles detained and arrested McFarlin and Fox merely because they appeared to be 'black….'" (Dkt. 31-1, ¶ 196.) He then alleges that other officers, including Sgt. Williams, later showed up at the scene. (Dkt. 31-1, ¶ 198.) While Sgt. Williams was an Oneida County deputy, McFarlin's allegations affirmatively show that neither Sgt. Williams nor any other Oneida County defendant was personally involved in the actual arrest and therefore could not have engaged in any racial profiling during the course of the arrest.

An officer cannot be held liable for a plaintiff's alleged deprivation of a constitutional right when the officer arrived on the scene after the violation occurred. *Jenkins*, 81 F.3d at 995. McFarlin alleges Sgt. Williams arrived at the scene *after* his arrest and that Box Elder County defendants transported him to the Box Elder County Jail. (Dkt. 31-1, ¶¶ 54–55.) McFarlin makes no allegation of Sgt. Williams taking any kind of action to arrest him. Rather, McFarlin alleges only that Oneida County defendants violated his rights "by <u>condoning</u> the illegal arrest…." (Dkt. 31-1, ¶ 123.) (emphasis added). Accordingly, there is no plausible basis for Plaintiff to support

.

an unlawful racial profiling claim against the Oneida County defendants, and this cause of action must fail on the pleadings.

### e. Fifth Cause of Action (Fourth and Fourteenth Amendment Violations Against Idaho Defendants)

In the Fifth Cause of Action of his proposed amended complaint, McFarlin again attempts to allege a claim that does not exist under federal law. Upon discovering that he did not have a due process right to be free from an allegedly unduly suggestive photo presentation, McFarlin now attempts to raise the issue in his proposed amended complaint under the Fourth Amendment. McFarlin asks this Court to ignore case law from many of its sister circuits to create a new right that simply does not exist. Specifically, McFarlin requests that the Court disregard *Hensley v. Carey*, 818 F.2d 646 (7th Cir. 1987) because the plaintiff in that case "did not claim that the suggestive lineup had been used to violate his Fourth Amendment rights." (Dkt. 34, p. 21.) In *Hensley*, the Seventh Circuit concluded that there was no right to an impartial lineup as long as the evidence gained through that lineup is not used at trial. *Hensley*, 818 F.2d at 650. McFarlin's attempt to distinguish *Hensley* is without merit. No case has analyzed suggestive photo arrays and/or lineups under the Fourth Amendment because the use of a photo array and/or lineup does not implicate the Fourth Amendment. The Fourth Amendment protects individuals against unreasonable search and seizure. The use of a photo array does not constitute a search or seizure. Consequently, McFarlin's desire to re-dress his claim as one under the Fourth Amendment cannot survive Oneida County defendants' motion for judgment on the pleadings. McFarlin argues unpersuasively that his Fourth Amendment rights were violated when Patsy Sherman created and disseminated "an unreliable and untrustworthy identification of Mr. McFarlin," which was "used to arrest Plaintiffs…." (Dkt. 31-1, ¶ 223.) While this may

potentially be relevant to a claim for unlawful arrest, there is no independent cause of action, aside from unlawful arrest, for a constitutional violation pertaining to a suggestive photo presentation.

     Moreover, the law permits the use of photographs for investigatory purposes. It is routine for law enforcement to show photographs to witnesses during a criminal investigation. "Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs." *Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 971, 19 L. Ed. 2d 1247 (1968). The use of photograph identification during criminal investigations simply does not run afoul of the Constitution. *See, e.g., United States v. King,* 148 F.3d 968, 970 (8th Cir.1998) ("Police officers need not limit themselves to station house line-ups when an opportunity for a quick, on-the-scene identification arises. Such identifications are essential to free innocent suspects and to inform the police if further investigation is necessary."); *United States v. Jones*, 84 F.3d 1206, 1210 (9th Cir. 1996) (We have previously upheld suggestive procedures, recognizing the benefit of permitting witnesses to make an identification while the image of the perpetrator is still fresh in their minds. *See United States v. Kessler,* 692 F.2d 584, 585 (9th Cir.1982)); *Meinert v. City of Prairie Vill., Kan.*, 87 F. Supp. 2d 1175, 1183 (D. Kan. 2000) (The court does not doubt that Mr. Meinert's erroneous arrest and subsequent overnight jail stay was unpleasant and may have caused Mr. Meinert some degree of emotional distress. The United States Constitution does not, however, "guarantee that only the guilty will be arrested; [i]f it did, § 1983 would provide a cause of action for every defendant

acquitted—indeed, for every suspect released." *Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)).

The only actionable right with respect to an unduly suggestive photo array is the core "right to a fair trial," which limits the presentation of evidence during an actual trial. In this case, McFarlin's factual averments show he was never charged with a crime, and the case therefore never went to trial. Consequently, because there is no basis upon which an allegation of an unduly suggestive police photo array and/or lineup can be construed to state a plausible claim for relief, this Count should be dismissed on the pleadings.

