R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR BOX ELDER COUNTY DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN, and ATOATASI FOX,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER; JUSTIN ZILLES; SHANE NEBEKER; STEVEN BERRY; Z. MOORE; L. MAUGHAN; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD; DETECTIVE PATSY SHERMAN; JOHN AND JANE DOES I-X,<br><br>　　　　　　　　Defendants. | **BOX ELDER COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br><br>Civil No.: 1:18-cv-00156-DAK<br><br>Judge Dale A. Kimball |

# **TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 1

   I.   EVEN UNDER PLAINTIFFS' PROPOSED AMENDED COMPLAINT, PLAINTIFFS' FAIL TO STATE A CLAIM. ..................................................................1

   II.   THE CLAIMS AGAINST BOX ELDER COUNTY SHERIFF'S OFFICE SHOULD BE DISMISSED BECAUSE IT IS A NON-JURAL ENTITY. ........................ 2

   III.   PLAINTIFFS' FIRST AND FOURTH CAUSES OF ACTION AGAINST BOX ELDER COUNTY ARE INADEQUATELY PLED AND SHOULD BE DISMISSED. .............................................................................................................. 3

      A. The Absence of a Constitutional Violation Invalidates Plaintiffs' Municipal Liability Claims. ................................................................................. 3

      B. Plaintiffs' Fail to State a Plausible Claim against BEC under a Ratification Theory. ................................................................................................ 3

      C. Plaintiffs' Fail to State a Plausible Claim against BEC under a Failure to Train Theory. .......................................................................................... 5

      D. Plaintiffs' Fail to State a Plausible Claim against BEC under a Policymaker Decision Theory. ................................................................................. 7

   IV.   PLAINTIFFS' FIRST, SECOND, AND FOURTH CAUSES OF ACTION FAIL TO STATE A CLAIM AGAINST DEFENDANTS BERRY, MOORE, AND MAUGHAN AND SHOULD BE DISMISSED. ................................................................ 9

   V.   EVEN IF PLAINTIFFS HAD STATED PLAUSIBLE CLAIMS AGAINST THE BOX ELDER COUNTY DEFENDANTS, PLAINTIFFS' ALLEGED FACTS DEMONSTRATE THAT THERE WAS PROBABLE CAUSE FOR THEIR ARREST. .................................................................................................... 11

CONCLUSION .................................................................................................................... 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................ 1
*Barney v. Pulsipher*, 143 F.3d 1299 (10th Cir. 1998) ......................................................................... 7
*Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997) .......................... 8
*Bryson v. City of Oklahoma City*, 627 F.3d 784 (10th Cir. 2010) ..................................................... 4
*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) ......................................................................... 5
*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ............................................................................ 3
*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) .......................................................................... 8
*Dempsey v. City of Baldwin*, 143 Fed.Appx. 976 (10th Cir. 2005) .................................................. 4
*Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010) ...................................................................... 9
*Estate of Booker v. Gomez*, 745 F.3d 405 (10th Cir. 2014) ..................................................... 10, 11
*Hinton v. City of Elwood, Kan.*, 997 F.2d 774 (10th Cir. 1993) ........................................................ 3
*Illinois v. Gates,* 462 U.S. 213 (1983) ................................................................................................ 11
*Jenkins v. Wood*, 81 F.3d 988 (10th Cir. 1996) .................................................................................. 9
*Jones v. Norton*, 809 F.3d 564 (10th Cir. 2015) ............................................................................... 11
*Kaley v. United States,* 571 U.S. ——, ——, 134 S.Ct. 1090 (2014) ........................................... 12
*Kerns v. Bader,* 663 F.3d 1173 (10th Cir.2011) ............................................................................... 11
*Lindsey v. Thomson*, No. 06-7114, 2007 WL 2693970, 275 Fed. App'x 744, 747 (10th Cir. Sept. 10, 2007) ............................................................................................................................. 2
*McKell v. Utah*, No. 2:10-CV-1011-TC, 2011 WL 1434583, at *2 (D. Utah Apr. 14, 2011) ....................................................................................................................................................... 2
*Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) ............................................................. 3, 5
*Myers v. Oklahoma County Bd. of County Com'r*s, 151 F.3d 1313 (10th Cir. 1998) .................... 7
*Patrick v. City of Overland Park, Kansas*, 937 F.Supp. 1491 (D. Kan. 1996) ............................... 4
*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ..................................................................... 4, 7
*Redmond v. Salt Lake Cty. Jail*, No. 2:12-CV-74, 2012 WL 1658715, at *1 (D. Utah May 11, 2012) ................................................................................................................................... 2
*Schneider v. City of Grand Junction Police Department*, 717 F.3d 760 (10th Cir. 2013) ...................................................................................................................................................... 6
*Stonecipher v. Valles*, 759 F.3d 1134 (10th Cir. 2014) ................................................................... 11
*Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010) ................................................................. 2
*United States v. Martin,* 613 F.3d 1295 (10th Cir. 2010) ............................................................... 12
*Weigel v. Broad*, 544 F.3d 1143 (10th Cir. 2008) ............................................................................ 11
*Zartner v. Miller*, 760 F. App'x 558 (10th Cir. 2018) ...................................................................... 10

