Daniel L. Steele (6336)
Grant M. Sumsion (6445)
Bron Rammell (ID State Bar No. 4389)
Attorneys for Plaintiffs
SUMSION STEELE & CRANDALL
545 E, University Parkway, Suite 200
Orem, UT 84097
Telephone: (801) 426-6888
Email: dan@sumsionsteele.com
        grant@sumsionsteele.com
        bron@mrtlaw.net

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| NEHEMIAH MCFARLIN and ATOATASI FOX,<br><br>Plaintiffs,<br><br>vs.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER, individually; JUSTIN ZILLES, individually; STEVEN BERRY, individually; Z. MOORE, individually; SHANE NEBEKER, individually; L. MAUGHAN, individually; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD, individually; DETECTIVE PATSY SHERMAN, individually; and JOHN and JANE DOES I-X, individually,<br><br>Defendants. | Case No.1:18-cv-00156-DAK-CMR<br><br><br>**REPLY TO BOX ELDER COUNTY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br><br>Judge Dale A. Kimball |

PlaintiffS Nehemiah Mcfarlin and Atoatasi Fox Reply to Box Elder County Defendants' Opposition to Plaintiffs' Motion for Leave to Amend as follows:

# REPLY

## I.   INTRODUCTION

Federal Rule of Civil Procedure 15(a)(2) instructs a court to "freely give leave" to a plaintiff to amend his complaint "when justice so requires."[1] In this case, Plaintiff Nehemiah McFarlin ("Mr. McFarlin") and Atoatasi Fox ("Mr. Fox") (collectively "Plaintiffs") have been able to ascertain, or clarify, additional facts, and identify additional defendants after conducting initial discovery.[2] These amended allegations add specificity and clarify Plaintiffs assertions.[3]

Defendants Box Elder County, Box Elder County Sheriff's Office, Sergeant Steve Berry, Detective Zachary Moore, and Lawrence Maughan (collectively "BEC Defendants") have objected to Plaintiffs' motion to amend.[4] They argue that the amendments would be futile.[5]  Their primary assertion is that Plaintiffs' proposed amended complaint fails to state a plausible claim against any of the BEC Defendants.[6]

---

[1] FRCP 15(a)(2).
[2] *See* Plaintiffs' Proposed Amended Complaint.
[3] *See Id.*
[4] *See* Box Elder County Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint.
[5] *See Id.* at pg. 2.
[6] *See Id.* at pg. 3.

However, Plaintiffs' Amended Complaint alleges facts establishing a valid claim for relief against BEC Defendants.[7] Therefore, justice requires that the Court grant Plaintiffs' motion to amend.

## II.   LEGAL ARGUMENT

Pursuant to F.R.C.P. 15, a plaintiff may amend his complaint 21 days after a responsive pleading, but only with the opposing party's consent, or leave from the court.[8] "The court should freely give leave when justice so requires."[9] If the court determines that the amended complaint would be futile, it may deny leave to amend.[10] It seems likely the denial of the right to amend is discretionary (as opposed to mandatory) in order to discourage premature determinations of futility, as defendants urge here.

Here, BEC Defendants have argued that Plaintiffs' proposed amended complaint fails to state a plausible claim against BEC Defendants. However, the amended allegations clearly show that BEC Defendants actively instigated, participated in, encouraged, or requested the conduct that is at the heart of each of Mr. McFarlin's claims.

---

[7] *See* Plaintiffs' Proposed Amended Complaint.
[8] F.R.C.P. 15(a)(2).
[9] F.R.C.P. 15(a)(2).
[10] *Grossman v. Novell, Inc.*, 120 F.3d 1112, 11126 (10th Cir. 1997) emphasis added.

