IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN and ATOATASI FOX, <br><br> Plaintiff, <br> v. <br><br> BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER, individually; et al., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EXTENSION OF SERVICE-OF-PROCESS DEADLINE AND TO ISSUE SUMMONS <br><br> Case No. 1:18-cv-156 DAK CMR <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Cecilia M. Romero |

This matter is referred from Judge Dale Kimball pursuant to 28 U.S.C. § 636(b)(1)(A). ECF 23. Pending before the Court is Plaintiffs', Nehemiah Mcfarlin and Atoatasi Fox, Motion for Extension of Service-Of-Process Deadline and to Issue Summons. ECF 33. The Court will grant the motion.

Federal Rule of Civil Procedure 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order service be made within a specified time." Fed. R. Civ. P. 4(m) 2019. In deciding whether to dismiss a defendant for a failure to serve or improper service, the "preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.* 52 F.3d at 841. *See also*, *Sanders v. SW. Bell Tel. L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008)

(reversing a district court decision to dismiss a defendant for improper service because the district court failed to allow the plaintiffs an opportunity to show good cause).

Here, Plaintiffs failed to timely serve putative defendants Adam Walker, Justin Zilles and Shane Nebeker. Plaintiffs argue there is excusable neglect for this failure. The legal secretary who was tracking the service of these defendants became seriously ill with legionella pneumonia, was hospitalized for over two weeks, was forced to take a medical retirement and never returned to work. Further, all Defendants "later appeared with the same counsel and provided dashcam footage from the Utah Highway Patrol in their initial disclosures." Motion p. 4. Finally, no Defendant raised the lack of service as an issue at the initial discovery conference.

Based on the facts in the record, the Court finds Plaintiffs have demonstrated good cause for their failure to timely serve Walker, Zilles and Nebeker. *See e.g., Bernard v. Lawrence Paper Co.*, 2011 U.S. Dist. LEXIS 56474, *2-3 (D. Kan. May 24, 2011) (finding good cause where the process server suffered an unanticipated illness). Additionally, the Court notes that no opposition has been filed to this motion and the time to do so has passed. Thus, as another independent basis, the Court under the Local Rules may grant the motion. *See* DUCivR 7-1(d) (2019).

Accordingly, Plaintiffs' motion is GRANTED. Plaintiffs are instructed to properly serve Walker, Zilles and Nebeker within fourteen (14) days from the date of this order.

IT IS SO ORDERED.

DATED this 29 July 2019.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah