R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
Ryan M. Stephens (16336)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com
rstephens@djplaw.com

ATTORNEYS FOR BOX ELDER COUNTY DEFENDANTS

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| NEHEMIAH MCFARLIN, and ATOATASI FOX,<br><br>                    Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER; JUSTIN ZILLES; SHANE NEBEKER; STEVEN BERRY; Z. MOORE; L. MAUGHAN; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD; DETECTIVE PATSY SHERMAN; JOHN AND JANE DOES I-X,<br><br>                    Defendants. | **BOX ELDER COUNTY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br><br><br>Civil No.: 1:18-cv-00156-DAK<br><br>Judge Dale A. Kimball |

Defendants Box Elder County, Box Elder County Sheriff's Office, Sergeant Steven

Berry, Detective Zachary Moore, and Lawrence Maughan (collectively the "Box Elder County

Defendants"), by and through undersigned counsel, submit the following Memorandum in

Opposition to Plaintiffs' Motion for Leave to Amend Complaint (Second Amended) (Dkt. No. 72).

## BACKGROUND

On May 22, 2019, the Box Elder County Defendants filed a motion for judgment on the pleadings requesting that the Court dismiss Plaintiffs' Section 1983 claims. (Dkt. No. 28). On June 19, 2019, Plaintiffs filed a motion to amend their complaint (Dkt. No. 31). The Box Elder County Defendants filed an opposition to Plaintiffs' motion to amend based on the fact that amending the complaint would be futile. Both the motion for judgment on the pleadings and the motion to amend the complaint are currently pending before the Court. With those motions pending, Plaintiffs have now filed a second motion for leave to amend their complaint. For many of the same reasons stated in the Box Elder County Defendants' previous opposition to amend, and for other reasons stated below, the Court should deny Plaintiffs' request to amend its complaint.

## ARGUMENT

I.   **PLAINTIFFS' SECOND MOTION TO AMEND THEIR COMPLAINT SHOULD BE DENIED BECAUSE AMENDMENT WOULD BE FUTILE.**

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave "shall be freely given when justice so requires," there is a clear limitation to that principle. The court may deny a motion for leave to file an amended complaint when amending the complaint would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)). "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Gardner v. Martino*,

2

563 F.3d 981, 990 (9th Cir. 2009). In this case, Plaintiffs' attempt to amend their complaint would be futile because Plaintiffs have not added any allegations that demonstrate a constitutional violation by the Box Elder County Defendants.

Plaintiffs' proposed Second Amended Complaint includes claims against the Box Elder County Defendants based on the Fourth and Fourteenth Amendments. Many of the allegations related to these claims were included in Plaintiffs' proposed First Amended Complaint, which is still pending. Pursuant to Local Rule DUCivR 7-1(a)(4), the Box Elder County Defendants incorporate and adopt by reference the arguments and legal authority in their Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint (Dkt. No. 42). As demonstrated by that memorandum, Plaintiffs have failed to state a claim for any constitutional violations against the Box Elder County Defendants.

In an attempt to add further support to their claims, Plaintiffs' Second Amended Complaint includes the following new allegations related to the Box Elder County Defendants:

- Plaintiffs have added Chief Deputy Dale Ward ("Ward") as a defendant and
- Plaintiffs have alleged additional facts relevant to the search warrant affidavit signed by Austin Bowcutt ("Bowcutt").

Even with these new allegations, Plaintiffs' proposed Second Amended Complaint fails to state a claim that any of the Box Elder County Defendants violated the Plaintiffs' constitutional rights.

### A.  The new allegations against Chief Deputy Ward do not demonstrate a constitutional violation and Ward is entitled to qualified immunity.

Plaintiffs should not be allowed to add Ward as a defendant because none of the allegations against him demonstrate a constitutional violation. A year after filing their Complaint, Plaintiffs are attempting to add Ward as a Defendant without making any unique

3

allegations against him. Instead, Plaintiffs have inserted Ward's name in a few places where there are also the same allegations against Sheriff Kevin Potter.[1] Essentially, the proposed Second Amended Complaint treats Ward and Potter as if they are the same person. Since there are no separate allegations against Ward, adding Ward would be futile because Plaintiff's have failed to demonstrate that either Potter or Ward violated their constitutional rights.

Plaintiffs allege that either Ward or Potter violated their constitutional rights by instructing and allowing the Box Elder County officers to detain and transport the Plaintiffs without probable cause.[2] But based on Plaintiffs allegations, Ward and Potter did have probable cause and would both be entitled to qualified immunity. Qualified immunity shields government officials from § 1983 damages suits so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). There are two elements in the qualified immunity analysis—first, whether, under the facts alleged by the plaintiff, the government officials violated a constitutional right, and second, whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2008).

In the case of an unlawful search or false arrest claim, if the officers had "arguable probable cause" to make an arrest they are entitled to qualified immunity. *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014). "Arguable probable cause" means that a "reasonable

---

[1] *See, e.g.*, Motion For Leave to Amend Complaint (Second Amended), p. 17, ¶¶66-74 (Dkt. No. 72).
[2] Motion For Leave to Amend Complaint (Second Amended), p. 10, ¶¶66-74, 186 -88 (Dkt. No. 72).

SLC_4735149.1

officer could have believed that probable cause existed." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (quoting *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir.2007)).

