R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
Ryan M. Stephens (16336)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com
rstephens@djplaw.com

ATTORNEYS FOR BOX ELDER COUNTY DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| NEHEMIAH MCFARLIN, and ATOATASI FOX,<br><br>Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER; JUSTIN ZILLES; SHANE NEBEKER; STEVEN BERRY; Z. MOORE; L. MAUGHAN; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD; DETECTIVE PATSY SHERMAN; JOHN AND JANE DOES I-X,<br><br>Defendants. | **BOX ELDER COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' 30(b)(6) NOTICE**<br><br>Civil No.: 1:18-cv-00156-DAK<br><br>Judge Dale A. Kimball |

Defendants Box Elder County, Box Elder County Sheriff's Office, Sergeant Steven Berry, Detective Zachary Moore, and Lawrence Maughan (collectively "Box Elder County

Defendants"), by and through undersigned counsel, submit the following objections to Plaintiffs' Notice of Deposition Duces Tecum of Box Elder County Sheriff's Office ("30(b)(6) Notice").

## OBJECTIONS

Rule 30(b)(6) requires that the topic provided for in the notice should be designated with "reasonable particularity."[1] This enables organizations to choose who will be the best witness to answer the questions. It also helps the witness adequately prepare to testify on those matters. A 30(b)(6) witness is also only required to testify "about information known or reasonably available to the organization."[2] And the topics are limited to discoverable information as defined by Rule 26(b), which is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"[3]

The Box Elder County Defendants will produce the witness that is most knowledgeable about Plaintiffs' 30(b)(6) topics on the date set forth in the notice. However, Box Elder County Defendants make the following objections to Plaintiffs' topics and their request for documents.

**Topic 1:** Information "pertaining to the investigation into Plaintiffs' involvement in the bank robbery that occurred on December 14, 2016 in Malad Idaho, and Plaintiffs' subsequent arrest."

**Objection:** Box Elder County Defendants object to the topic to the extent that it covers information that is not "known or reasonably available to the [County]." Box Elder County's involvement in the incident on December 14, 2016 was mainly limited to holding and transporting Plaintiffs. One Box Elder County officer did sign an affidavit for a search warrant

---

[1] Fed. R. of Civ. P. 30(b)(6).
[2] Fed. R. of Civ. P. 30(b)(6).
[3] Fed. R. of Civ. P. 26(b).

for Plaintiff's vehicle, but the testimony in the affidavit was based on statements made by Oneida County officer Patsy Sherman, which were based on Oneida County's investigation. Therefore, Box Elder County should not be expected to provide details about the interrogation of Plaintiffs, interviews with witness at the bank, evidence collected at the scene of the crime, alibis provided by Plaintiffs, or any other aspects of the investigation conducted by Oneida County.

     **Topic 2:** Information "concerning, deputy training, policies and procedures[.]"

     **Objection:** Box Elder County Defendants object to this topic on the grounds that it was not designated with reasonable particularity and is overbroad. The topic also covers information that is irrelevant and not proportional to the needs of the case. There are many courses that deputies may take to satisfy their training requirements. Those courses cover a variety of topics, many of which have nothing to do with the claims or defenses at issue in this case. And it would take multiple witnesses to be able to answer deposition questions about every training course a Box Elder Officer has taken. There is also no time limit provided in the topic, which further increases the variety of training courses deputies may have attended at some time. Similarly, there are many Box Elder Sherriff's Office policies and procedures that are irrelevant. Despite the broad nature of the topic, Box Elder County will produce the witness with the most relevant knowledge and will testify to the training, policies and procedures that have been previously produced in this case because those are the ones that are relevant.

     **Topic 3:** "The events alleged in the complaint."

     **Objection**: Box Elder County Defendants object on the grounds that the topic is overbroad, vague, and improper for a 30(b)(6) deposition. *See Skladzien v. St. Francis Reg'l Med. Ctr.*, No. 95-1518-MLB, 1996 WL 807353, at *1 (D. Kan. Dec. 19, 1996) (Holding that a

request to designate a witness to testify to facts in the complaint to which defendant has denied in the answer does not provide with reasonable particularity the matters on which examination is requested).

**Document Request:** "[P]roduce one complete copy of all documents, notes, reports, files, correspondence, writings (including drafts), and other information or evidence (that has not already been produced) that he or she will or may rely on at the time of trial of this case, as well as all responses to Plaintiff's discovery requests that have not yet been provided."

**Objection:** Box Elder County Defendants Objects to this request on the basis that discovery is ongoing. As new discovery comes to light, or new theories of the case emerge, Box Elder County may decide that additional documents are necessary for its defense at trial. At that time, Box Elder County will produce those documents, but that may be after the 30(b)(6) deposition is complete. Box Elder County is also unaware of any discovery requests it has not responded to up to this point.

DATED this 17th day of December, 2019.

**DURHAM JONES & PINEGAR, P.C.**

/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
Ryan M. Stephens
ATTORNEYS FOR BOX ELDER
COUNTY DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served this 17th day of December, 2019, via hand delivery to the following:

Bron Rammell
Andrew Hart
MAY RAMMELL & WELLS
216 W. Whitman St.
Pocatello, ID 83204
bron@mrtlaw.net
andrew@mrtlaw.net

Darin B. Goff
Assistant Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
dgoff@agutah.gov

I hereby certify that a true and accurate copy of the foregoing document was served this 17th day of December, 2019, via electronically filing to all counsel, including the following:

Blake G. Hall
Sam L. Angell
HALL ANGELL & ASSOCIATES, LLP
1075 S. Utah Ave., Suite 150
Idaho Falls, Idaho 83402
bgh@hasattorneys.com
sla@hasattorneys.com

Stephen F. Noel
SMITH KNOWLES PC
2225 Washington Blvd., Ste. 200
Ogden, Utah 84401
snoel@smithknowles.com

Daniel L. Steel (6336)
Grant M. Sumsion (6445)
SUMSION STEELE & CRANDALL
545 E. University Parkway, Suite 200
Orem, Utah 84097
Telephone: (801) 426-6888
dan@sumsionsteele.com
grant@sumsionsteele.com


/s/ Melani Thatcher
Paralegal