IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| McFarlin et al.,<br><br>                    Plaintiffs,<br>v.<br><br>Box Elder County et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO FILE AMENDED COMPLAINT<br><br>Case No. 1:18-cv-00156-DAK-CMR<br><br>District Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiffs Nehemiah McFarlin (McFarlin) and Atoatasi Fox's (Fox) (collectively Plaintiffs) Motion to Amend/Correct their Complaint (First Motion) (ECF 31). Prior to the court issuing a ruling on the First Motion, Plaintiff's filed a second Motion to Amend/Correct Complaint (Second Motion) (ECF 72). The First and Second Motion (collectively Motions) are referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). Defendants Oneida County, Oneida County Sherriff's Office, Jeff Semrad, and Patsy Sherman (Oneida County); and Defendants Box Elder County, Box Elder County Sherriff's Office, Steven Berry, Z. Moore, and L. Maughn (Box Elder) have opposed the Motions (ECF 36, 42, 75, 76) and Plaintiffs submitted their replies (ECF 44, 45, 80, 81). Subsequent to the filing of the Second Motion, Defendants Adam Walker, Justin Zilles, and Shane Nebeker were dismissed from the action (ECF 78). The Motions are now fully briefed.

After careful consideration and review of the pleadings, and for the reasons discussed herein, the court GRANTS the Motions.

## BACKGROUND

Plaintiffs allege they were arrested in Box Elder County, Utah for crimes allegedly committed in Malad, Idaho. Plaintiffs allege the arrest was unlawful, and violative of their

Fourth and Fourteenth Amendment rights under the United States Constitution.  Box Elder Defendants and Oneida County Defendants have each filed separate motions for judgment on the pleadings (ECF 28, 29) currently pending before District Judge Dale A. Kimball.  In the proposed amended complaint attached to the First Motion (First Amended Complaint) (ECF 31), Plaintiffs add and remove some parties, and include additional statements and allegations to clarify that all named defendants participated in the alleged illegal seizure, arrest, search, interrogation, and/or detention.  In the proposed amendment attached to the Second Motion (Second Amended Complaint), Plaintiffs again assert additional facts related to their five causes of action and seek to add Box Elder County Chief Deputy Sherriff Dale Ward (Ward) as an individually named defendant (ECF 72-1).  For ease of reference the court will refer to the Second Amended Complaint, which is the only proposed amended complaint that complies with the new DUCivR 15-1(a)(2) (effective December of 2019).  The court notes the Second Amended Complaint includes all of the proposed amendments in the First Amended Complaint.

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'"  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).  "Refusing leave to amend is generally only justified upon a showing of (1) undue delay, (2) undue prejudice to the opposing party, (3) bad faith or dilatory motive, (4) failure to cure deficiencies by amendments previously allowed, or (5) futility of amendment."  *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Plaintiffs filed their First Motion (ECF 31) on June 16, 2019, well before the deadline for filing a motion to amend pleadings.[1]  Before the court issued an order on the First Motion, Plaintiffs' filed their Second Motion on November 29, 2019.  There have been no prior amendments to the complaint and discovery is ongoing.[2]  Plaintiffs allege they brought the Motions after clarifying facts through the discovery process.  No party has argued undue delay, bad faith, dilatory motive, or undue prejudice.  The Defendants arguments focus only on futility.  Therefore, the remainder of this order will address the futility of the proposed amendments.

### A.  Amendment would not be futile as to Oneida County.

Oneida County asserts the proposed amendments would be futile because Plaintiff McFarlin's[3] amended facts and allegations fail to state any plausible claims against them (ECF 36 at 2).  Oneida County argues that (1)  McFarlin's factual allegations affirmatively show none of the Oneida County Defendants were present at the time of McFarlin's arrest,  (2) McFarlin has not alleged Oneida County Defendants searched and/or seized his vehicle, (3)  Oneida County Defendants could not have racially profiled McFarlin, (4)  McFarlin cannot state a plausible claim regarding the use of a suggestive photo array because there is no constitutional right to be free from such photo array (ECF 36 at 3); and (5) a claim pertaining to the affidavit of probable cause should be denied as the alleged misleading statements are immaterial  (ECF 75).[4]

---

[1] *See* Amended Scheduling Order (ECF 62 at 2) (last day to file Motion to Amend Pleadings 07/31/2019).

