R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
Ryan M. Stephens (16336)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com
rstephens@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN, and ATOATASI FOX,<br><br>Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER; JUSTIN ZILLES; SHANE NEBEKER; STEVEN BERRY; Z. MOORE; L. MAUGHAN; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD; DETECTIVE PATSY SHERMAN; JOHN AND JANE DOES I-X,<br><br>Defendants. | **DEFENDANTS' RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT**<br><br>(Oral Argument Requested)<br><br>Civil No.: 1:18-cv-00156-DAK<br><br>Judge Dale A. Kimball |

Pursuant to Fed. R. of Civ. P. Rule 60(b), Defendants Box Elder County, Box Elder County Sheriff's Office, Sergeant Steven Berry, Detective Zachary Moore, and Lawrence Maughan ("Defendants"), hereby move for relief from the Court's judgment entered against

SLC_5040749.1

them on March 12, 2020 (Dkt. No. 99). Defendants are entitled to relief from the judgment because Plaintiffs materially changed the terms of the Rule 68 offer in their notices of acceptance. Thus, there was never a "meeting of the minds," and the judgment should be vacated because the Rule 68 settlement agreement is void.

## BACKGROUND

On January 6, 2020, Defendants served a Rule 68 offer of judgment on both Fox and McFarlin. Defendants offered "$5,100, plus reasonable attorney fees, costs, and interest now accrued."[1] On January 17, 2020, Plaintiffs' counsel reached out to Defendants' counsel. During the call, Plaintiffs' counsel provided a counteroffer for double the amount of money. Defendants' counsel agreed to relay the counteroffer to his clients.

The next morning, Plaintiffs' counsel sent an email providing notice that Plaintiffs would accept the offers of judgment. However, their notices of acceptance were materially different than Defendants' original offers:[2] Plaintiffs removed the limiting words "now accrued[.]" When Plaintiffs later submitted their notices of acceptance to the Court, they again omitted "now accrued."[3] Although small, this amendment changed the material terms of the offer to the detriment of Defendants. Plaintiffs are now seeking over $9,500 for work billed after the offer. This work includes costs and fees related to their motion for attorney's fees and other work billed to the case after the Rule 68 offer was served.[4]

---

[1] Defendants' Rule 68 Offers of Judgment, Exhibit A.
[2] Plaintiffs' Notices of Acceptance, Exhibit B.
[3] *See* Notice of Acceptance filed with the Court (Dkt. No. 88 and 89).
[4] *See infra* at p. 12.

2

## STANDARD OF REVIEW

The Court may "relieve a party […] from a judgment" based on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a judgment is void; (5) satisfaction of the judgment; or (6) any other reason justifying relief.[5] A party must file a Rule 60(b) motion "within a reasonable time[,]" and if it is based on the reasons in 60(b)(1)-(3), then the motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceedings." A Rule 60(b) motion is may be granted only upon a showing of due cause.[6] Courts have found that due cause justifies granting a Rule 60(b) motion where the entry of judgment was based on an invalid Rule 68 agreement.[7]

Here, Defendants filed this motion "within a reasonable time[.]" The Court entered the judgment on March 12, 2020. Defendants were not fully aware of all of the facts supporting this motion until Plaintiffs filed their motion for attorney's fees on April 29, 2020, whereupon it became clear to Defendants that due cause exists to relieve them from the underlying judgment based on Rule 60(b)(1), (2), (4), and (6).[8] As discussed more fully below, Defendants are entitled to relief because the court entered judgment, at Plaintiffs' request, despite the fact that Plaintiffs never properly accepted the Rule 68 offers. Without a proper Rule 68 agreement, there is no basis for the judgment, and the judgment should be vacated.

---

[5] *See* Fed. R. of Civ. P. 60(b)(1)-(6).
[6] *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979).
[7] *See Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990 (10th Cir. 1996).
[8] Although the district court granted plaintiff's Rule 60(b) motion in *Stubblefield v. Windsor Capital Grp.* based on "mistake" under Rule 60(b)(1), the justifications for granting the motion under (b)(2), (4) or (6) could also apply. 74 F.3d 990 (10th Cir. 1996).

