Daniel L. Steele (6336)
Grant M. Sumsion (6445)
SUMSION STEELE & CRANDALL
2100 W. Pleasant Grove Blvd., Suite 250
Pleasant Grove, UT 84062
Telephone: (801) 426-6888
Email: dan@sumsionsteele.com
grant@sumsionsteele.com

Bron Rammell (ID State Bar No. 4389)
Andrew Hart (ID State Bar No. 10714)
MAY, RAMMELL & WELLS, CHARTERED
216 W. Whitman St.
P.O. Box 370
Pocatello, Idaho 83204-0370
Telephone: (208) 233-0132
Email: bron@mrwlaw.net
Email: andrew@mrwlaw.net

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN and ATOATASI FOX, <br><br> Plaintiffs, <br><br> vs. <br><br> BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER, individually; JUSTIN ZILLES, individually; STEVEN BERRY, individually; Z. MOORE, individually; SHANE NEBEKER, individually; L. MAUGHAN, individually; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD, individually; DETECTIVE PATSY SHERMAN, individually; and JOHN and JANE DOES I-X, individually, <br><br> Defendants. | Case No. 1:18-cv-00156-DAK-CMR <br><br><br> **MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE** <br><br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Cecilia M. Romero |

Plaintiffs Nehemiah McFarlin and Atoatasi Fox, through their counsel of record hereby submit the following *Motion and Memorandum in Support of Motion to Strike*.

I. **INTRODUCTION**

On May 29, 2020 Defendants filed *Box Elder County Defendants' Opposition to Plaintiffs' Motion for Attorney Fees* ("*Opposition*").[1] Attached to this *Opposition* were several exhibits.[2] The first three exhibits (Exhibits A–C "Exhibits") claim to describe Plaintiff's billing descriptions.[3] In many instances, the descriptions have been altered, including combining entries that are clearly differentiated by paragraph in the original billing record. Most concerning, however, is that Defendants then added over ninety pages of arguments, and unsupported factual assertions in the guise of objections.[4] These arguments and exhibits blatantly violate page limitation for a response brief. Responding to them is impractical and unrealistic. They should be stricken and not considered by the court because Plaintiffs have no real way of responding to them in a timely or efficient manner.

II. **ARGUMENT**

   **A. The Exhibit is merely a means of adding argument beyond the page limit**

DUCivR7-1(b)(2)(c) states that an opposition memorandum can not exceed 2,500 words, or ten pages.[5] On May 29, 2020, Defendant's filed a motion to file a memorandum which[6]

---

[1] *See* Dkt. No. 111.
[2] *Id.*
[3] *See* Dkt. No. 111-1, 111-2, and 111-3.
[4] *Id.*
[5] DUCivR7-1(b)(2)(c).
[6] *See Box Elder County Defendants' Motion for Leave to File Overlength Memorandum in Opposition to Plaintiffs' Motion for Attorney Fees*.

exceeded this limit.[7] The Court granted said motion and specifically allowed Defendant's to "submit an overlength opposition memorandum with **a total of 22 pages of argument**.[8]

The whole purpose of imposing page limits is to promote judicial economy and prevent unnecessary costs from responding to large motions. In blatant disregard for the twenty-two pages of argument that Defendants asked the Court to allow, Defendants submitted over one hundred pages of argument.[9] It is true that Defendants' actual memorandum only contains twenty-two pages of argument.[10] However, Defendants inserted an additional ninety-five pages of argument, objections, and unsupported factual assertions into Exhibits A, B, and C

These Exhibits purport to be descriptions of Plaintiffs' billing statements which were properly attached to Plaintiffs' Motion for Attorney's Fees.[11] Some of those have been altered, however, apparently to support Defendant's arguments.[12] However, next to almost every single entry, Defendants have added one to several objections and an argument to support said objection. These objections are in and of themselves substantive arguments. Therefore, Defendants have circumvented the page extended page limit that they moved the court for by, over 73 pages. Defendants can't simply add their own argument to Plaintiffs' exhibit to get around the page limit requirements. In fact, as the billing information from Exhibits A through C have already been submitted to the Court, the only new information they add is Defendants' objections and arguments.

