Daniel L. Steele (6336)
Grant M. Sumsion (6445)
SUMSION STEELE & CRANDALL
2100 W. Pleasant Grove Blvd., Suite 250
Pleasant Grove, UT 84062
Telephone: (801) 426-6888
Email: dan@sumsionsteele.com
  grant@sumsionsteele.com

Bron Rammell (ID State Bar No. 4389)
Andrew Hart (ID State Bar No. 10714)
MAY, RAMMELL & WELLS, CHARTERED
216 W. Whitman St.
P.O. Box 370
Pocatello, Idaho 83204-0370
Telephone: (208) 233-0132
Email: bron@mrwlaw.net
Email: andrew@mrwlaw.net

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN and ATOATASI FOX,<br><br>Plaintiffs,<br><br>vs.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER, individually; JUSTIN ZILLES, individually; STEVEN BERRY, individually; Z. MOORE, individually; SHANE NEBEKER, individually; L. MAUGHAN, individually; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD, individually; DETECTIVE PATSY SHERMAN, individually; and JOHN and JANE DOES I-X, individually,<br><br>Defendants. | Case No. 1:18-cv-00156-DAK-CMR<br><br>**RESPONSE TO DEFENDANTS' RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT**<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

## I. INTRODUCTION

On January 18, 2020 Plaintiffs' counsel sent Defendants a letter by both mail and email letting them know that they had accepted their Offer of Judgment.[1] This letter contained a copy of the Acceptance of the Offer of Judgment ("Acceptance"). It also contained the language which Defendants now claim is deficient.[2] The letter informed Defendants that the Offer of Judgment and Acceptance would be filed shortly. At no point did Defendants respond or object that the Acceptance was deficient.

Both the Offer of Judgment and Acceptance were filed on January 23, 2020.[3] A judgment was entered seven weeks later on March 12, 2020.[4] Again Defendants did not object or call any alleged deficiency to Plaintiff's attention. Mr. McFarlin then settled his case with the Oneida County defendants.[5]

More than 18 weeks after Defendants received formal notice of the Acceptance of the offer of judgment, and eleven weeks after a judgment had been entered, Defendants objected to the Acceptance based on an accidental discrepancy in language which was readily apparent since January 18, 2020. Not only are the alleged grounds for Defendants' motion baseless, they cannot be allowed to object to the offer of judgment now, after being made aware of the alleged deficiency months ago.

## II. ARGUMENT: The Court Cannot Grant the Requested Relief under F.R.C.P. 60(b).

F.R.C.P. 60(b) allows a court to relieve a party from a judgment based on one of six enumerated grounds.[6] However, "[r]elief under Rule 60(b) is **extraordinary** and may only be

---

[1] Dkt. No. 86–88, 90–91.
[2] Dkt. No. 112 pg. 2.
[3] Dkt. No. 86-91.
[4] Dkt. No. 99.
[5] Dkt. No. 95.
[6] F.R.C.P. 60(b)(emphasis added)

granted in **exceptional circumstances**."[7] To prevail on a Rule 60(b) motion, a movant must first demonstrate: (1) the timeliness of the motion; (2) a meritorious defense; (3) a lack of unfair prejudice to the other party; **and** (4) that exceptional circumstances justify the relief.[8] Regret is not a valid basis for a Rule 60(b) motion.[9]

In this case, Defendants argue that the Rule 68 Settlement is void due to various arguments based in contract law, and therefore they should be granted relief under Rule 60(b)(1),(3),(4), and (6). However, the mere fact that a judgment contains an error does not mean that party may seek relief under Rule 60(b).[10]

In this case, Defendants do not qualify for relief under Rule 60(b) because their motion is untimely, it would be highly prejudicial to Plaintiffs to set aside the Judgment, there is no exceptional grounds to justify relief, the Rule 68 Settlement is not void, and Subsections 1, 3, 4, and 6 do not apply to this case.

