R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
Ryan M. Stephens (16336)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com
rstephens@djplaw.com

ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH NORTHERN DIVISION

| | |
|---|---|
| NEHEMIAH MCFARLIN, and ATOATASI FOX,<br><br>                    Plaintiffs,<br><br>v.<br><br>BOX ELDER COUNTY; BOX ELDER COUNTY SHERIFF'S OFFICE; ADAM WALKER; JUSTIN ZILLES; SHANE NEBEKER; STEVEN BERRY; Z. MOORE; L. MAUGHAN; ONEIDA COUNTY; ONEIDA COUNTY SHERIFF'S OFFICE; SHERIFF JEFF SEMRAD; DETECTIVE PATSY SHERMAN; JOHN AND JANE DOES I-X,<br><br>                    Defendants. | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT**<br><br>(Oral Argument Requested)<br><br>Civil No.: 1:18-cv-00156-DAK<br><br>Judge Dale A. Kimball |

Pursuant to DUCivR 7-1, Defendants Box Elder County, Box Elder County Sheriff's

Office, Sergeant Steven Berry, Detective Zachary Moore, and Lawrence Maughan

("Defendants"), hereby submit this Reply Memorandum in Support of their Rule 60(b) Motion for Relief from Judgment.

## ARGUMENT

There is only one issue the Court needs to decide to determine whether the parties formed a valid Rule 68 agreement. That issue is whether Defendants' Rule 68 offer was ambiguous. Defendants argue that their Rule 68 offer unambiguously cut off Plaintiffs' ability to collect all post-offer fees, including fees for work on Plaintiffs' fee petition. If Defendants are correct, and their offer was unambiguous, then there was never a valid Rule 68 agreement. This is because Plaintiffs admit that they never accepted those terms of the Rule 68 offer. Thus, there was never a meeting of the minds. And because the Court cannot hold the parties to a contract they never made, the absence of a valid agreement supporting the entry of judgment presents exceptional circumstances justifying relief under Rule 60(b).

## I.     THE PARTIES NEVER HAD A MEETING OF THE MINDS.

Plaintiffs' own arguments demonstrate that there was never a meeting of the minds. Plaintiffs argue that the language of the Rule 68 offer *does not* prevent them from collecting post-offer fees for work on their fee petition.[1] Whereas, Defendants argue that the language of their Rule 68 offer *does* prevent Plaintiffs from collecting those fees. As long as Defendants' Rule 68 offer was not ambiguous, this disagreement shows that there was never a meeting of the minds.

---

[1] Pls.' Reply at 19 (Dkt. No. 115); Pls.' Mot. for Attorney Fees at 26 (Dkt. No. 104); *See* Pls.' Opp. at 6 (Dkt. No. 117)(arguing that Plaintiffs are entitled to some post-offer fees despite the "now accrued" language in the Rule 68 offer).

In tacit recognition of this fact, Plaintiffs argue that they are entitled to fees as a matter of law, separate from the Rule 68 agreement. But this argument is unavailing. The fact that Plaintiffs are arguing that they are entitled to post-offer fees *at all* demonstrates that when they accepted Defendants' offers, they did not contemplate the fact that the Rule 68 offers prevented them from collecting post-offer fees. Thus, the relevant issue is whether the Rule 68 offer unambiguously cut off Plaintiffs' ability to collect all post-offer fees. If it did, then it is undisputed that Plaintiffs never accepted those terms of the Rule 68 offer, there was never a meeting of the minds, and there was never a valid Rule 68 agreement to justify entering judgment against Defendants.

A.   **The terms of the offer unambiguously cut off Plaintiffs' ability to collect all post-offer fees.**

Although Plaintiffs recognize that the Rule 68 offer only offered to pay attorney's fees up to the date of the offer, they continue to argue that the language of the Rule 68 offer does not prevent them from collecting post-offer fees for preparing their fee petition. But when a plaintiff accepts a Rule 68 offer for fees "now accrued," that agreement unambiguously cuts off a plaintiff's right to collect costs and fees after the offer. This includes any fees for drafting a fee petition.

