IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NEHEMIAH McFARLIN and ATOATASI FOX,<br><br>Plaintiffs,<br><br>vs.<br><br>BOX ELDER COUNTY et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:18-CV-00156-DAK<br><br>Judge Dale A. Kimball |

### INTRODUCTION

This matter is before the court on Plaintiffs' Motion to Set Aside Judgement and Satisfaction of Judgment pursuant to Fed. R. Civ. P. Rule 60. (ECF No. 125.) After carefully considering the memoranda, prior court orders, and the law and facts relating to this motion, the court issues the following Memorandum Decision and Order.

### BACKGROUND

On September 9, 2020, the court issued a Memorandum Decision and Order (ECF No. 122) (the "Previous Order"). In this Previous Order, the court found that Plaintiffs were the prevailing party and entitled to $135,218.22 in costs and fees after the court made many reductions from the amount requested by Plaintiffs. (ECF No. 122.) While the court was careful in its analysis, it was not as careful as it should have been in its math or in checking Plaintiffs' math in their request. Thus, the court made a handful of clerical errors. Upon discovering these errors, Plaintiffs filed the instant motion. Defendants opposed this motion, arguing that errors in

1

the court's Previous Order were not clerical mistakes and that amending the judgment would not reflect the court's intent as expressed in the Previous Order.

While the court is sympathetic to the position in which an amended judgment would place Defendants, the court respectfully disagrees with their arguments. The court clearly made mathematical errors and it will make the necessary corrections. With that being the case, the court apologizes to the parties for the added time and expense that the parties have incurred because of the court's errors.

## DISCUSSION

A court may "correct a clerical mistake arising from an oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The court may do so on motion or on its own, with or without notice." *Id.* This "power to amend its records to correct inadvertent mistakes is an inherent power of the courts." *Allied Materials Corp. v. Superior Prod. Co.*, 620 F.2d 224, 226 (10th Cir. 1980) (citations omitted).

As noted above, the court made mathematical errors in its Previous Order. Upon reviewing Plaintiffs' Motion for Fees (ECF No. 104), the court noticed that there are also some inconsistencies in the values originally claimed by Plaintiffs. The court will reconcile these differences below. Additionally, in their instant motion, Plaintiff misinterpreted the court's Previous Order in a few minor ways. The court will address these errors where relevant. With that in mind, the court—in an attempt to be as clear and accurate as possible—will walk through: (A) Plaintiffs' original request for fees; (B) the court's intended deductions from its Previous Order; and (C) a recalculation of the costs and fees.

A. **Original Request for Costs & Fees**

The following table is a summary and visual guide to Plaintiffs' original request for fees. The numbers are drawn from Mr. Rammell's affidavit. (ECF No 104 at 19–30.)

| Fees & Costs Requested by Plaintiffs (ECF No. 104 at 19–30) | | | |
|---|---|---|---|
| Name or Description | Rate | Hours | Total |
| Mr. Rammell's Fees | $425 | 330.1 | $140,292.50 |
| Mr. Hart's Fees | $175 | 317.9 | $55,632.50 |
| Mr. May's Fees | $200 | 4.8 | $960.00 |
| Mr. Brown's Fees | $195 | 2.1 | $409.50 |
| Mr. Thompson's Fees | $250 | 1 | $250.00 |
| Mr. Steele's Fees | $375 | 14.4 | $5,400.00 |
| Mrs. Rhodes' Fees | $110 | 1.9 | $209.00 |
| Mr. Rammell's Post-Acceptance Fees (ECF No. 104 at 30) | $425 | 9.8 | $4,165.00 |
| Mr. Rammell's Post-Acceptance Costs (ECF No. 104 at 30, ¶30) | | | $4,500.00 |
| Mr. Steele's Costs (ECF No. 104-1 at 26, ¶ 25) | | | $1,164.00 |
| Deposition Travel (ECF No. 104-1 at 23, ¶ 19) | | | $2,124.50 |
| Travel Costs for Defendant Fox ((ECF No. 104-1 at 23, ¶ 19) | | | $478.83 |
| Filing Fees (ECF No. 104-1 at 22, ¶ 17) | | | $855.00 |
| Taxable Costs (ECF No. 104-1 at 22, ¶ 17) | | | $6371.01 |
| Box Elder Service Fees (ECF No. 104-1 at 22, ¶ 17) | | | $59.00 |
| *Pro Hac* Fee (ECF No. 104-1 at 22, ¶ 17) | | | $250.00 |
| **TOTAL** | | | **$223,120.84** |