## II. EVEN IF MCFARLIN HAD STATED PLAUSIBLE CLAIMS AGAINST ONEIDA COUNTY DEFENDANTS, MCFARLIN'S ALLEGED FACTS DEMONSTRATE THERE WAS PROBABLE CAUSE FOR HIS ARREST.

Assuming all of the facts McFarlin alleges both in his original complaint and amended complaint are true and accurate, such facts affirmatively show probable cause existed for Box Elder County defendants to arrest McFarlin. While officers must have probable cause to initiate an arrest under the Fourth Amendment, "probable cause is not a precise quantum of evidence—it does not, for example, 'require the suspect's guilt to be 'more likely true than false.' Instead, the relevant question is whether a 'substantial probability' existed that the suspect committed the crime, requiring something 'more than a bare suspicion.'" *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (quoting *Kerns v. Bader,* 663 F.3d 1173, 1188 (10th Cir.2011)). Because probable cause "deals with probabilities and depends on the totality of the circumstances," 540 U.S., at 371, 124 S.Ct. 795, it is "a fluid concept" that is "not readily, or even usefully, reduced to a neat set of legal rules," *Illinois v. Gates,* 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause "is not a high bar." *Kaley v. United States,* 571 U.S. ——, ——, 134 S.Ct. 1090, 1103, 188 L.Ed.2d 46 (2014). "Probable cause does not require metaphysical

certitude or proof beyond a reasonable doubt." *United States v. Martin,* 613 F.3d 1295, 1302 (10th Cir. 2010). Rather, probable cause is a matter of probabilities and commonsense conclusions, not certainties. *Id.*

Here, this Court is able to determine as a matter of law that based upon the facts as alleged by McFarlin, probable cause existed for his arrest. Specifically, McFarlin alleges the following facts in his proposed amended complaint that demonstrate probable cause for a reasonable officer to believe McFarlin committed the crime for which he was arrested:

- In paragraphs 19–24 of the proposed amended complaint, McFarlin alleges that on December 14, 2016, he drove through Oneida County, Idaho in his Chevy Camaro headed south on I-15. As he traveled, he slid off the road and the vehicle hit something in the median causing damage to the front end of the vehicle.

- In paragraph 28 of the proposed amended complaint, McFarlin alleges that on that same day, the Oneida County Sheriff's Office had broadcasted that an armed robbery had occurred at the US Bank in Malad, Idaho around 3:00pm.

- In paragraphs 29–32 of the proposed amended complaint, McFarlin alleges that the Oneida County defendants broadcasted an attempt to locate, stating "[t]he suspect was described as a black male, driving a 4 door white Toyota passenger care with no window tinting, 3 missing hubcaps, no license plate and front end damage."

- In paragraph 34 of the proposed amended complaint, McFarlin alleges that someone called Oneida County dispatch to report "two black males in a white Toyota four-door with extensive front end damage and no plates at the "Portage Exit."

- In paragraphs 36–41 of the proposed amended complaint, McFarlin alleges that Utah State Troopers arrived at the scene and proceeded to arrest McFarlin for robbing a bank in Malad, Idaho.

Based upon the facts as alleged by McFarlin, it is apparent that McFarlin, his vehicle, and his location at the time substantially matched the description of the bank robber, creating probable cause for McFarlin's arrest. Because probable cause existed for McFarlin's arrest based upon his own pleadings, his claims against Oneida County defendants should be dismissed in their entirety.

## CONCLUSION

Based upon the foregoing, the Oneida County defendants respectfully request that this Court find that the allegations in the Complaint against these defendants fail to meet the minimum pleading standard under Rule 8(a), and judgment on the pleadings is appropriate on all claims.

Dated this 2nd day of July, 2019.

HALL ANGELL & ASSOCIATES, LLP

\_\_\_/S/ Blake G. Hall_____
BLAKE G. HALL, Attorneys for Defendants

SMITH KNOWLES, P.C.

\_/s/ Stephen F. Noel_____
STEPHEN F. NOEL, Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing document upon the following this 2nd day of July, 2019, by electronically filing with the Clerk of the Court using CM/ECF system with a Notice of Electronic Filing to the following persons:

Daniel L. Steele, Esq.
Grant M. Sumsion, Esq.
SUMSION STEELE & CRANDALL
545 E University Parkway, Suite 220
Orem, UT 84097
Email: dan@sumsionsteele.com
Email: grant@sumsionsteele.com

Bron Rammell, Esq.
*Admitted pro hac vice*
MAY RAMMELL & THOMPSON
216 W Whitman
Pocatello, ID 83204
Email: bron@mrtlaw.net

R. Blake Hamilton, Esq.
Ashley M. Gregson, Esq.
DURHAM JONES &PINEGAR, P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Email: bhamilton@djplaw.com
Email: agregson@djplaw.com


                                          ___/S/_____
                                          BLAKE G. HALL