**Statutes**

42 U.S.C. §1983 ................................................................................................................................ 2, 3

Defendants Box Elder County, Box Elder County Sheriff's Office, Sergeant Steven Berry, Detective Zachary Moore, and Lawrence Maughan (collectively "Box Elder County Defendants"), by and through undersigned counsel, submit the following Reply Memorandum in support of their Motion for Judgment on the Pleadings.

## INTRODUCTION

On the same day Plaintiffs filed their opposition to the Box Elder County Defendants' Motion for Judgment on the Pleadings, Plaintiffs filed a motion for leave to amend their complaint, thereby recognizing the defective nature of their claims. But even under Plaintiffs' proposed amended complaint, Plaintiffs' causes of action against the Box Elder County Defendants fail to state a claim, and should be dismissed.

Judgment should be entered against Plaintiffs on the grounds that Box Elder County Sheriff's Office ("BESO") is a non-jural entity, Plaintiffs' claims against Box Elder County ("BEC") are inadequately pled, and Plaintiffs have failed to state a claim against Defendants Berry, Moore, and Maughan.

## ARGUMENT

### I. EVEN UNDER PLAINTIFFS' PROPOSED AMENDED COMPLAINT, PLAINTIFFS' FAIL TO STATE A CLAIM.

Plaintiffs argue that they can fix any deficiencies in their pleadings through an amended complaint, but even the proposed amended pleading fails to state a claim against the Box Elder County Defendants. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the Supreme Court's "plausibility" requirement, the plaintiff

1

must supply sufficient detail necessary to present a story that holds together. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

For the reasons stated below, both Plaintiffs' complaint and proposed amended complaint fail to satisfy *Iqbal's* "plausibility" requirement because they cannot show facts that the Box Elder County Defendants committed any violation of their constitutional rights. Consequently, both Plaintiffs' complaint and proposed amended complaint fail to meet the minimum pleading standard, and their claims should be dismissed as against Box Elder County Defendants.

## II. THE CLAIMS AGAINST BOX ELDER COUNTY SHERIFF'S OFFICE SHOULD BE DISMISSED BECAUSE IT IS A NON-JURAL ENTITY.

Plaintiffs do not dispute that courts have found that sheriff's departments are not subject to suit under section 1983, and concede that Plaintiffs "do not care whether BESO remains in the case . . . ." Opposition Memo at pg. 12. Plaintiffs further note that "there is no authority supporting a direct action against a subdivision of a Utah county, and merely criticize the cases cited by the Box Elder County Defendants as unpublished. *Id.* at pgs. 11-12. But Rule 7-2 of the Local Civil Rules for the District of Utah states that "[t]he citation of unpublished decisions is permitted," and that although such decisions are not precedential, they "may be cited for their persuasive value." DUCivR 7-2. The Tenth Circuit and at least two Utah District Courts have concluded that sub-governmental entities, such as Box Elder County, are incapable of suing or being sued,[1] and the claims against BESO should therefore be dismissed with prejudice.