## A. Plaintiffs' Claims against Box Elder County Sheriff's Office.

BEC Defendants first argue that all claims against Box Elder County Sheriff's Office must be dismissed because it is a non-jural entity.[11] Plaintiffs' have already addressed this argument in their *Response to Box Elder County Defendants' Motion for Judgment on the Pleadings* and refer the Court to those arguments.[12]

## B. Plaintiffs' Claims against Box Elder County.

BEC Defendants also argue that Plaintiffs' have failed to allege a plausible theory of liability against Box Elder County. Again, Plaintiffs have also addressed this argument in detail in their *Response to Box Elder County Defendants' Motion for Judgment on the Pleadings* and refer the Court to those arguments.[13]

## C. Plaintiffs' First, Second, Third, and Fourth Causes of Action against the Individual BEC Defendants.

---

[11] *See* Box Elder County Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint pg. 3.
[12] *See* Plaintiffs' Response to Box Elder County Defendants' Motion for Judgment on the Pleadings pgs. 11–12.
[13] *See* Plaintiffs' Response to Box Elder County Defendants' Motion for Judgment on the Pleadings pgs. 12–25.

BEC Defendants also argue that Plaintiffs have failed to allege sufficient facts to state a claim against the individual BEC Defendants, Steven Berry and  Zachary Moore, as well as Austin Bowcutt and Kevin Potter, who have been added as defendants in the proposed amended complaint.[14] However, Plaintiffs have alleged that all individual BEC Defendants participated in, or caused Plaintiffs' constitutional harm.[15] Therefore, Plaintiffs have alleged a plausible claim against the individual BEC Defendants, and their proposed amended complaint is not futile.

    1.  Plaintiffs' First and Second Claim against the Individual BEC Defendants.

In Plaintiffs' First Cause of Action, Plaintiffs allege that Defendants Berry, Walker, Ziles, Nebeker, Moore, Bowcutt, and Williams arrested Plaintiffs without probable cause or warrant.[16] The complaint contains specific facts relating to that arrest and the lack of probable cause.[17] Plaintiffs' Second Cause of Action (against all Defendants) alleges that these

---

[14] *See* Box Elder County Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint pgs. 3–4.
[15] *See* Plaintiffs' Proposed Amended Complaint pghs 18–25.
[16] *See* Plaintiffs' Proposed Amended Complaint pghs. 126–132.
[17] Identify the specific relevant paragraphs

same defendants also searched and seized Plaintiff's Camaro without probable cause or warrant, including details relating to that unlawful act.[18]

Despite BEC Defendants' protests to the contrary, the Plaintiffs' allegations should be accepted as true, and Plaintiffs' amended complaint clearly shows that Defendants had no probable cause to justify Plaintiffs' arrest or the search and seizure of Mr. McFarlin's vehicle.[19] "Probable cause to arrest exists if, under the totality of the circumstances, the facts and circumstances within the officer's knowledge are sufficient to justify a prudent officer in believing the defendant is engaged in an illegal activity."[20] Accordingly, when an officer lacks an objectively reasonable basis to believe that a person has committed a crime, there is no probable cause to justify the arrest.[21]

Furthermore, even when probable cause exists initially, it can dissipate and become non-existent as more circumstantial information is discovered.[22] In determining whether probable cause exists, an officer is responsible for all "readily available exculpatory evidence;" even the

---

[18] *See* Plaintiffs' Proposed Amended Complaint pghs. 151–174.

[19] *See* Plaintiffs' Proposed Amended Complaint pghs. 18–125.

[20] *United States v. Stephenson*, 452 F.3d 1173, 1178 (10th Cir. 2006).

[21] *See Maresca v. Bernalillo Cty.*, 804 F.3d 1301, 1310 (10th Cir. 2015).