Here, Ward and Potter both had at least arguable probable cause. The only allegations against Ward and Potter that show they were personally involved with the investigation are the allegations related to Ward and Potter giving approval to the Box Elder County officers to detain and transport the Plaintiffs.[3] At that time, and throughout Oneida County's investigation, the Box Elder County Defendants were relying on information provided by the Oneida County officers.[4] Since the Plaintiffs were found across the border in Utah, the Box Elder County officers assisted the Oneida County officers by holding the suspects while Oneida County conducted their investigation. While Oneida investigated, the Box Elder County Defendants were aware that witnesses had described the suspect as a black male that was driving a "white Toyota four-door with no license plate and no hub-caps and extensive front end damage."[5] Plaintiff McFarlin's vehicle was a close match- it was white, it did not have a license plate, and it had extensive front end damage.[6] The Box Elder County Defendants were also aware that the robbery occurred that afternoon only twenty minutes north of where Plaintiffs were stopped. Under the totality of the circumstances, Ward and Potter had at least arguable probable cause to detain Plaintiff's while Oneida County conducted their investigation. Therefore, the Box Elder County Defendants, including Ward and Potter, are entitled to qualified immunity and amending the complaint would be futile.

---

[3] *Id.* at p. 10, ¶ 70.
[4] *Id.* at pp. 6-7, ¶¶34-40.
[5] *Id.* at pp. 6-7, ¶¶34-36.
[6] *See* Affidavit for Search Warrant, Exhibit A to Oneida County Defendant's Memorandum in Opposition (Dkt. No. 75-1)

5

**B.  The new allegations related to Bowcutt's Affidavit do not demonstrate a constitutional violation by the Box Elder County Defendants.**

The Tenth Circuit has held that affiants seeking warrants "violate the Fourth Amendment when they knowingly, or with reckless disregard for the truth, include false statements in an affidavit, or knowingly or recklessly omit from it information which, if included would vitiate probable cause." "Recklessness may be inferred from the omission of facts which are clearly critical to a finding of probable cause." *DeLoach v. Bevers*, 922 F.2d 618, 622 (10th Cir. 1990). Mere allegations of negligence or innocent mistake are insufficient. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674 (1978). The affiant may also base the affidavit on hearsay from a credible source. *United States v. Ventresca*, 380 U.S. 102, 107-108 (1965); *Eckert v. Dougherty*, 658 F. App'x 401, 407 (10th Cir. 2016) (stating "[p]olice work often requires officers to rely on the observations, statements, and conclusions of their fellow officers" and "[A] police officer who acts in reliance on what proves to be the flawed conclusions of a fellow police officer may nonetheless be entitled to qualified immunity as long as the officer's reliance was objectively reasonable.")

Here, Bowcutt explicitly states that his affidavit in support of probable cause was based on information provided to him by Oneida County Lieutenant Patsy Sherman.[7] Bowcutt acted in a reasonable manner when he relied on Sherman's testimony. Sherman was a credible source. She was one of the Oneida County officers that began working on the investigation from the beginning. She responded to the scene of the Idaho robbery minutes after it occurred and even

---

[7] Affidavit for Search Warrant, Exhibit A to Oneida County Defendant's Memorandum in Opposition (Dkt. No. 75-1)

6

spoke directly with witnesses at the bank. Therefore, Bowcutt is entitled to qualified immunity if there were any deficiencies in the affidavit.

Furthermore, the information Sherman provided Bowcutt did not leave out any critical fact that would have vitiated probable cause. Pursuant to Local Rule DUCivR 7-1(a)(4), the Box Elder County Defendant's incorporate and adopt by reference the arguments and legal authority set forth in Defendant Oneida County's Memorandum in Opposition (Dkt. No. 75), Subsection B., pages 5 through 10. As more fully articulated in Oneida County's opposition memorandum, the affidavit for the search warrant was not defective. And even if it was defective in some way, Plaintiff previously consented to the search, and the claims related to the search of the vehicle and the affidavit are moot. Therefore, the allegations against Bowcutt do not state a constitutional violation, and amending the complaint would be futile.

## CONCLUSION

For the reasons stated above, the Box Elder County Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Amend Complaint (Second Amended) (Dkt. No. 72).

DATED this 13th day of December, 2019.

**DURHAM JONES & PINEGAR, P.C.**

/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
Ryan M. Stephens
ATTORNEYS FOR BOX ELDER
COUNTY DEFENDANTS

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing document was served this 13th day of December, 2019, via electronic filing upon the following:

Daniel L. Steel (6336)
Grant M. Sumsion (6445)
SUMSION STEELE & CRANDALL
545 E. University Parkway, Suite 200
Orem, Utah 84097
Telephone: (801) 426-6888
dan@sumsionsteele.com
grant@sumsionsteele.com

Blake G. Hall
Sam L. Angell
HALL ANGELL & ASSOCIATES, LLP
1075 S. Utah Ave., Suite 150
Idaho Falls, Idaho 83402
bgh@hasattorneys.com
sla@hasattorneys.com

Stephen F. Noel
SMITH KNOWLES PC
2225 Washington Blvd., Ste. 200
Ogden, Utah 84401
snoel@smithknowles.com

Bron Rammell
MAY RAMMELL & WELLS
216 W. Whitman St.
Pocatello, ID 83204
bron@mrtlaw.net

Darin B. Goff
Assistant Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
dgoff@agutah.gov

/s/ Melani Thatcher
Paralegal

8