[2] *See* Amended Scheduling Order (ECF 62 at 2) (Close of fact discovery 03/02/20).

[3] Oneida County and Fox have filed a stipulated dismissal as to the Oneida County Defendants.  The remainder of this discussion relates only to McFarlin's claims against Oneida County which is consistent with the parties' briefs in this matter.

[4] Oneida County also contends that any claim for spoliation of evidence would also be futile because there is no recognizable tort claim for spoliation of evidence under applicable state law (ECF 75).   The court agrees.  However, in his First Reply to Response ("Reply") (ECF 80) McFarlin clarifies he is not seeking to add a cause of action of spoliation, but only alleges facts regarding spoliation so he may later seek other remedies.  While it is difficult to understand why such facts would be included given McFarlin's concession, the court will allow the inclusion of these facts only as background and not to support any stand-alone claim.

The Supreme Court has established that §1983 complaints must contain factual allegations that constitute a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). There is no heightened pleading standard. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason […] the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In order to state a claim of a constitutional violation under 42 U.S.C. §1983, a plaintiff must allege (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a person (4) who acted under color of any statute, ordinance, regulation, custom, or usage of any State or Territory. *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) (citing 1 Martin Schwartz, Section 1983 Litigation: Claims and Defenses, § 1.4 at 12 (3d ed. 1997)).

In the Second Amended Complaint, McFarlin alleges facts addressing each of the above elements. By way of summary, McFarlin alleges Oneida County Defendants deprived him of his liberty and property in violation of his constitutional rights. Specifically, that Oneida County employees arrived at the scene of McFarlin's arrest and/or participated in obtaining arrest warrants from Oneida County prosecuting attorneys. McFarlin also alleges Oneida County employees Douglas Williams and Jeff Semrad illegally interrogated him and attempted to coerce a false confession. McFarlin alleges the defendants who performed the arrest, did so on the Oneida County Defendants' request under the color of state law. McFarlin also contends the lack of guidance on how to conduct a non-suggestive photo lineup in Oneida County's policies is

a cause of his constitutional injuries. Further, the Seconded Amended Complaint alleges that as a result of the Oneida County Defendants' actions, McFarlin has been damaged.

The court does not find persuasive Oneida County's final contention that McFarlin's allegations pertaining to misleading statements in the affidavit of probable cause are immaterial. The arguments Oneida County make require the court to weigh evidence and reach a conclusion on disputed issues of fact. A motion to amend is not the proper pleading to decide disputed issues of fact. The court finds McFarlin has alleged sufficient facts in the proposed amended complaints to constitute a plausible claim against Oneida County for their alleged role in his search, arrest, interrogation, and detention.

### B. Amendment would not be futile as to Box Elder County Defendants.

Similarly, Box Elder Defendants argue Plaintiffs[5] should not be granted leave to amend their complaint because the proposed amendment would be futile. Specifically, they contend: (1) the claims against the Box Elder County Sherriff's Office must be dismissed because the Sherriff's Office is not a proper party ; (2) that the amendments fail to state a claim for liability against Box Elder County; (3) that Plaintiffs have failed to allege sufficient facts to state a claim against Steven Berry, Z. Moore, Austin L. Bowcutt, and Kevin Potter; (4) that Plaintiffs have not sufficiently pled their fourth cause of action for racial profiling (ECF 42); and (5) that newly named defendant Ward is entitled to qualified immunity (ECF 81).

As to Box Elder's first argument, the court agrees that there is persuasive authority in the Tenth Circuit finding sheriff's departments are not considered legal entities subject to suit. *See Moaz v. Denver Int'l Airport*, 747 Fed. App'x. 708, 710 (10th Cir. 2018) (unpublished) (affirming dismissal of claims against the police department because it was not a separate entity).