## ARGUMENT

### I.     ACCORDING TO CONTRACT LAW, THE RULE 68 AGREEMENT IS VOID.

Defendants are entitled to relief from the judgment because Plaintiffs never accepted their Rule 68 offers of judgment. Federal courts apply ordinary contract law principles to determine whether there has been a valid offer and acceptance of a Rule 68 offer.[9] The Rule 68 agreement is void for two reasons. First, Plaintiffs' counteroffer was a rejection of the initial Rule 68 offer that prevented them from accepting the original offer. Second, even if the Court does not consider the counteroffer a rejection, Plaintiffs never properly accepted the offers within fourteen days because their acceptances violated the mirror image rule of contract formation, as demonstrated by the fact that Plaintiffs removed material terms from the Offers and are now using the absence of those terms to justify recovery of post-offer costs and fees. Thus, the parties never had a meeting of the minds, the agreement is void, and the judgment should be vacated.

####    A.     <u>Plaintiffs' counteroffer was a rejection of Box Elder County's Rule 68 Offer.</u>

A counteroffer "operates as a rejection of the original offer."[10] A party has 14 days to accept a Rule 68 offer. But the rule is silent as to whether a party may accept the offer after rejecting it. Some Circuits have even held that an outright rejection does not prevent the party from later accepting the offer within the 14 days.[11] The Tenth Circuit has not decided the issue.

---

[9] *See, e.g., Medina v. Hous. Auth. of San Miguel Cty.*, 974 F.2d 1345 (10th Cir. 1992); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 837 (6th Cir. 2005); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 369 F.3d 91, 95 (2d Cir. 2004) (per curiam); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988).

[10] *Cea v. Hoffman*, 2012 UT App 101, ¶ 25; *Blanc v. Capital One Bank*, No. 13-CV-7209 NSR, 2015 WL 3919409, at *4 (S.D.N.Y. June 24, 2015) (unpublished).

[11] *See Garayalde-Rijos v. Municipality of Carolina*, 799 F.3d 45 (1st Cir. 2015).

4

In *A.A. v. Goleta Unified School District*, the Central District of California addressed a similar issue.[12]  In *Goleta¸* the plaintiff initially rejected a "ten-day offer." After rejecting the offer, the plaintiff later accepted it within the ten days.  The plaintiff argued that he should be able to accept the offer after rejecting it based on the First Circuit's holding in *Garayalde-Rijos*.[13] There, the First Circuit held that "even an express rejection does not terminate a Rule 68 offeree's power to accept the offer within [fourteen days.]"[14] However, the Central District of California noted that the cases cited by the First Circuit held that a Rule 68 offer cannot be revoked. They did not, however, hold that a Rule 68 offer can never be rejected.[15] As a result, the Central District of California declined to follow the *Garayalde-Rijos* holding. Instead, the court held that allowing a plaintiff to reject an offer and later accept the offer "would disturb Rule 68's balance as least as much as allowing an offeror to withdraw a proposal[.]"[16] And it "would similarly vitiate the rule."[17] Therefore, the court determined that the plaintiff could no longer accept the original offer once he rejected it.

Here, similar reasoning should apply to prevent Plaintiffs from accepting the offer after making a counteroffer. To allow a plaintiff to accept an offer after rejecting it would give the plaintiff an unfair advantage not contemplated by Rule 68. It would provide a plaintiff an incentive to immediately counteroffer as soon as he received a Rule 68 offer. After an initial counteroffer, a plaintiff could present a new counteroffer each day if the last offer was not

---

[12] 2016 WL 4134514 (C.D. Cal. Aug. 2, 2016).
[13] 799 F.3d 45 (1st Cir. 2015).
[14] *Id.* at 47.
[15] *Goleta*, WL 4134514  at *3 (C.D. Cal. Aug. 2, 2016).
[16] *Id*.
[17] *Id.*

SLC_5040749.1

accepted.  Plaintiffs would be allowed to do this with the safety net of knowing they could always accept the original offer on day fourteen if none of their counteroffers were accepted. This type of arrangement would provide the Plaintiff more bargaining power than the text of Rule 68 contemplates. Although a Rule 68 offer cannot be withdrawn, the Rule does not state that an offer cannot be rejected. Therefore, Plaintiffs rejected Defendants' Rule 68 offers when they made counteroffers.

### B.  Plaintiffs' acceptances violated the mirror image rule.

If the Court does not consider Plaintiffs' counteroffers a rejection of Defendants' Rule 68 offers, the judgment should still be vacated. After Plaintiffs made a counteroffer, they never properly accepted the initial Rule 68 offer. The terms in an acceptance must be "identical to the offer" to form a valid contract.[18] This is sometimes referred to as the mirror image rule. The mirror image rule applies to Rule 68 offers of judgment and is strictly enforced by courts. Even a slight variation in the terms of acceptance will be deemed a rejection and will void a judgment.

### 1.  Courts provide parties relief from a judgment when the acceptance of the Rule 68 offer violates the mirror image rule.

In *Johnson v. Univ. Coll. of Univ. of Alabama*, the defendant offered a Rule 68 offer that included "$75,000 for attorney's fees, expenses and costs."[19]  Plaintiff accepted the offer but added the condition that the offer did not resolve the payment of fees "while litigating the fees

---

[18] *See Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 993 (10th Cir. 1996); *Medina v. Hous. Auth. of San Miguel Cty.*, 974 F.2d 1345 (10th Cir. 1992) (Rule 68 offer of judgment could not be enforced because the acceptance was inconsistent with the offer.); *Raydon Exploration, Inc. v. Ladd*, 902 F.2d 1496, 1499–1500 (10th Cir. 1990) (holding "an acceptance generally will not bind the parties and create a contract unless it is unconditional, identical to the offer, and does not modify, *delete* or introduce any new terms into the offer[.]")(emphasis added); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 403 (8th Cir. 1988).
[19] 706 F.2d 1205, 1209 (11th Cir. 1983).

6

issue or any fees incurred in the future[.]"[20] The district court granted plaintiffs' motion to strike the acceptance because the acceptance was "inconsistent" with the offer.[21] The Eleventh Circuit affirmed the district court's decision to prevent entry of judgment. Its reasoning was that "[u]nder elementary principles of contract law, an offeree cannot accept a different offer from that made by the offeror. There must be a meeting of the minds."[22] The fact that the original offer did not allow the plaintiff to collect fees for litigating over fees was a material difference that prevented the parties from having a meeting of the minds.

The Tenth Circuit has also emphasized that the acceptance must not be materially different than the offer. In *Medina v. Hous. Auth. of San Miguel Cty.*, the court "found that [the plaintiff] had not accepted [the defendants' Rule 68] offer" because the "language of the acceptance […was] materially different from the offer."[23] In *Stubblefield v. Windsor Capital Grp.*, the District of Colorado granted the defendant's Rule 60(b) motion to vacate the Rule 68 judgment.[24] The defendants served a Rule 68 offer "in the amount of $15,000.00 plus reasonable costs to date."[25] The plaintiff's written acceptance of the offer requested that the court enter judgment in his favor for $15,000, but the plaintiff also noted that attorney's fees were costs that were recoverable by law.[26] The district court proceeded to enter judgment in the plaintiff's favor.

---

[20] *Id.*
[21] *Id.* at 1209.
[22] *Id.*
[23] 974 F.2d 1345 at *2 (10th Cir. 1992).
[24] 74 F.3d 990 (10th Cir. 1996).
[25] *Id.* at 992.
[26] *Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 992 (10th Cir. 1996). Defendants recognize that had *Stubblefield* been a Section 1983 case, the term "costs" in the offer would include attorney's fees. Defendants cite *Stubblefield* to show that courts in the Tenth Circuit apply the mirror image rule to Rule 68 agreements.

After the entry of judgment, the plaintiff requested "approximately $34,000 in attorney fees."[27] In response, the defendant filed a Rule 60(b) motion to vacate the judgment. The defendant asserted that it "intended for the [$15,000.00] offer of judgment to satisfy all [of the plaintiff's claims], including [, not in addition to, plaintiff's] claim for attorney fees[.]" And "if the language in the offer was not clear enough to encompass all claims, then the offer was made upon mistake[.]"[28] The "district court applied contract law principles" and determined that the "Rule 68 settlement agreement was void because there had been no 'meeting of the minds' between [the parties]."[29] Thus, the district court granted the defendant's Rule 60(b) motion and vacated the judgment.[30]

Here, there are two key facts that demonstrate the parties never had a meeting of the minds. First, Plaintiffs' notices of acceptance changed the material terms of Box Elder County's Rule 68 offer. And second, Plaintiffs are now attempting to enforce their version of the agreement, including their changes to the material terms of the offer.

    2. <u>Plaintiffs' notices of acceptance changed the material terms of the offer.</u>

Once a Rule 68 offer is accepted, it is the language of the agreement that governs the settlement, not the language in Rule 68.[31] A provision in a Rule 68 offer that prohibits post-offer attorney's fees is a material provision of the agreement. For example, a settlement agreement for

---

[27] *Id.*
[28] *Id.*
[29] *Id.* at 993.
[30] The Tenth Circuit did not exercise jurisdiction over the district court's order granting the defendant's Rule 60(b) motion because the order was not a final under 28 U.S.C. § 1291.
[31] *See Miller v. City of Portland*, 868 F.3d 846, 850 (9th Cir. 2017).

"attorney's fees *now accrued*" explicitly precludes a plaintiff from collecting post offer fees, including fees for collecting fees.[32]

When a Rule 68 offer does not include explicit language prohibiting post-offer fees, a plaintiff may seek additional fees, including fees for drafting a fee petition. In *Holland v. Roeser*, the plaintiff accepted a Rule 68 offer that contained a provision for "reasonable attorney fees as determined by the court."[33] Since a plaintiff is typically entitled to post offer fees for preparing a fee petition, any "waiver or limitation of attorney fees in settlements of § 1983 cases must be clear and unambiguous."[34] In *Holland*, the defendant's Rule 68 Offer did not include the "now accrued" language to limit the attorney fee award.[35] As a result, the Ninth Circuit held that the Rule 68 agreement did not prevent the plaintiff from seeking post-offer fees.[36] Notably, the agreement did include the "now accrued" language to modify the "costs" that were awarded. Because of this language modifying the amount of costs agreed to, the plaintiff could not seek post-offer costs. He could only seek post-offer attorney's fees. This demonstrates that modifying

---

[32] *See Holland v. Roeser,* 37 F.3d 501, 504 (9th Cir. 1994) (stating a Rule 68 agreement that includes the term "'[c]osts now accrued' clearly limits costs (and fees in a § 1983 case) to those that accrued prior to the offer."); *Said v. Virginia Commonwealth Univ./Med. Coll. of Virginia*, 130 F.R.D. 60, 64 (E.D. Va. 1990) (holding that plaintiff was not entitled to attorney fees for the petition for work that was done after the offer of judgment was made when Rule 68 agreement was for "costs accrued to this date."); *Jones v. Federated Dep't Stores*, 527 F.Supp. 912, 921 (S.D. Ohio 1981) (court declined to grant fees for work done on the attorneys' fees issue because the language of the settlement offer explicitly excluded, as "costs," post-settlement fees)
[33] 37 F.3d 501, 502 (9th Cir. 1994).
[34] *Id.* at 503–04.
[35] *Id*.
[36] *Id.* at 504.

an award of costs or attorney's fees with the language "now accrued" is a material term of any Rule 68 settlement agreement.[37]

Here, Plaintiffs' notices stated that Plaintiffs accepted an offer of "five thousand, one hundred, dollars ($5,100), plus reasonable attorney fees, costs, and interest."[38] Plaintiffs removed the language from the offer stating that Defendants were only offering Attorney's fees and costs that were "now accrued." At first, this change seemed innocuous. But after Plaintiffs filed their motion, it became apparent that they intended to enforce their version of the agreement. Although a seemingly minor change, Plaintiffs materially altered the terms that were offered by Defendants. Without the "now accrued" language, Plaintiffs would be entitled to some post-offer fees. This would include fees for drafting a fee petition. Therefore, the parties never had a meeting of the minds, the agreement is void, and the judgment should be vacated.

> 3. <u>Plaintiffs' attempt to collect post-offer fees is further evidence that there was never a meeting of the minds as to the Rule 68 agreement.</u>

In addition to the language in the notice of acceptance, courts will also look to the actions of the parties to confirm whether there was a meeting of the minds.[39] Here, Plaintiffs subsequently filed a motion requesting at least $9,527.50 in post-offer costs and fees.[40] The

---

[37] *See also Eads v. Wolpoff & Abramson*, LLP, No. EP-07-CV-229-PRM, 2009 WL 10697985, at *1 (W.D. Tex. Mar. 9, 2009) (unpublished) (Plaintiff was able to collect post offer fees when he accepted a Rule 68 offer for "reasonable attorney's fees as determined by the Court.").
[38] Plaintiffs' Notices of Acceptance, Exhibit B.
[39] *See Medina v. Hous. Auth. of San Miguel Cty*., 974 F.2d 1345 (10th Cir. 1992)(stating "[f]urther support for our holding that the Offer of Judgment was intended to apply to all Defendants is found in the oral communications between the parties before the offer was made.")
[40] Although Plaintiffs' counsel omitted some time entries after the offer, they did not omit all of them. Daniel Steele has requested around $862.50 for work done after the offer. Counsel also requests post-offer fees for drafting the fee petition. The total amount related to the fee petition is $8,665.00. *See* Pls.' Motion for Attorney's Fees at pp. 12-13, 58 and Exhibit B (Dkt. No. 104).

motion contains no reference to the "now accrued" language in Defendants' Rule 68 offer. Instead, Plaintiffs cite their version of the agreement and the judgment of the court that omits the "now accrued" language. In doing so, they assert that they are entitled to some post-offer costs and fees. Plaintiffs' motion and attempt to collect post-offer fees is further, newly discovered evidence that the Plaintiffs' purported acceptance of the Rule 68 offer violated the mirror image rule. On the day Plaintiffs emailed their purported acceptances of the Rule 68 offer, they intended that their version of the agreement would allow them to collect post-offer costs, including fees for collecting fees. But this was never a term of the agreement that was contemplated or bargained for by Defendants.

Although Plaintiffs may try to walk back their attempt to collect post-offer fees in response to this motion, it is now too late. Plaintiffs had 14 days to accept Defendants' offer. That time has now past, and Plaintiffs cannot retroactively create a contract. The parties are free, however, to enter into a new Rule 68 offer of judgment if the Court vacates the current judgment. But neither the Plaintiff nor the Court can go back in time to properly accept the original offer. Therefore, the judgment is not based on a valid Rule 68 agreement and it should be vacated.

## CONCLUSION

For the above reasons, this Court should grant Defendants' motion, hold that the purported Rule 68 agreement is void, and vacate the judgment that was entered against them pursuant to Rule 60(b).

DATED this 29th day of May, 2020.

SLC_5040749.1

**DURHAM JONES & PINEGAR, P.C.**


/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
Ryan M. Stephens
ATTORNEYS FOR BOX ELDER
COUNTY DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served this 29th day of May, 2020, via electronic filing upon the following:

Daniel L. Steel
Grant M. Sumsion
SUMSION STEELE & CRANDALL
545 E. University Parkway, Suite 200
Orem, Utah 84097
dan@sumsionsteele.com
grant@sumsionsteele.com

Bron Rammell
Andrew Hart
MAY RAMMELL & WELLS
216 W. Whitman St.
Pocatello, ID 83204
bron@mrtlaw.net

Blake G. Hall
Sam L. Angell
HALL ANGELL & ASSOCIATES, LLP
1075 S. Utah Ave., Suite 150
Idaho Falls, Idaho 83402
bgh@hasattorneys.com
sla@hasattorneys.com

Stephen F. Noel
SMITH KNOWLES PC
2225 Washington Blvd., Ste. 200
Ogden, Utah 84401
snoel@smithknowles.com

Darin B. Goff
Assistant Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114
dgoff@agutah.gov

/s/ Melani Thatcher
Paralegal

13