---

[7] *See Box Elder County Defendants' Motion for Leave to File Overlength Memorandum in Opposition to Plaintiffs' Motion for Attorney Fees.*
[8] Dkt. No. 110 *Order Granting Box Elder County Defendants' Motion for Leave to File an Overlength Memorandum in Opposition to Plaintiff's Motion for Attorney Fees.* emphasis added.
[9] *See Box Elder County Defendants' Motion for Leave to File Overlength Memorandum in Opposition to Plaintiffs' Motion for Attorney Fees.*
[10] *See Id.*
[11] *See* Exhibit A to *Box Elder County Defendants' Motion for Leave to File Overlength Memorandum in Opposition to Plaintiffs' Motion for Attorney Fees*; *see also* Exhibit C to *Bron Rammell's Affidavit*
[12] *See* e.g.  Dkt. No. 111 ppg. 12 bullet 2 and compare billing records between 2/28/19 through 4/11/19

Furthermore, this puts Plaintiffs in an unfair and prejudicial position where they are expected to reply to numerous pages of additional argument in a week. It would take months to respond to Defendant's arguments and Plaintiff's counsel does not have the resources to do so in any reasonable amount of time and resources to adequately respond to each individual argument. It is unfairly prejudicial to Plaintiffs to allow Defendants to sneak such a large quantity of argument into their *Opposition* in this way. Accordingly, the Court should strike Exhibits A through C.

### B. The Exhibits Are Without Foundation.

Defendants have submitted over ninety pages of argument and factual assertions without providing any foundation. Federal rule of evidence 602 states that a witness may not testify until evidence has been provided to support a finding that the witness has personal knowledge of the matter of which he is testifying.[13] Additionally, Federal Rule of Civil Procedure 11 requires that every paper, pleading, and motion be signed by an attorney.[14]

If the substantive arguments in the Exhibits are not simply additional pages of the *Opposition*, then they should be considered as a supplemental or additional motion because the only new information they provide is argument and factual assertions. The problem is that there is no foundation whatsoever to show where this argument and unsupported fact came from. There is no affidavit stating that the person making said arguments and asserting said facts has any first hand knowledge or the standards used to prepare the document. Furthermore, there is no signature from an attorney, which means that the Court should strike the Exhibits pursuant to Federal Rule of Civil Procedure 11.

---

[13] F.R.E. 602.
[14] F.R.C.P. 11.

### C.  The Exhibits Are not Even Admissible as Demonstrative Exhibits.

Exhibits A-C should be considered 95 pages of additional argument which should be stricken from the record for being beyond the extended page limit. However, even if they were not merely ninety-five pages of additional substantive argument, they lack any foundation, authentication to be considered a demonstrative exhibit.

Federal Rule of Evidence 1006 allows a party to use a summary or chart to prove the content of voluminous writings when they cannot be conveniently examined in court.[15] However, the proponent of such a demonstrative exhibit must lay propper foundation.[16] Furthermore, the rule only allows a proponent to summarize the contents of a voluminous document, and not to add additional argument.[17] In fact, a chart or summary is inadmissible if it contains information which is not contained in the documents they summarize.[18]

In this case, Defendants have provided no affidavit or other means to lay foundation for how or who created the additional argument which was added to Plaintiffs' billing statements. More importantly, they have done nothing to summarize the billing statements, but instead have created many pages of additional argument. Even under the most liberal reading of F.R.E. 1006, Defendants' Exhibits A-C are inadmissible as demonstrative exhibits.

### D.  Document speaks for itself.

---

[15] F.R.E. 1006.
[16] *United States v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir. 1999)
[17]  *See* F.R.E. 1006; *see also United States v. Drougas*, 748 F.2d 8, 26 (1st Cir. 1984) (noting that the district court excluded demonstrative exhibits that contained "argumentative inferences intermingled with direct evidence.");
[18] *See Id.* citing *Standard Oil of California v. Moore*, 251 F.2d 188, 233 (9th Cir. 1957), *cert. denied*, 356 U.S. 975, 2 L. Ed. 2d 1148, 78 S. Ct. 1139 (1958); *see also  Pritchard v. Liggett and Myers Tobacco Co.*, 295 F.2d 292, 301 (3d Cir. 1961).

Finally, the billing statements speak for themselves. Plaintiffs attached said statements with the proper authentication and foundation so that the Court could make a determination on the reasonableness of the entries. The Court is able to do so without Defendants' added objections and arguments. These additions do nothing but create additional costs in the litigation. They serve no purpose in helping the Court review or analyze the billing entries. Therefore they should be stricken.

III. **CONCLUSION**

For the foregoing reasons, the Court should strike Dkt 111-1, 111-2, and 111-3.

DATED this 5th day of June, 2020.

*/s/ Andrew N. Hart*
ANDREW N. HART

CERTIFICATE OF SERVICE

    I certify that on this date a copy of the foregoing was served on the following named person(s) at the address(es) shown and in the manner indicated:

| | |
|---|---|
| R. Blake Hamilton | ☐ U.S. Mail |
| Ashley M. Gregson | ☐ Facsimile: |
| Durham Jones & Pinegar | ☐ Hand Delivered |
| 111 South Main Street, Suite 2400 | ☐ Email |
| Salt Lake City, UT 84111 | ☒ CM/ECF |
| bhamilton@djplaw.com | |
| agregson@djplaw.com | |

DATED this 5th day of June, 2020.

                                       */s/ Andrew N. Hart*
                                       ANDREW N. HART