### A. The Motion is Untimely

A motion made under Rule 60(b) must be timely.[11] A motion made under Rule 60(b)1–3 is not timely simply because it was filed within a year.[12] Rather, a Rule 60(b) motion must be filed within a reasonable amount of time; "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."[13] In this

---

[7] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).
[8] *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).
[9] *Martinez v. Red's Towing*, Civil Action No. 14-cv-00458-KLM, 2015 U.S. Dist. LEXIS 7837, at *11 (D. Colo. Jan. 23, 2015)
[10] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S. Ct. 1367, 1377 (2010).
[11] F.R.C.P. 60(c).
[12] *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990).
[13] *CSU v. Xerox Corp.*, 202 F.R.D. 275, 281 (D. Kan. 2001) quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986); *See also Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1068 (10th Cir. 1980).

case, even if Defendants' did somehow qualify for relief under Rule 60(b), their motion is clearly untimely.

Defendants argue they are entitled to relief because the Rule 68 settlement is void.[14] To support this argument, Defendants allege three facts: (1) that Plaintiffs rejected the Rule 68 offer; (2) that Plaintiffs acceptance was improper; and (3) that there was no meeting of the minds as to the material terms of the contract.[15] Defendants' claims are made without testimonial support.

While all three of Defendants' assertions will be addressed later, for the issue of timeliness, the Court should take note that all of these alleged facts were known, or should have been known, by the Defendants on January 18, 2020. It was on this date that Plaintiffs sent Defendants the written acceptance. It was also on this date that Plaintiffs made known to Defendants that they intended to file that acceptance. Defendants did not object.

The Court must also consider the unfair prejudice to the non-moving party both as a circumstance relating to timeliness, and an independent factor as to whether relief under Rule 60(b) may be granted.

### B. The Motion is Highly Prejudicial

The Court should consider the unfair prejudice to Plaintiffs if the Court were to set aside the Judgment. In conjunction with accepting Defendants' Offer of Judgment, Plaintiff Nehemiah McFarlin settled his remaining case with the Oneida County defendants. If litigation were to resume, Mr. McFarlin cannot undo his settlement with the other defendants. This is highly prejudicial to Mr. McFarlin, as Defendants would then have the benefit of having an "empty chair"

---

[14] Dkt. No. 112 pg. 4.
[15] *Id.* pg. 4–11.

defending against Defendants newly resurrected claims that any and all wrongful conduct was done by the Oneida County Defendants.

Further, as a result of settling this matter almost five months ago, the costs associated with restarting litigation, as well as identifying evidence and witnesses that have gone stale or are no longer as available will be substantial.[16] Plaintiffs will be extremely disadvantaged if they are required to resume litigating this matter after a five month hiatus.

Most importantly, all of these factors are even more unfair when one considers that Defendants waited four months to bring any of these objections before the Court. Had Defendants brought their objections earlier, Plaintiffs could have adjusted accordingly, with little undue prejudice. Defendants have engaged in an unnecessary delay to Plaintiffs' detriment. It would be unfair for the Court to reward this unreasonable behavior.

### C. The Rule 68 Settlement is not Void

The Rule 68 Agreement is not void pursuant to the principles of contract law.

#### 1. The Parties Agreed to All Material Terms

With or without the words "now accrued" in the Rule 68 Settlement Agreement, the Parties had a meeting of the mind regarding the material terms of the agreement. All agree that the "now accrued" language was part of the agreement. A Scrivener's error is not worthy of relief under Rule 60(b).[17] If the "now accrued" language matters, plaintiffs stipulate to and request a modification of the Judgment under F.R.C.P. 60(a).[18] That language, natural usage and its syntax

---

[16] Significant effort had been put in prior to settlement to identify witnesses and ensure they were accessible to investigators and for trial. This effort will all need to be duplicated, which is prejudicial to Plaintiffs.
[17] *See Hammoud v. Wands*, Civil Action No. 10-cv-00635-DME-KLM, 2010 U.S. Dist. LEXIS 129645, at *5 (D. Colo. Dec. 7, 2010): FRCP 60((a).
[18] *See Id.* at *6 indicating that this is the proper mechanism for fixing this type of error.

have an objective meaning, and Defendants cannot assert a subjective meaning to the language in order to create grounds for relief under Rule 60(b).[19]

Still, Defendants hinge their argument on Plaintiff's request for fees in preparation of their fee petition, and Plaintiffs have made it abundantly clear that they are not asking for post-offer fees because of the terms of the agreement/Judgment, but rather because they have a clearly established legal right to do so.[20] This right is independent of the agreement as Plaintiffs have also requested fees pursuant to 42 U.S.C. § 1988.[21] In multiple 10th Circuit cases, courts have held that a plaintiff may include the fees associated with obtaining the fees he is entitled to.[22] Allowing such fees, discourages a fee payer from engaging in "scorched earth tactics" to "dilute the value of the original award or force the recipient to abandon that award entirely."[23]

Based on syntax in Defendants' offer, the term "now accrued," only limits and applies to "interest." "The burden of clearly articulating the intended legal consequences of an Offer of Judgment rests with the defendant because the defendant is the master of the offer under Rule 68."[24] Had Defendants intended that the fees be limited to those then accrued, the Offer of Judgment would have either said "... the amount of $5,100, plus interest, attorney's fees and costs now accrued" or Defendants would have used a comma after the word " interest", thus reading: "... in the amount of $5,100, plus reasonable attorney fees, costs, and interest**,** now accrued." Defendants

---

[19] *See Cashner v. Freedom Stores, Inc.*,98 F.3d 572, 577–78 (10th Cir. 1996)(holding that a party may not seek relief under Rule 60(b) to avoid misunderstood consequences of a deliberate act).
[20] *See Case by Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1254 (10th Cir. 1998) ;*Orange Blossom P'Ship v. S. Cal. Sunbelt Developers, Inc*., 608 F.3d 456, 462-65 (9th Cir. 2010).
[21] *See* Dkt. No. 104 pg. 4.
[22] *See e.g. Case by Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1254 (10th Cir. 1998); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986); *Glass v. Pfeffer*, 849 F.2d 1261, 1266 (10th Cir. 1988).
[23] *Glass v. Pfeffer*, 849 F.2d 1261, 1266 (10th Cir. 1988).
[24] *Crux Subsurface, Inc. v. Black & Veatch Corp.*, No. 11-2053-EFM, 2011 U.S. Dist. LEXIS 134897, at *7 (D. Kan. Nov. 22, 2011); citing *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002).

did not make their subjective intent clear, and "now accrued" only applies to interest by common syntax.

### 2. The Acceptance did not Violate the Mirror Image Rule

It is not necessary that an acceptance mirror an offer word for word as long as it is substantially the same.[25] All that is needed is an objective manifestation of mutual assent by the parties to the material terms of the contract.[26] A manifestation of assent "may be made by words or by any other conduct."[27] Even when parties have a differing opinion on the meaning of terms in the agreement, this does not mean that there was no mutual assent.[28] Mutual assent is only absent when the parties know, or should have known, that the other attaches a different meaning to the term at the time of the formation.[29]

Plaintiffs did not then, nor do they now, disagree that the "now accrued" language is part of the agreement. Plaintiffs do disagree that the failure to include this language altered any material term of the agreement, however. Plaintiff's request for fees associated with their fee petition was independent of the offer of judgment and would have occurred whether the "now accrued" language had been included or not. Defendants' lack of any action to correct this error or object to a judgment being entered should be considered an objective manifestation of assent to the agreement as reduced in the acceptance and judgment. Defendants cannot come back four months after the fact, to argue that there was no meeting of the minds.

---

[25] *Crux Subsurface, Inc.*, No. 11-2053-EFM, 2011 U.S. Dist. LEXIS 134897, at *17 (D. Kan. Nov. 22, 2011).
[26] *Id.*; *see also Evans-Carmichael v. United States,* 250 F. App'x 256, 262 (10th Cir. 2007)(referring to New Mexico law); *Pub. Emples. Ret. Bd. v. Shalala*, 153 F.3d 1160, 1166 (10th Cir. 1998).
[27] *Id.* quoting Restat 2d of Contracts, § 3.
[28] *Crux Subsurface, Inc.*, No. 11-2053-EFM, 2011 U.S. Dist. LEXIS 134897, at *17 (D. Kan. Nov. 22, 2011).
[29] *Id.*

### 3. There Was no Counter Offer

Defendants correctly acknowledge that the 10th Circuit has not determined whether a counter offer made after a Rule 68 offer should be considered a rejection. However, other courts addressing the issue have held that a counteroffer is not a rejection of a Rule 68 offer.[30] In those cases, the courts generally recognize that a Rule 68 offer, by the language of Rule 68 itself, is irrevocable and can only be rejected by failure to accept within fourteen days.[31]

In this case, Plaintiffs did not reject or make a counter offer to Defendants' offer of judgment, in any event.[32] Had Plaintiffs made a counter offer, it certainly would have been made in a writing, and not simply in a phone call. Defendant's do not support their assertion by testimony; probably because such an averment would be dishonest. Plaintiff's counsel categorically denies that he ever made a counter offer to Defendants, or that he ever rejected the offer.[33]

Defendants cite *A.A. v. Goleta Unified School District* to support their assertion that a counter offer to an offer of judgment is a rejection.[34] In *A.A.*, when the plaintiff informed the defendant that it would accept the offer of judgment, the defendant immediately told plaintiff that it considered the offer to have already been rejected.[35] The defendant in *A.A.* did not sit silently on a claim that the offer had been rejected, and allow the plaintiff to file an acceptance of the offer.[36] Neither did it allow the court to enter a judgment and then wait an additional three months to inform

---

[30] *See e.g. Garayalde-Rijos v. Municipality of Carolina*, 799 F. 3d 45 (1st Cir. 2015);*Butler v. Smithfield Foods*, 179 F.R.D. 173, 175 (E.D.N.C. 1998).
[31] *Id.*
[32] *See* Dkt. No. 115-1, pgh 27–32.
[33] Dkt. No. 115-1, pgh 27-312.
[34] Dkt. No. 112 pg. 5.
[35] *A.A. v. Goleta Unified Sch. Dist.*, No. CV 15-06009 DDP (MRWx), 2016 U.S. Dist. LEXIS 101282, at *3 (C.D. Cal. Aug. 2, 2016).
[36] *See Id.*

Case No. 1:18-cv-00156-DAK-CMR- RESPONSE TO DEFENDANTS' RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT                                                                                                                      8

the court or the plaintiff that it intended to argue that the plaintiff had rejected the original offer of acceptance.[37]

### 4. Defendants are Estopped from now Challenging the Judgment

The Court should also find that Defendants are estopped from now challenging the validity of the parties' agreement. Defendants knew, or should have known, that the acceptance of the offer of judgment was missing the "now accrued" language. Plaintiff, McFarlin, relied on the agreement and settled and dismissed his claims against Oneida County. Defendants had months to object to the Acceptance and Judgment and still did not act. The Defendants acted in a way that demonstrates that they had no objection until they could see that Plaintiff's request for fees is supported by a number of local attorneys. Defendants should be estopped from asserting that the Rule 68 settlement is void months after they could have raised these same arguments.

**D.     Subsections 1, 3, 4, and 6 do not Apply**

Defendants cite *Stubblefield v. Windsor Capital Group* to support their argument that a Court may set aside a judgment under Rule 60(b) due to an allegedly invalid rule 68 agreement.[38] This case is not like *Stubblefield*, in that no clear grounds for relief under FRCP 60(b) have been alleged in this case, and in *Stubblefield* the Colorado district court found (likely erroneously)[39] that a misinterpretation of a term in a settlement agreement was a mistake justifying under F.R.C.P. 60(b)(1).[40] The 10th Circuit never made any ruling on whether the district court acted properly in vacating the judgment.[41] *Stubblefield* is not authority supporting Defendant's 60(b) motion.

---

[37] *See Id.*
[38] Dkt. No. 112 pg. 3.
[39] The District court's decision was never reviewed on appeal, but given the facts of that case, it seems likely that the court's Rule 60(b) order would run contrary to *Cashner v. Freedom Stores*, and other previously cited 10th Circuit authority that have held that a defendant is responsible for the consequences of ambiguities in their offer of judgment, and Rule 60(b) may not be used to escape the unintended consequences of such an offer.
[40] *Id.*
[41] *Id.*

Here, the Parties were in agreement about all of the material terms of the Agreement; there was a meeting of the minds. Both Parties made a mutual and objective manifestation of assent to the terms of the agreement, and no Party has attempted to change those terms. Defendants do not meet any of the criteria which would entitle them to relief under F.R.C.P. 60(b).

### 1. There Is No Mistake, Surprise, Inadvertance, or Excusable Neglect.

Rule 60(b)(1) allows a party to move for relief for judgment in instances of mistake, inadvertence, surprise, or excusable neglect.[42] However, this rule does not provide relief for a party "who simply misunderstands the legal consequences of his deliberate acts."[43] It is definitely not permissible to allow a party to inoke Rule 60(b)(1) to "evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous.[44] Furthermore, the moving party needs to demonstrate that the mistake did not result from its own conduct.[45]

Defendants had the written notice of Plaintiffs' Acceptance of the Offer of Judgment since January 18, 2020. At that time they had the opportunity to review the exact language of the Acceptance. Defendants later received notice of the Judgment that Plaintiffs intended to submit. They again had the opportunity to review and object to any deficiency or inaccuracy they felt existed. Once the Judgment was entered on March 12, 2020 , they again had the opportunity to review and object to the language in the acceptance, or bring this motion at that time. Defendants waited until eleven weeks later before filing a motion to set aside the judgment. To this day they

---

[42] F.R.C.P. 60(b)(1).
[43] *Rodgers v. Wyo. AG*, 205 F.3d 1201, 1206 (10th Cir. 2000).
[44] *United States CFTC v. Kratville*, 796 F.3d 873, 896 (8th Cir. 2015)
[45] *See Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *see also Weinman v. Kelley (In re Kelley)*, 703 F. App'x 668, 670-72 (10th Cir. 2017).

Case No. 1:18-cv-00156-DAK-CMR- RESPONSE TO DEFENDANTS' RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT 10

have not submitted any affidavit or declaration that there was any mistake, surprise, inadvertence or excusable neglect that was so severe they should be relieved of the consequences of the judgment.

### 2. There Is No Newly Discovered Evidence

To obtain relief under Rule 60(b)(2), the moving party must demonstrate that: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result."[46]

Defendants argue that the fact that Plaintiffs' asked for post-offer fees is newly discovered evidence. However, this is simply not the case. Plaintiffs have asked for limited post-offer fees, but this is completely independent of whether the "now accrued" language was included in the Acceptance and Judgment. Additionally, Defendant's alleged evidence is not material. As has been addressed, even if the "now accrued" language had been included, it would not have applied to Plaintiffs' attorney's fees, but only to the interest on the judgment.

### 3. The Judgment Is not Void.

A Judgment that is incorrect, is not "void" as that term is used in Rule 60(b).[47] Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[48] In this case, Defendants have not argued that the judgment is void, but

---

[46] *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011).
[47] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S. Ct. 1367, 1377 (2010).
[48] *Id.*

rather that the **agreement** itself is void. They certainly have not alleged any error that would cause the Judgment to be "void" as that term is used in Rule 60(b)(4).

DATED this 9th day of June, 2020.

/s/ Bron Rammell
BRON RAMMELL

CERTIFICATE OF SERVICE

I certify that on this date a copy of the foregoing was served on the following named person(s) at the address(es) shown and in the manner indicated:

| R. Blake Hamilton | ☐ U.S. Mail |
| Ashley M. Gregson | ☐ Facsimile: |
| Durham Jones & Pinegar | ☐ Hand Delivered |
| 111 South Main Street, Suite 2400 | ☐ Email |
| Salt Lake City, UT 84111 | ☒ CM/ECF |
| bhamilton@djplaw.com | |
| agregson@djplaw.com | |

DATED this 9th day of June, 2020.

/s/ Bron Rammell
BRON RAMMELL