As demonstrated in Defendants' Motion, several cases support the fact that a Rule 68 settlement agreement for attorney's fees *now accrued* explicitly precludes a plaintiff from post-offer fees. *See Holland v. Roeser,* 37 F.3d 501, 504 (9th Cir. 1994) (stating a Rule 68 agreement that includes the term "'[c]osts now accrued' clearly limits costs to those that accrued prior to the offer."); *Said v. Virginia Commonwealth Univ./Med. Coll. of Virginia*, 130 F.R.D. 60, 64 (E.D.

3

Va. 1990) (holding that the plaintiff was not entitled to fees for 11 hours of work spent on his fee petition after the offer of judgment was made because the Rule 68 agreement was for "costs accrued to this date."); *Jones v. Federated Dep't Stores*, 527 F. Supp. 912, 921 (S.D. Ohio 1981) (the court declined to grant fees for work done on the attorney's fees issue because the language of the settlement offer explicitly excluded as "costs," post-settlement attorneys' fees). Plaintiffs' request for a fee award is based on Defendants' Rule 68 offer, which only allowed for costs, fees, and interest "now accrued." Thus, Defendants' Rule 68 offer cut off Plaintiffs from any claim to post-offer fees.

Plaintiffs claim that they have a "clearly established legal right" to post-offer fees for preparing and briefing their fee petition.[2] Despite this claim, Plaintiffs do not cite a single case in support of that right. Instead, Plaintiffs only cite cases where there was no Rule 68 agreement in place. Defendants agree that if there is no Rule 68 agreement, then there is nothing that would prevent Plaintiffs from obtaining fees for work done on their fee petition. But in this case there is a Rule 68 offer. And the terms of that offer unambiguously cut off Plaintiffs' right to collect all post-offer fees.

**B.**     **Plaintiffs' own arguments demonstrate that the offer was not ambiguous.**

Plaintiffs did not address any of the cases Defendants cited in support of their claim that the "now accrued" language cuts off Plaintiffs' right to post-offer fees related to their fee petition. Instead, Plaintiffs argue that the "now accrued" language in Defendants' Rule 68 offer

---

[2] Pls.' Opp. at 6.

only applies to "interest."[3] This is because Defendants listed "interest" last in their offer to pay "reasonable costs, attorney's fees, and interest[…]" But this argument is contradicted by every other argument Plaintiffs have made about the meaning of the Rule 68 offer. Plaintiffs have consistently argued that they knew the offer was for fees accrued up through the date of the offer. That is why Plaintiffs Motion for Attorney Fees claims to only request fees up through the date they received the offer.[4] This shows there was no ambiguity in the fact that the "now accrued" language applied to all of the costs, including attorney's fees. Thus, Plaintiffs' claim that the offer was ambiguous because of "syntax" is contradicted by their own arguments.

Both case law and Plaintiffs' own arguments demonstrate that Defendants' Rule 68 offer unambiguously offered to pay reasonable attorney's fees "now accrued." Despite the language in the offer, Plaintiffs' admit that they did not accept the offer on those terms. Plaintiffs' argue they accepted a different offer, an offer that would still allow them to collect post-offer attorney's fees as a matter of law.[5] The fact that Plaintiffs accepted a different offer is also supported by Plaintiffs removal of the "now accrued" language from their acceptances, whether intentional or not, and their continued attempt to collect fees that are prohibited by Defendants' Rule 68 offer. Thus, as long as Defendants' Rule 68 offer unambiguously cut off Plaintiffs' right to collect fees for work done on the fee petition, it is undisputed that Plaintiffs did not accept those terms of the offer, the parties never had a meeting of the minds, and the Rule 68 agreement is void.

---

[3] *Id.*
[4] Pls.' Reply at 19 (Dkt. No. 115); Pls.' Mot. for Attorney Fees at 26 (Dkt. No. 104).
[5] *See* Pls.' Reply at 19-20 (Dkt. No. 115); Pls.' Mot. for Attorney Fees at 12 (Dkt. No. 104).

**II.     DEFENDANTS ARE ENTITLED TO RELIEF FROM JUDGMENT UNDER RULE 60(b).**

Plaintiffs argue that the Court cannot grant a Rule 60(b) motion under any of the enumerated grounds for relief found in Rule 60(b). This limited view of the Court's authority is not based in law. Rule 60(b)(6) even allows courts to provide relief from judgment for "any other reason that justifies relief." But Court's will typically use Rule 60(b)(1) to grant relief from a judgment that is based on an invalid Rule 68 agreement. This is because it is a mistake to enter a judgment when there was never a Rule 68 agreement. *See Crux Subsurface, Inc. v. Black & Veatch Corp.*, No. 11-2053-EFM, 2011 WL 5868315, at *2, 5 (D. Kan. Nov. 22, 2011)(holding that there was a valid Rule 68 agreement, but stating that if the "acceptance was not a mirror image of the Offer [then] the Court's entry of judgment must be vacated as a mistake under Rule 60(b)[(1)]"); *Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 993 (10th Cir. 1996)(declining to exercise jurisdiction over the appeal but recognizing that the district court granted the defendant's Rule 60(b)(1) motion because the plaintiff's acceptance of the Rule 68 offer violated the mirror image rule). Because Defendants' Rule 60(b) motion presents exceptional circumstances, Defendants filed it within a reasonable amount of time, and granting the motion would not be overly prejudicial to Plaintiffs, the Court should grant Defendants' Rule 60(b) motion if it finds that there was never a valid Rule 68 agreement.

**A.     <u>This case presents exceptional circumstances that require relief under Rule 60(b).</u>**

Plaintiffs claim that Defendants have not demonstrated "exceptional circumstances" justifying relief under Rule 60(b). This case, however, does present exceptional circumstances.

6

When a plaintiff's acceptance does not mirror the terms of the offer, there is no binding Rule 68 agreement. Under those circumstances courts consistently decline to enforce the judgment. *See Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 993 (10th Cir. 1996)(recognizing that the district court granted the defendant's Rule 60(b) motion because the plaintiff's acceptance of the Rule 68 offer violated the mirror image rule); *Medina v. Hous.Auth. of San Miguel Cty.*, 974 F.2d 1345 (10th Cir. 1992) (Rule 68 offer of judgment could not be enforced because the acceptance was inconsistent with the offer.); *Radecki v. Amoco Oil Co.,* 858 F.2d 397, 403 (8th Cir. 1988)(Reversing the district court's entry of judgment when the acceptance of the Rule 68 offer violated the mirror image rule. Also stating that the court "cannot hold the parties to a contract they never made [and] the parties must approach the settlement question anew.") Plaintiffs have not cited a single case where a court decided to enforce a Rule 68 Offer of Judgment despite the absence of a valid Rule 68 agreement. Thus, the prospect of enforcing a judgment against Defendants without a valid Rule 68 agreement is an exceptional circumstance warranting relief under Rule 60(b).

### B.     Defendants' Rule 60(b) Motion is timely.

Defendants' motion is timely because it was filed within a reasonable time as required by Rule 60(b). Plaintiffs argue that Defendants should have been aware of Plaintiffs' violation of the mirror image rule at the time Plaintiffs purportedly accepted the offer. This is because Plaintiffs' notices of acceptance did not include the crucial "now accrued" language. But Defendants were not fully aware of the facts supporting their motion for relief under Rule 60(b) until Plaintiffs filed their motion for attorney's fees on April 29, 2020 and requested post-offer

fees for work on their fee petition. At that time it became apparent that Plaintiffs never accepted

Defendants' offer. Since there were interrelated legal issues between Defendants' Rule 60(b)

Motion and their Opposition to Plaintiffs' Motion for Attorney Fees, Defendants' filed both their

Rule 60(b) Motion and their Opposition on the same day, May 29, 2020. Plaintiffs have failed to

show that waiting thirty days to file a Rule 60(b) motion is unreasonable.

C.   **Granting Defendants' Motion would not be "extremely prejudicial" to Plaintiffs.**

Plaintiffs claim that granting the Rule 60(b) motion would be "extremely prejudicial."

Their main argument to support this claim is that McFarlin settled with Oneida County after

Plaintiffs served their purported notices of acceptance on Box Elder County. Plaintiffs claim that

if the Court grants the Rule 60(b) motion, that Defendants will be able to use the "empty chair"

defense at trial because Plaintiffs settled all of their claims with Oneida County. But Defendants

do not need to apportion blame to the "empty chair" to defend against Plaintiffs' claims. The

issue of whether Box Elder County had probable cause is independent from the issue of whether

Oneida County had probable cause.[6] And if Plaintiffs survive Defendants' motion for summary

judgment and end up going to trial, the Court has discretion to limit Defendants' use of an

"empty chair" defense. *See Harte v. Burns*, No. 13-2586-JWL, 2020 WL 777207, at *3, n. 4 (D.

Kan. Feb. 18, 2020).

Plaintiffs also claim that granting the Rule 60(b) motion would be "extremely

prejudicial" because evidence has "gone stale." But Plaintiffs did not provide any examples, and

Defendants are not aware of any evidence that could have possibly "gone stale" in just a few

---

[6] *See* Defs.' Opp. to Pls.' Mot. for Attorney Fees at 7-9 (Dkt. No. 111).

months. Finally, plaintiffs claim they have had to "identify witnesses and ensure they were accessible to investigators for trial" [and that] "this effort will all need to be duplicated."[7] Plaintiffs do not say what witnesses they would have to re-identify. But even if they did have to duplicate some effort, there is no explanation for why it would be "extremely prejudicial." To the extent that Plaintiffs are complaining they already spent money preparing for trial that they will have to spend again, they chose to take on that risk knowing trial was a long way off. When Defendants made their Rule 68 offer the parties were still in the middle of discovery, Defendants' motion for judgment on the pleadings was pending, and none of the parties had submitted a motion for summary judgment.

Although Plaintiffs argue it would be prejudicial to grant the Rule 60(b) motion, it would be more prejudicial towards Defendants for the Court to enforce a judgment when there was never a valid Rule 68 agreement in the first place. With Plaintiffs' new affidavit, they have now requested over 18,000 dollars in post-offer costs and fees for work done on their petition. Defendants never contemplated or bargained for paying those fees. In fact, their Rule 68 offer was meant to prevent such a request. Enforcing a judgment on terms that the parties never agreed to would by extremely prejudicial to Defendants. Thus, if the Court finds that there was never a valid Rule 68 agreement, it should grant Defendants' request for relief from the judgment.

---

[7] Pls.' Opp. at 5, n. 16.

## <u>CONCLUSION</u>

For the above reasons and the reasons argued in Defendants' Motion, Defendants respectfully request that the Court grant their Rule 60(b) motion and vacate the entry of judgment against Defendants.

**DATED this 23rd day of June, 2020.**

**DURHAM JONES & PINEGAR, P.C.**

/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
Ryan M. Stephens
ATTORNEYS FOR BOX ELDER
COUNTY DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing document was served this 23rd day of June, 2020, via electronic filing upon the following:

Daniel L. Steel (6336)
Grant M. Sumsion (6445)
SUMSION STEELE & CRANDALL
545 E. University Parkway, Suite 200
Orem, Utah 84097
Telephone: (801) 426-6888
dan@sumsionsteele.com
grant@sumsionsteele.com

Bron Rammell
MAY RAMMELL & WELLS
216 W. Whitman St.
Pocatello, ID 83204
bron@mrtlaw.net


/s/ Melani Thatcher
Paralegal

11