The court notes that the total listed in the above table is different from the number Plaintiffs' claimed in its Motion and Memorandum in Support for Award of Attorney Fees (ECF No. 104 at 13) and from the amount claimed in that motion's exhibits (ECF No. 104 at 30.) In the Conclusion of their Memorandum, Plaintiffs requested a "sum of $225,595.84."[1] (ECF No. 104 at 13.) In Mr. Rammell's Exhibit, the total is listed at $222,595.84.[2] (ECF No. 104 at 30, ¶ 40.) This is also different from adding the costs and fees (totaling $228,259.84[3]) in the court's

---

[1] This number appears to simply be the result of a typo.
[2] It appears that Plaintiffs miscalculated Mr. Steele's fees. 14.4 hours at a $375 rate is $5,400, not $4,875. (ECF No. 104 at 26–27, 54.)
[3] This number comes from adding Plaintiffs' stated total fees (ECF No. 104 at 9) their stated costs. (ECF No. 104 at 13.) This number is incorrect because it captures some costs twice.

Previous Order and then used by Plaintiffs in their Motion to Set Aside Judgement. (ECF No. 125 at 8.) The court is unsure of how some of these discrepancies occurred—it similarly cannot fault the parties for these discrepancies seeing that the court also made mathematical errors. Nonetheless, the court finds that the $223,120.84 listed above is the correct total. The court adopts this number because the math is easily traceable and clearly demonstrated in Plaintiffs' exhibit. (ECF No. 104 at 19–30.) Accordingly, $223,120.84 will be the point from which the court begins its deductions in Section C.

**B. Itemized Reductions from the Previous Order**

As stated before, the court stands by its logic and reasoning—and not its math—from its Previous Order. For ease in understanding and to ensure that the court has done its math correctly, each deduction made in the Previous Order is itemized below and the page from the Previous Order is noted. The court will first clarify the hour reductions since that is where the bulk of the errors occurred.[4] Then, the court will list the cost and other miscellaneous deductions.

| Mr. Rammell | Hours Reduced | Page of Order |
|---|---|---|
| | 1.8 | 14 |
| | 0.5 | 15 |
| Fee Attributable to Other Defendants | 1 | 15 |
| | 1.1 | 15 |
| | 8.3 | 15 |
| | 0.3 | 17 |
| | 2.3 | 17 |
| | 2.5 | 17 |
| Vague, Clerical, or Not Fairly Billed | 1.1 | 18 |
| | 0.7 | 18 |
| | 0.3 | 18 |
| | 3 | 18 |
| | 0.3 | 18 |
| **Total** | **23.2 Hours Reduced** | |

---

[4] The court notes that its mathematical errors resulted from capturing too many cells in its Excel Spreadsheet. Now that those errors have been fixed, the hour reductions should match the court's reasoning included in its Previous Order.

| Mr. Brown | Hours Reduced | Page of Order |
|---|---|---|
| Vague, Clerical, or Not Fairly Billed | 0.4 | 18 |
| | 0.6 | 18 |
| | 0.2 | 18 |
| | 0.1 | 19 |
| **Total** | **1.3 Hours Reduced** | |

| Mr. Steele | Hours Reduced | Page of Order |
|---|---|---|
| Post-Acceptance Fees | 0.8 | 7 |
| Vague, Clerical, or Not Fairly Billed | 0.5 | 18 |
| | 0.4 | 18 |
| **Total** | **1.7 Hours Reduced** | |

| Mr. Hart | Hours Reduced | Page of Order |
|---|---|---|
| Fee Attributable to Other Defendants | 0.6 | 15 |
| Vague, Clerical, or Not Fairly Billed | 0.8 | 16 |
| | 0.1 | 16 |
| | 0.1 | 16 |
| | 0.8 | 16 |
| | 0.2 | 16 |
| | 0.5 | 16 |
| | 1 | 17 |
| | 1 | 17 |
| | 3 | 17 |
| | 1.2 | 17 |
| | 0.5 | 17 |
| | 4 | 17 |
| Excessive or Duplicative | 14.3 | 20 |
| | 10.5 | 20 |
| **Total** | **38.6 Hours Reduced** | |
| **5% Reduction** 317.9 Claimed Hours – 38.6 Hours Deducted by Court = 279.3 Hours  279.3 Hours * 0.95 = 265.3 Hours  317.9 Claimed Hours – 265.3 Corrected Total = **52.6 Hours Reduced** | | |

The following are the costs or fees that were reduced or eliminated in the Previous Order:

| Description | Amount | Page of Order |
|---|---|---|
| Post-Acceptance Costs | $4,500.00 | 7 |
| Vague, Clerical, or Not Fairly Billed | $28.90 | 19 |
| | $15.56 | 19 |
| | $10.00 | 19 |
| | $4.46 | 19 |
| | $23.68 | 19 |
| | $40.58 | 19 |
| | $3.21 | 19 |
| Excessive or Duplicative | $259.25 | 20 |
| Double Recovery Fees | $10,000.00 | 21 |
| Double Recovery Costs | $5,000.00 | 21 |
| Mr. Rammell's Post-Acceptance Fees | $4,165.00 | 7 |
| **Total** | **$24,051** | |

## C. Recalculation

Now that the court has itemized each reduction in hours and costs, it may summarize each deduction in a single table below to produce the new, correct total. The court reiterates that the deductions will begin with the $223,120.84 from the first table contained in this Order and not the $228,259.84 from Plaintiffs' Motion. (ECF No. 125 at 11.)

Before getting to the summary, the court wishes to point out that Plaintiffs have misinterpreted the court's Previous Order or have based their math upon the court's incorrect math. Specifically, Plaintiffs incorrectly apply the 10% reduction to only the fees, where the court clearly made its 10% reduction to the overall costs and fees award. (ECF No. 125 at 12.) Additionally, and as noted above, the Previous Order relied upon an improper total value of costs and fees. Plaintiffs, in following the court's Previous Order, made the same mistake when they calculated the new total in their Motion to Set Aside Judgment. (ECF No. 125 at 11.) These errors, and other, smaller errors, have been corrected in the Recalculation Table below:

| Description | Rate | New Hours | Original Amount Requested | Corrected Total | Reduction[5] Beginning with $223,120.84 |
|---|---|---|---|---|---|
| **Recalculation Table** | | | | | |
| Mr. Rammell's Fees | $375[6] | 306.9 (23.2-hour reduction) | $140,292.50 | $115,087.50 | $25,205.00 |
| Mr. Hart's Fees | $175 | 265.3 (52.6-hour reduction)[7] | $55,632.50 | $46,427.50 | $9,205.00 |
| Mr. May's Fees | $200 | 4.8 | $960.00 | $960.00 | 0 |
| Mr. Brown's Fees | $195 | 0.8 (1.3-hour reduction) | $409.50 | $156.00 | $253.50 |
| Mr. Thompson's Fees | $250 | 1 | $250.00 | $250.00 | 0 |
| Mr. Steele's Fees | $375 | 12.7 (1.7-hour reduction) | $5,400.00 | $4,762.50 | $637.50 |
| Mrs. Rhodes' Fees | $1.9 | 110 | $209.00 | $209.00 | 0 |
| **Costs** | | | -- | -- | -- |
| Deposition Travel | | | $2,124.50 | $2,124.50 | 0 |
| Travel Costs for Defendant Fox | | | $478.83 | $478.83 | 0 |
| Filing Fee | | | $855.00 | $855.00 | 0 |
| Taxable Costs | | | $6,371.01 | $6,371.01 | 0 |
| Mr. Steele's Costs | | | $1,164.00 | $1,164.00 | 0 |
| *Pro Hac* Fee | | | $250.00 | $250.00 | 0 |
| Box Elder Defendants Service Cost | | | $59.00 | $59.00 | 0 |
| Improper Costs Reduction | | | -- | -$385.64 | $385.64 |
| Post-Acceptance Costs | | | $4,500.00 | 0 | $4,500.00 |
| Post-Acceptance Fees | | | $4,165.00 | 0 | $4,165.00 |
| Double Recovery Fee Reduction | | | -- | -$10,000.00 | $10,000.00 |
| Double Recovery Cost Reduction | | | -- | -$5,000.00 | $5,000.00 |
| **TOTALS** | | | $223,120.84 | $163,769.20[8] Reduction of $59,351.64 | |
| **Additional 10% Reduction** ($163,769.20* 0.9) **$147,392.28** | | | | | |

---

[5] This number is the Original Amount Requested minus the Corrected Total.
[6] Mr. Rammell's hourly rate is the only rate that the court reduced. (ECF No. 122 at 13.)
[7] This number includes the 5% reduction already, as shown in the table above.
[8] The court notes that Plaintiffs calculated this number to be $168.828.70. (ECF No. 125 at 12.) The difference between Plaintiffs' number and the court's number is almost entirely explained by the court beginning its deductions from $223,120.84 and Plaintiffs beginning their deductions from the incorrect $228,259.84.

As demonstrated in the Recalculation Table above, Plaintiffs under the Previous Order would have been entitled to a total of $147,392.28 in costs and fees.

The court, however, is somewhat persuaded by Defendants' argument that the court's Previous Order made a downward adjustment to the $150,242.47 (under the recalculation here, that is the $163,769.20 figure).[9] The court, however, is unsure what sort of downward adjustment it would have made had the reductions resulted in an award of $163,769.20 because, as Plaintiffs note, the court did not ballpark a figure and work backward from that point. At this point, the court cannot rid itself of any potential bias that the Previous Order's final figure may now be placing on the court's analysis. That being said, the court concluded—and stands by its conclusion—that the $135,218.22 was reasonable given Plaintiffs' level of success. Thus, the court, in an attempt to be fair, consistent, and completely transparent, will not ignore the $135,218.22 figure from the Previous Order.

With the Previous Order's deductions and reasoning in mind, the court will reduce the newly calculated $147,392.28 to **$145,218.22** (a $2,174.06 reduction). This **$145,218.22** equates to a 13% reduction from the $163,769.20 figure calculated above and is $10,000 more than the Previous Order's total. The court chooses this figure because it still captures an appropriate downward adjustment to account for Plaintiffs' level of success while simultaneously giving Plaintiffs the benefit of recovering fees and costs that the court mistakenly eliminated.

---

[9] The court made the 10% reduction in the Previous Order "to ensure that the [overall award] [was] reasonable in relation to the level of Plaintiffs' success in vindicating the alleged civil rights violations." (ECF No. 122 at 25–26.) The court also expressed some concern that one party would pay three times the total amount recovered from all three Defendants combined (ECF No. 122 at 25.)

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Set Aside the Judgment (ECF No. 125) is GRANTED. Furthermore, the court hereby sets aside the Satisfaction of Judgment (ECF No. 124) and the Amended Judgement (ECF No. 123.) The court will enter a Second Amended Judgement which will entitle Plaintiffs to **$145,218.22**—which is **$10,000** more than the total from the Previous Order[10] and Amended Judgment. (ECF No. 122, 123.) Once Defendants have paid the additional $10,000 to Plaintiffs, the parties can file a new satisfaction of judgment.

DATED this 16th day of February, 2021.

_____
DALE A. KIMBALL
United States District Judge

---

[10] This Order should also be considered as an amendment to the math contained in the Previous Order.