---

[1] *See McKell v. Utah*, No. 2:10-CV-1011-TC, 2011 WL 1434583, at *2 (D. Utah Apr. 14, 2011) (unpublished) ("[S]heriff's departments . . . are not usually considered legal entities subject to suit."); *Redmond v. Salt Lake Cty. Jail*, No. 2:12-CV-74, 2012 WL 1658715, at *1 (D. Utah May 11, 2012) (unpublished) (holding the complaint "improperly name[d] Salt Lake County Jail, jail medical department, and health services department as defendants, though they are not independent legal entities that can sue or be sued"); *see also Lindsey v. Thomson*, No. 06-7114, 2007 WL 2693970, 275 Fed. App'x 744, 747 (10th Cir. Sept. 10, 2007) (unpublished) (noting that the police departments and sheriff departments "are not legally suable entities") (unpublished).

### III. PLAINTIFFS' FIRST AND FOURTH CAUSES OF ACTION AGAINST BOX ELDER COUNTY ARE INADEQUATELY PLED AND SHOULD BE DISMISSED.

While it is not entirely clear under which theories Plaintiffs are attempting to hold BEC liable, Plaintiffs' allegations fail to state a plausible claim, and should be dismissed. It is well established that municipalities cannot be held liable for the civil rights violations of their employees under a theory of respondeat superior, but rather it is only upon a showing that the "execution of a government's policy or custom . . . inflicts the injury that the government as an entity may be responsible under § 1983." *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). As stated below, under a variety of theories, Plaintiffs have failed to state plausible claims against BEC.

#### A. The Absence of a Constitutional Violation Invalidates Plaintiffs' Municipal Liability Claims.

As an initial matter, Plaintiffs' municipal liability claims must be dismissed as a matter of law because Plaintiffs have failed to show that BEC officers violated their constitutional rights. As argued below, under the facts alleged by Plaintiffs, Defendants had probable cause to arrest Plaintiffs and search their vehicle. "A municipality may not be held liable where there is no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Therefore, the first and fourth claims against BEC must be dismissed as a matter of law.

#### B. Plaintiffs' Fail to State a Plausible Claim against BEC under a Ratification Theory.

Plaintiffs' ratification claims are inadequately pled. Plaintiffs argue that Sheriff Potter is a policymaker of BEC and ratified the plan to proceed holding Plaintiffs in custody. Opposition

3

at pgs. 15-18. "[A] municipality will not be found liable under a ratification theory unless a final decisionmaker ratifies an employee's specific unconstitutional actions, as well as the basis for these actions." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 790 (10th Cir. 2010). "[M]ore than mere acquiescence by a final policymaker in a subordinate's actions" is required, "Plaintiff must allege and prove that the final policymaker affirmatively approved the particular action of the subordinate." *Patrick v. City of Overland Park, Kansas*, 937 F.Supp. 1491, 1501 (D. Kan. 1996). "The final policymaker must not only approve the decision, but also adopt the basis for the decision, and the ratification must be the moving force, or cause, of the alleged constitutional violation." *Dempsey v. City of Baldwin*, 143 Fed.Appx. 976, 986 (10th Cir. 2005).

Plaintiffs' allegations fail to meet the requirements to show ratification. Plaintiffs' allegations that Sheriff Potter was aware of the basis for the arrest and lack of probable cause are not only conclusory, but fail to plausibly allege that his purported ratification was the "moving force" of the alleged constitutional violation. At best, Plaintiffs' allege that Sheriff Potter merely acquiesced to the actions of Oneida County officers and others at the scene.

Plaintiffs rely on *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), to support their claim against BEC, but that case is distinguishable. In *Pembaur*, the officers contacted the Sheriff *prior* to chopping down a door to enter the plaintiff's business, and then, upon direction from the Sheriff, proceeded to chop down the door and enter. 475 U.S. at 472-474. In the present case, the Sheriff was not contacted prior to the arrest of Plaintiffs and the search of McFarlin's vehicle. (Dkt. No. 31-1 ¶ 49) Under the facts alleged in the present case, there was no instruction by the Sheriff to the officers that caused the alleged violation of Plaintiffs' rights, and there is therefore no basis to hold BEC liable for any such claim. For these reasons,

Plaintiff's claim for municipal liability for the First and Fourth Causes of Action on the grounds of ratification is inadequately pled.

### C. Plaintiffs' Fail to State a Plausible Claim against BEC under a Failure to Train Theory.

Failure to train can be a basis for municipal liability under *Monell*, but only when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Such inadequate training may occur when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] may be said to have been deliberately indifferent to the need." *Id.* at 390.

Plaintiffs cite solely to paragraph 59 of their proposed Amended Complaint in support of the allegation for failure to train, and argue they have sufficiently alleged a claim against BEC. By failing to cite to any paragraphs of the initial complaint as support for this theory, Plaintiffs acknowledge that the allegations therein are insufficient. But even under the allegations in the proposed Amended Complaint, this theory must fail. The proposed Amended Complaint alleges that Box Elder County Defendants failed to "stop the illegal activity of Defendants" and instead "deferred to the Idaho Defendant's [sic] illegal actions" because Box Elder County did not "adequately train its employees." Doc. 31-1, ¶¶ 58-59.  The closest Plaintiffs come to describing what training they believe was necessary is "training that would address the probable constitutional harm that would occur in Box Elder County when outside Agencies instruct Box Elder County employees, or use Box Elder County resources and facilities, to violate a criminal suspect's constitutional rights." *Id.*, ¶¶ 137, 204.

5

Plaintiffs cannot point to any authority to support their argument that a County may be held liable for failing to implement a policy to micromanage or interfere with the investigations of a separate law enforcement agency to ensure that no constitutional violations take place. BEC was tentitled to rely on information received from the other agencies, and BEC was not required to sit in on any interrogation or monitor all actions of the separate agencies.

Moreover, Plaintiffs' failure to train theory does not meet the deliberate indifference standard, which requires that "the municipality has actual or constructive notice that its [failure to train] is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Schneider v. City of Grand Junction Police Department*, 717 F.3d 760, 771 (10th Cir. 2013). "In most instances, notice can be established by proving the existence of a pattern of tortious conduct," but deliberate indifference can also be found in "a narrow range of circumstances" when "a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction." *Id.*

Here, Plaintiffs do not allege a pattern of tortious conduct, but instead allege that constitutional violations are the highly predictable consequence of not training police officers on dealing with other agencies. But, as stated above, this case also does not fall into the "narrow range of circumstances" where a violation of constitutional rights was "highly predictable" or "plainly obvious." *Id*. at 1307-08. And the Supreme Court has discouraged courts from "second-guessing municipal employee-training programs" because courts are "ill suited" for such an endeavor, which would also "implicate serious questions of federalism." *Harris*, 489 U.S. at 392. Plaintiffs cite to the fact that Box Elder County borders other states, but this fact does not make Box Elder County unique in its interactions with other law enforcement agencies such that it

would be on notice of a risk of violations. All police departments must interact with other law enforcement, whether it be interactions between local law enforcement and Utah Highway Patrol, or with other counties, other states, or federal agents. Plaintiffs seem to presume that without training, officers will commit constitutional violations simply because they are following instructions from another agency running the case, but fails to allege any facts to show what training would have prevented the violations alleged here.

Further, even if Plaintiffs were able to sufficiently allege that the training BEC officers received was inadequate, they would also have to plausibly allege a direct causal link between the failure to train and the constitutional violation alleged. *See Myers v. Oklahoma County Bd. of County Com'r*s, 151 F.3d 1313, 1318 (10th Cir. 1998). Plaintiff has failed to sufficiently allege that the officers' purported constitutional violations were directly caused by inadequate training. Indeed, it is not a plainly obvious consequence of deficient training on working with outside agencies that officers would simply stand by and permit, or even join, the other agency's violations of constitutional rights.[2] For these reasons, Plaintiffs have failed to sufficiently allege municipal liability for a failure to train on the part of BEC.

### D.     Plaintiffs' Fail to State a Plausible Claim against BEC under a Policymaker Decision Theory.

Similarly, to the extent that Plaintiffs attempt to allege claims against BEC under a policymaker decision theory, the claims are not plausible, and must be dismissed. Municipal liability for a single policymaker decision was recognized in the plurality decision *Pembaur v.*

---

[2] *See Barney v. Pulsipher*, 143 F.3d 1299, 1308 (10th Cir. 1998) (Finding deliberate indifference had not been met when "[s]pecific or extensive training hardly seems necessary for a jailer to know that sexually assaulting inmates is inappropriate behavior.").

*City of Cincinnati*, 475 U.S. 469, 480 (1986), and clarified in the subsequent plurality opinion *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988). Then, in *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997), the Supreme Court distinguished between two types of policymaker decision liability claims. The first was when the plaintiff "claims that a particular municipal action itself violates federal law, or directs an employee to do so." *Id*. at 404. Examples of these types of claims include a city council decision to terminate an employee without a hearing and a city council decision to terminate a permit. *Id.* at 405-406.

The second type of policymaker decision claim identified in *Brown* was when the policymaker decision itself was lawful, but "launch[ed] a series of events that ultimately cause[d] a violation of federal rights." *Id*. at 405. Unlike the first type of policymaker decision claim, fault and causation are not obvious in the second type and therefore "rigorous standards of culpability and causation must be applied to ensure that" municipal lability does not "collapse[] into *respondeat superior* liability." *Id.* at 405-406, 415. A court must therefore "carefully test the link between the policymaker's inadequate decision and the particular injury alleged." *Id*. at 410.

Here, Plaintiffs do not appear to claim that Sheriff Potter's actions were unlawful in and of themselves. Therefore, Plaintiffs must allege sufficient facts to meet the rigorous standards to show a link between Sheriff Potter's decisions and the alleged constitutional violations here, which Plaintiffs have not done. The facts as alleged are simply that BEC assisted in an arrest, search of a vehicle, and permitted the Plaintiffs to be held at their jail for less than 24 hours while Oneida County investigated the matter. (*See generally* Dkt. No. 31-1) The facts as alleged show that the Sheriff was not even notified of the arrest until after it was made, and was not involved in interrogating the witnesses. (Dkt. No. 31-1 ¶ 49) Sheriff Potter was therefore so far removed

from the officers' decisions that following Plaintiffs' logic would lead the Court to applying *respondeat superior* liability. Plaintiffs have failed to show municipal liability and their claims against BEC should be dismissed.

## IV. PLAINTIFFS' FIRST, SECOND, AND FOURTH CAUSES OF ACTION FAIL TO STATE A CLAIM AGAINST DEFENDANTS BERRY, MOORE, AND MAUGHAN AND SHOULD BE DISMISSED.

Plaintiffs have failed to allege sufficient facts to state a claim against Defendants Berry, Moore, and Maughan. Plaintiffs concede that Officer Maughan should be dismissed, as they have removed him from their proposed amended complaint. Likewise, the claims against Defendants Berry and Moore should be dismissed. Recognizing that the original Complaint fails to state any specific allegations against Berry and Moore, Plaintiffs have added some allegations against them in the proposed amended complaint, but even these allegations fail.

Plaintiffs' proposed amended complaint recognizes that Moore arrived on the scene after Plaintiffs had already been arrested. Proposed Amended Compliant ¶ 129. An officer cannot be held liable for a plaintiff's alleged deprivation of a constitutional right when the officer arrived on the scene after the purported violation occurred. *Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996); *see also Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) ("[I]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation[.]" (citation and internal quotations omitted)). Moreover, Plaintiffs' naked assertions that Moore "actively participated in continuing Plaintiffs arrest" once he arrived on the scene are insufficient to survive a motion for judgment on the pleadings when no facts are alleged to support such an assertion.

9

The same is true with regard to Plaintiffs' allegations in their Fourth Cause of Action in the proposed amended complaint with regard to racial profiling.  Because Moore arrived after the purported violation occurred, he cannot be liable for the alleged racial profiling that led to the arrest.

As for Defendant Steve Berry, Plaintiffs allege that Berry was involved in arresting Plaintiffs and in transporting Plaintiff Atoatasi Fox to the Box Elder County Jail.  But under the facts alleged, Plaintiffs have failed to state a plausible claim against Berry.  As stated below in Section V, under the facts alleged by Plaintiffs, as a matter of law, the officers had probable cause to make the arrest and search Plaintiffs' vehicle.  For these reasons, the claims against Berry and Moore should be dismissed with prejudice.

Additionally, to the extent that Plaintiffs are seeking to allege claims that Berry and Moore are liable for the arrest and search because they played some role in the use of force or failed to intervene to stop them, the claims must still fail. Liability for merely participating in a use of force only applies when "all Defendants actively participated in a coordinated use of force." *Estate of Booker v. Gomez*, 745 F.3d 405, 422 (10th Cir. 2014). In other words, deputies who "engaged in a group effort" are liable for "any underlying finding of excessive force" if "all deputies contributed to it." *See id.* "But when the officers did not coordinate," the Court instead "consider[s] each officer's liability based solely on his or her own acts." *See Zartner v. Miller*, 760 F. App'x 558, 562 (10th Cir. 2018) (unpublished) (citing *Pauly*, 874 F.3d at 1214).

Under a "failure to intervene" theory of liability, "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of force, can be held liable for his nonfeasance," even if the officer did not actually participate in the use of

10

excessive force. *See Estate of Booker*, 745 F.3d at 421. However, "[i]n order for lability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring." *Weigel v. Broad*, 544 F.3d 1143, 1153 n.4 (10th Cir. 2008). This means that at the very least "the officers must have 'observed or had reason to know' of a constitutional violation[.]" *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015). Plaintiffs have failed to plead any facts to show that Berry or Moore knew of a violation in the arrest and search of Plaintiffs, or that Berry knew the use of force was unreasonable, and they had a realistic opportunity to prevent it but failed to do so. For the reasons stated above, Plaintiffs fail to allege facts that would plausibly support claims under either of these theories.

V. **EVEN IF PLAINTIFFS HAD STATED PLAUSIBLE CLAIMS AGAINST THE BOX ELDER COUNTY DEFENDANTS, PLAINTIFFS' ALLEGED FACTS DEMONSTRATE THAT THERE WAS PROBABLE CAUSE FOR THEIR ARREST.**

Assuming all of the facts Plaintiffs allege both in their original complaint and amended complaint are true and accurate, such facts affirmatively show probable cause existed for Defendants to arrest Plaintiffs. While officers must have probable cause to initiate an arrest under the Fourth Amendment, "probable cause is not a precise quantum of evidence—it does not, for example, 'require the suspect's guilt to be 'more likely true than false.' Instead, the relevant question is whether a 'substantial probability' existed that the suspect committed the crime, requiring something 'more than a bare suspicion.'" *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (quoting *Kerns v. Bader,* 663 F.3d 1173, 1188 (10th Cir.2011)). Because probable cause "deals with probabilities and depends on the totality of the circumstances," it is "a fluid concept" that is "not readily, or even usefully, reduced to a neat set of legal rules," *Illinois v. Gates,* 462 U.S. 213, 232 (1983) (internal citation omitted). Probable cause "is not a

11

high bar." *Kaley v. United States,* 571 U.S. ––––, ––––, 134 S.Ct. 1090, 1103 (2014). "Probable cause does not require metaphysical certitude or proof beyond a reasonable doubt." *United States v. Martin,* 613 F.3d 1295, 1302 (10th Cir. 2010). Rather, probable cause is a matter of probabilities and commonsense conclusions, not certainties. *Id*.

Here, this Court is able to determine as a matter of law that based upon the facts as alleged by Plaintiffs, probable cause existed for the arrest at issue. Specifically, Plaintiffs allege the following facts in their proposed amended complaint that demonstrate probable cause for a reasonable officer to believe Plaintiffs committed the crime for which they were arrested:

- In paragraphs 19–24 of the proposed amended complaint, Plaintiffs allege that on December 14, 2016, McFarlin drove through Oneida County, Idaho in his Chevy Camaro headed south on I-15. As he traveled, he slid off the road and the vehicle hit something in the median causing damage to the front end of the vehicle.
- In paragraph 28 of the proposed amended complaint, Plaintiffs allege that on that same day, the Oneida County Sheriff's Office had broadcasted that an armed robbery had occurred at the US Bank in Malad, Idaho around 3:00pm.
- In paragraphs 29–32 of the proposed amended complaint, Plaintiffs allege that the Oneida County defendants broadcasted an attempt to locate, stating "[t]he suspect was described as a black male, driving a 4 door white Toyota passenger care with no window tinting, 3 missing hubcaps, no license plate and front end damage."
- In paragraphs 36–41 of the proposed amended complaint, Plaintiffs allege that Utah State Troopers arrived at the scene and proceeded to arrest Plaintiffs for robbing a bank in Malad, Idaho.

- In paragraph 34 of the proposed amended complaint, Plaintiffs allege that someone called Oneida County dispatch to report "two black males in a white Toyota four-door with extensive front end damage and no plates at the "Portage Exit."

Based upon the facts as alleged by Plaintiffs, it is apparent that Plaintiffs, their vehicle, and their location at the time substantially matched the description of the bank robber, creating probable cause for the arrest and search of the vehicle incident to the arrest. Because probable cause existed for the arrest based upon Plaintiffs' own pleadings, Plaintiffs' claims against the Box Elder County Defendants should be dismissed in their entirety.

## CONCLUSION

For the foregoing reasons, this Court should dismiss BESO as a defendant, and the First, Second, and Fourth Causes of Action as against Box Elder County Defendants.

DATED this 12th day of July, 2019.

**DURHAM JONES & PINEGAR, P.C.**

/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
ATTORNEYS FOR BOX ELDER
COUNTY DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served this 12th day of July, 2019, via electronic filing upon the following:

Daniel L. Steel (6336)
Grant M. Sumsion (6445)
SUMSION STEELE & CRANDALL
545 E. University Parkway, Suite 200
Orem, Utah 84097
Telephone: (801) 426-6888
dan@sumsionsteele.com
grant@sumsionsteele.com

Blake G. Hall
Sam L. Angell
HALL ANGELL & ASSOCIATES, LLP
1075 S. Utah Ave., Suite 150
Idaho Falls, Idaho 83402
bgh@hasattorneys.com
sla@hasattorneys.com

Stephen F. Noel
SMITH KNOWLES PC
2225 Washington Blvd., Ste. 200
Ogden, Utah 84401
snoel@smithknowles.com

Bron Rammell
MAY RAMMELL & WELLS
216 W. Whitman St.
Pocatello, ID 83204
bron@mrtlaw.net

/s/ Melani Thatcher
Paralegal