[22] *See United States v. Dalton*, 918 F.3d 117, 1127–28 (10th Cir. 2019).

exculpatory evidence they unreasonably fail to ascertain.[23] "[T]he probable cause standard of the Fourth Amendment requires officers to reasonably interview witnesses readily available at the scene, investigate basic evidence, or otherwise inquire if a crime has been committed at all before invoking the power of warrantless arrest and detention."[24] Police may not turn a blind eye to the facts and circumstances that would exonerate a suspect.[25] Also, when an officer is present or aware of an unlawful arrest, and has the ability to stop it, but fails to do so, that officer may also be liable for the constitutional injuries he could have prevented.[26]

In *Maresca v. Bernalillo Cnty.*, 804 F.3d 1301 (10th Cir. 2015), the Tenth Circuit clarified the standard by which an officer must ascertain whether probable cause exists to justify a warrantless arrest and seizure.[27] In that case, an officer conducted a felony stop on the Maresca family because she mistakenly believed that their vehicle had been stolen.[28] While following

---

[23] *See Maresca*, 804 F.3d at 1310. quoting *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1259 (10th Cir. 1998).

[24] *Cortez v. McCauley*, 478 F.3d 1108, 117 (10th cir. 2007). quoting *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995).

[25] *Maresca*, 804 F.3d at 1311.

[26] *See Id.*

[27] *See Maresca*, 804 F.3d 1301.

[28] *See Id.* at 1304–05.

CASE NO: 1:18-cv-00156-DAK-CMR – PLAINTIFF'S REPLY TO BOX ELDER COUNTY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION  FOR LEAVE TO AMEND COMPLAINT                                              7

the Marescas, the arresting officer entered their license plate number into her onboard computer.[29] However, she accidentally entered the wrong license plate number, and was provided with a warning that the vehicle whose number she had entered was stolen.[30]

The officer's onboard computer described the stolen vehicle as a red or maroon 2009 four-door Chevy sedan with expired plates.[31] The Maresca's were driving a red 2004 Ford pickup truck with current plates.[32] The court noted that these differences were "<u>not</u> minor."[33]

Despite this available information, the officer stopped and arrested the Marescas family without taking any additional steps to confirm that their vehicle was stolen.[34] During the arrest, Mr. Maresca asserted his innocence and pleaded with the officers to check his license and registration to confirm that his vehicle was not stolen.[35] However, the arresting officers ignored this

---

[29] *see Id.* at 1304.
[30] *See Id.* at 1305.
[31] *See Id* at 1304.
[32] *See Id.*
[33] *See Id.*
[34] *See Id.* at 1305.
[35] *See Id.*

request and did not even bother to interview the Marescas to ascertain any of the "readily available exculpatory evidence."[36]

In *Maresca*, the Tenth Circuit held that the arresting officer did not have probable cause to arrest the Marescas.[37] The court held that even though the Maresca's vehicle was the same color as the stolen vehicle, and the officer error in putting in the wrong license plate number was not unreasonable; she still was not entitled to turn a blind eye to the exculpatory evidence she had available to her.[38] The Court noted that the officer should have taken note of the fact that the stolen vehicle did not match the description of the stolen vehicle, should have verified the stolen vehicle report with dispatch, and should have interviewed the Marescas and investigated their claims of innocence.[39] This 10th circuit case was issued more than a year before the wrongful arrest in this case, and Defendants had ample notice that what they did violated the Fourth Amendment.

In this case, Plaintiffs have shown that the BEC Defendants conducted an unlawful search and seizure without probable cause.[40] All of the

---

[36] *See Id.* at 1311.
[37] *See Id.* at 1311–12.
[38] *See Id.*
[39] *See Id.*
[40]  *See* Plaintiffs' Proposed Amended Complaint pghs. 18–125.

CASE NO: 1:18-cv-00156-DAK-CMR – PLAINTIFF'S REPLY TO BOX ELDER COUNTY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION  FOR LEAVE TO AMEND COMPLAINT                                        9

Defendants named were present and participated in Plaintiffs' arrest and the seizure of Mr. McFarlin's vehicle, and none attempted to stop the unlawful arrest or seizure.[41] And, Like the officers in *Maresca*, the individual BEC Defendants were each aware, or should have been aware, that Mr. McFarlin's Camarro did not match the description of the suspects vehicle.[42] Additionally, none of the Defendants fulfilled their duty to scrutinize whether the Plaintiffs were involved in the robbery or to analyze or verify the alibis that Plaintiffs attempted to give.[43] Instead, they relied on the fact they had black kids in a white car.  The Defendants actions demonstrate that the color of Plaintiff's skin was all they wanted to see or consider.

Furthermore, even if probable cause initially existed, it surely disappeared once Plaintiffs offered extensive evidence and plausible alibis showing they were not the robbers, and the BEC Defendants were even allowed to search Mr. McFarlin's car.[44] Not only did the Defendants not find any evidence of the robbery in Mr. McFarlin's vehicle, but the evidence they found corroborated Plaintiffs' innocence. Defendants found no evidence of

---

[41] *See* Plaintiffs' Proposed Amended Complaint pghs. 18–45.
[42] *See* Plaintiffs' Proposed Amended Complaint pghs. 18–125.
[43] *See* Plaintiffs' Proposed Amended Complaint pghs. 43–44.
[44] *See* Plaintiffs' Proposed Amended Complaint pghs. 43–44.

CASE NO: 1:18-cv-00156-DAK-CMR – PLAINTIFF'S REPLY TO BOX ELDER
COUNTY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION  FOR LEAVE TO AMEND COMPLAINT                    10

the robbery or Plaintiff's involvement in it.[45] Therefore, Plaintiffs amended complaint provides a plausible first and second claim against the individual BEC Defendants.

> 2. Plaintiffs' Third Claim against the Individual BEC Defendants.

The BEC Defendants also argue that Plaintiffs have failed to state a claim for excessive force.[46] A plaintiff is entitled to all damages sustained from a reasonable amount of force used in an arrest, when he can show that the arrest was unlawful.[47] When a plaintiff can show that the police used greater force than would have been necessary in a lawful arrest, he is also entitled to damages resulting from the excessive force.[48]

According to the BEC Defendants, approaching the vehicle of an armed robbery suspect with guns drawn is a reasonable use of force. Defendants make the conclusory assertion without providing any binding authority to support that assertion.[49] Contrary to Defendant's claim, the

---

[45] *See* Plaintiffs' Proposed Amended Complaint pghs. 43–44.
[46] *See* Box Elder County Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint pg. 4.
[47] *See Maresca*, 804 F.3d at 1308.
[48] *See Maresca*, 804 F.3d at 1308.
[49] *See* Box Elder County Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint pg. 4.

Tenth Circuit has held that pointing a firearm at someone is an immediate threat of deadly force that should only be used "on at least a perceived risk of injury or danger to the officers or others, based upon what the officers know at the time."[50] When a suspect complies with an officer's orders, and the officer has no reasonable cause to believe that he poses a threat, it may be excessive to point a gun at that person rather than hold the weapon at ready.[51]

In this case, a reasonable officer would doubt that Plaintiffs were even suspects, having identified that the car did not match the description of the getaway car.[52]   There was no information the officers had about these Plaintiffs that created a reasonable belief that Plaintiffs posed a threat. Plaintiffs cooperated completely with the officer's commands and showed no sign of danger.[53] Based on the control the officer's had on and in the situation, there was no justification for the level of force that they used, including but not limited to their use of guns.

### D. Plaintiffs' Fourth Cause of Action

---

[50] *Maresca*, 804 F.3d at 1314.
[51] *Maresca*, 804 F.3d at 1314.
[52] *See* Plaintiffs' Proposed Amended Complaint pghs. 28–38.
[53] *See* Plaintiffs' Proposed Amended Complaint pghs. 40–44.

CASE NO: 1:18-cv-00156-DAK-CMR – PLAINTIFF'S REPLY TO BOX ELDER COUNTY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION  FOR LEAVE TO AMEND COMPLAINT                                  12

BEC Defendants also argue that Plaintiffs have not sufficiently pled their Fourth Cause of Action.[54] Plaintiffs' Fourth Cause of action alleges that Defendants arrested Plaintiffs and seized their property merely because they appeared to be black, and thereby violated their Fourteenth Amendment right to equal protection of the law.[55] In a section 1983 claim alleging racial discrimination, a plaintiff must present evidence from which a jury could reasonbly *infer* that the police officers involved were motivated by a discriminatory purpose, and that their actions had a discriminatory effect.[56]

It is not necessary that discrimination be the only purpose, but it must be a motivating factor.[57] Furthermore, a discriminatory purpose may be shown with "purely circumstantial evidence."[58] An officer's behavior towards a suspect, and other relevant circumstances, may all be used to support an inference of discriminatory purpose.[59]

---

[54] *See* Box Elder County Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint pg. 5.

[55] *See* Plaintiffs' Proposed Amended Complaint pghs. 194–217.

[56] *See Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003).

[57] *Id.*

[58] *Blackwell v. Strain*, 496 F. App'x 836, 844 (10th Cir. 2012); *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006).

[59] *Marshall*, 345 F.3d at 1168.

In this case, Plaintiffs have shown that their race was a motivating factor in their arrest.[60] Rarely will a person ever admit that they are a bigot, racist, or that they are motivated by such considerations.[61]  Plaintiff's complaint, however demonstrates clear circumstantial evidence that the Defendants had discriminatory motive behind their actions.[62] The BEC Defendants lacked any sort of evidence that reasonably linked Plaintiffs to the robbery other than their race.[63] Somewhat ironically Defendants now argue that the facts pled, showing Defendants had no basis to arrest and seize Plaintiffs beyond their race, are inadequate because Plaintiffs did not use magic language that the Defendants previously called conclusory.[64]

Additionally, plaintiffs have shown a discriminatory effect. The mere fact a person is arrested for a crime, where the suspect is the same race, but otherwise could not be confused for that person can be sufficient to state a complete claim for racial discrimination.[65] In *Watson v. Witmer*, the plaintiff,

---

[60] *See* Plaintiffs' Proposed Amended Complaint pghs. 194–217.

[61] *See e.g. Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003).

[62] *See* Plaintiffs' Proposed Amended Complaint pghs. 194–217.

[63] *See* Plaintiffs' Proposed Amended Complaint pghs. 194–217.

[64] *See* Box Elder County Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint pg. 5. (stating that Plaintiff's claims failed to say that Defendants were "motivated" by Plaintiff's race in their Complaint.)

[65] *See Watson v. Witmer*, 183 F. Supp. 3d 607, 613 (M.D. Pa. 2016) holding that the allegations that the plaintiff was improperl y arrested for a robbery and detained because of his race and that the plaintiff could not reasonably have been confused with the

watson, was falsely arrested and imprisoned for a robbery he did not commit.[66] Both Watson and the robbery suspect were African-American.[67] Images of the robbery suspect were shared with the public and Watson's parole officer falsely identified Watson as the robber.[68] Watson was arrested for the crime.[69] Despite obvious evidence that showed that Watson was not the robbery suspect in the photo, he remained in prison for almost a month.[70]

Watson later sued the arresting officer, and others involved in his arrest, alleging, among other things, that the defendants had violated his Fourteenth Amendment rights.[71] The Defendants argued that Watson had failed to adequately plead his claim for racial discrimination.[72] However the Court held that Watson had satisfactorily plead an equal protection claim.[73]

> Watson satisfactorily pleads an equal protection claim. He avers that, as an African American, he is a member of a protected class. He additionally alleges that Corporal Witmer improperly arrested and detained him due to his race and that race was a motivating factor in the decision to maliciously prosecute him with false charges. Watson augments his theory of racial animus with his assertion that he could not reasonably have

robbery suspect, sufficed to state a racial discrimination claim.
[66] *See Id.* at 610–11.
[67] *See Id.* at 610.
[68] *See Id.*
[69] *See Id.*
[70] *See Id.*
[71] *See Id.* at 611.
[72] *See Id.* at 613.
[73] *See Id.*

been confused with the Sunoco robbery perpetrator at the time of the arrest and throughout the duration of his detention. These statements together suffice to state a racial discrimination claim.[74]

Plaintiffs have shown that they were improperly arrested and detained. The only connection to the crime was their skin color.[75] Because of the wealth of exculpatory evidence, and the lack of any indicator that Plaintiffs were involved in the robbery other than their race, Defendants could not have reasonably confused them with the robbery suspect.[76] Therefore, Plaintiffs have made a complete and plausible claim that Defendants violated their Fourteenth Amendment rights.

## III.   CONCLUSION

Justice requires that the Court allow Plaintiffs to amend their complaint. Plaintiffs' amended complaint states a plausible claim against all the BEC Defendants and therefore is not futile.

Additionally, even if the Court finds that Plaintiffs have failed to state a claim against some, or all of the BEC Defendants, it should still not deny Plaintiffs' Motion for Leave to Amend. Plaintiffs' amended complaint also

---

[74] *See Id.* internal citations, quotations, and punctuation omitted.
[75] *See* Plaintiffs' Proposed Amended Complaint pghs. 18–125.
[76] *See* Plaintiffs' Proposed Amended Complaint pghs. 18–125.

provides clarifying information to support his claims against the other Defendants.[77] The BEC Defendants currently have a pending motion for Judgment on the Pleadings.[78] If the Court is to determine that some or all of the claims against the BEC Defendants are futile, it would be in the interest of justice to rule upon those claims in the Motion for Judgment on the Pleadings so as to allow Plaintiffs to still amend his complaint as it applies to the other Defendants.

For the foregoing reasons, the Court should grant Plaintiffs' Motion for Leave to Amend.

DATED this 26th day of July, 2019.

MAY, RAMMELL & WELLS, CHTD.
*Attorneys for Plaintiffs*


*/s/  Bron Rammell*
BRON RAMMELL

---

[77] *See* Plaintiffs' Proposed Amended Complaint.
[78] *See* Oneida County Defendants' Motion for Judgment on the Pleadings.

CASE NO: 1:18-cv-00156-DAK-CMR – PLAINTIFF'S REPLY TO BOX ELDER COUNTY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION  FOR LEAVE TO AMEND COMPLAINT                    17

<u>CERTIFICATE OF SERVICE</u>

I certify that on this date a copy of the foregoing *Plaintiff's Reply to Box Elder County Defendants' Motion Objection to Plaintiffs' Motion for Leave to Amend Complaint* was served on the following named person(s) at the address(es) shown and in the manner indicated:

| | |
|---|---|
| BLAKE G. HALL, ESQ.<br>SAM L. ANGELL, ESQ.<br>HALL ANGELL & ASSOCIATES, LLP<br>1075 S Utah Avenue, Suite 150<br>Idaho Falls, Idaho 83402<br>bgh@hasattorneys.com<br>sla@hasattorneys.com | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivered<br>☒ Email<br>☒ CM/ECF |
| Stephen F. Noel, Esq.<br>SMITH KNOWLES PC<br>2225 Washington Blvd, Ste 200<br>Ogden, UT 84401<br>Email: snoel@smithknowles.com | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivered<br>☒ Email<br>☒ CM/ECF |

DATED this 26th day of July, 2019.


By: */s/  Bron Rammell*
       May, Rammell & Wells, Chartered

## CERTIFICATE OF COMPLIANCE WITH THE
## WORD-COUNT LIMIT

I certify that Plaintiff's Reply to Oneida County Defendants' Objection to Motion for Leave to Amend Complaint complies with the word-count limit of 2,500 words as established by local rule DUCivR 7-1(a)(3). The final word count of Plaintiffs' Response is 2,494.

DATED this 26th day of July, 2019.


By: _/s/  Bron Rammell_
May, Rammell & Wells, Chartered