---

[5] The Second Amended Complaint includes causes of action against Box Elder alleged by both McFarlin and Fox.

5

Moreover, Plaintiffs seem to concede this point when they indicate "Plaintiffs do not care whether [the Box Elder County Sheriff's Office] remains in the case" if the county remains as a party (ECF 32 at 12). Notwithstanding, while the court finds Box Elder's contention regarding dismissal of the Box Elder County Sheriff's Office persuasive, neither the First Motion nor Second Motion seek to add the Sheriff's Office as a new party. Hence the permissibility of the Sheriff's Office as a party is not before the court. The argument for dismissal of the Box Elder County Sheriff's Office in their response is therefore not procedurally proper. *See, e.g.*, DUCivR 7-1(1)(a)(4) (a party seeking relief from the court must file its own motion stating the relief sought). The proper procedure, as has been done in the Motion for Judgment on the Pleadings (ECF 29), is to seek dismissal of the Box Elder County Sheriff's Office. Therefore, the court will not address the issue here but directs Plaintiffs to evaluate if such a party should be included in the amended pleading.

Moving to Box Elder's second contention, the court finds that Plaintiffs' Second Amended Complaint contains sufficient factual allegations constituting a possible claim for relief against Defendant Box Elder County under 42 U.S.C. §1983. The Second Amended Complaint specifically alleges Box Elder County employees arrested Plaintiffs without probable cause while acting under the policies and customs of Box Elder County. The Second Amended Complaint also specifically alleges Box Elder County policy makers illegally detained and interrogated Plaintiffs, and that Box Elder County's failure to implement adequate policies or training caused Plaintiffs' constitutional injuries.

Regarding the individual liability of Defendants Steven Berry, Z. Moore, Austin L. Bowcutt, and Kevin Potter, the court finds Plaintiffs allege sufficient facts to constitute a possible claim for individual liability against each. The Second Amended Complaint asserts

Steven Berry was the first officer to confront and detain Plaintiffs and played an active role in the alleged physical assault and use of excessive force.  The Second Amended Complaint also alleges Austin L. Bowcutt provided false and misleading information to secure a search warrant for Plaintiff McFarlin's vehicle.  Plaintiffs also contend Kevin Potter was a policy maker for Box Elder County and his actions support and ratified the alleged deprivations of Plaintiffs' constitutional rights.  While individual liability as to the personally named Box Elder Defendants may be difficult to establish, at this stage the court is unable to weigh the evidence which would be required to resolve this issue.

As to Box Elder's fourth contention, Plaintiffs' Second Amended Complaint includes several facts establishing Box Elder Defendants were motivated by a discriminatory purpose and that their actions had a discriminatory effect.  The court finds sufficient facts to allege a plausible claim for relief for racial profiling.

Finally, with regard to the new allegations against Ward in the Second Amended Complaint, the court is not persuaded that granting leave to amend to name Ward as a defendant would be futile.  While the court recognizes both Ward and Potter may have the defense of qualified immunity available to them, at this stage in the litigation it is not the court's role to weigh disputed evidence.  Rather, in determining whether to grant leave to amend the court must simply decide if the Second Amended Complaint contains sufficient allegations to constitute a plausible claim for relief.  *Ashcroft* 556 U.S at 684.

In applying its broad discretion to grant leave, this court finds that the interest of justice warrants allowing Plaintiffs leave to amend their complaint.

## ORDER

Plaintiffs' Motions (ECF 31, 72) are GRANTED.

The Court ORDERS Plaintiffs to file an amended complaint within seven (7) days from the date of this Order. Once filed, that amended complaint will be the operative pleading in this case. Pursuant to Federal Rule of Civil Procedure 15(a)(3), all defendants will have fourteen (14) days from the time the amended complaint is filed on the docket to answer or otherwise respond to the pleading. Since no party has indicated additional time is needed for discovery, the court order the current Scheduling Order (ECF 62) is controlling and the parties should abide to its deadlines.

DATED this 10 January 2020.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah